## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WALTER BECK CORPORATION d/b/a THE RAINBOW INN, | ) ) ) | CIVIL DIVISION |
| Plaintiff, | ) ) | Civil Action No. 04-348 - Erie |
| vs. | ) ) ) | JUDGE MAURICE B. COHILL, JR. |
| SAFECO CORPORATION, AMERICAN ECONOMY INSURANCE COMPANY, and AMERICAN STATES INSURANCE COMPANY, | ) ) ) ) ) | |
| Defendants. | ) ) | |

## PLAINTIFF WALTER BECK CORPORATION'S FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS DIRECTED TO DEFENDANTS

Plaintiff, Walter Beck Corporation ("Beck"), by and through its undersigned counsel, hereby serves this First Set of Interrogatories and Request for Production of Documents Directed to Defendants, Safeco Corporation, American Economy Insurance Company, and American States Insurance Company (collectively "Safeco"). Pursuant to the Federal Rules of Civil Procedure, within thirty (30) days of the date of service, Safeco is required to respond to these interrogatories in writing and under oath, and to provide the documents requested herein, at the offices of Meyer, Unkovic & Scott LLP, 1300 Oliver Building, Pittsburgh, Pennsylvania 15222, or at such other location as may be agreed upon by the parties.

These interrogatories and requests for production of documents are continuing in nature, so as to require supplemental responses if Safeco, or anyone acting on Safeco's behalf, obtains further information between the time responses are served and the time of trial.

Exhibit A

## INSTRUCTIONS

The following instructions apply to this discovery request:

1.     In responding to this discovery request, Safeco is requested to furnish all information and documents known or available to them regardless of whether such information and documents are directly in its possession or that of its employees, agents, representatives, attorneys, or experts.  As Safeco is a corporation, this discovery request includes production of all information and responsive documents in the possession, custody or control of its officers, employees, agents, servants, representatives, attorneys, or other persons directly or indirectly employed or retained by it, or anyone else acting on its behalf or otherwise subject to its control, and any merged, consolidated, or acquired predecessor or successor, parent, subsidiary, division or affiliate.

2.     If any requested document is no longer in the possession, custody or control of Safeco, then you must state the following:

a)          what was done with the document;

b)          when such document was created;

c)          the identity and address of the current custodian of the document;

d)          the person who made the decision to transfer or dispose of the document; and

e)          the reasons for the transfer or disposal.

3.     If any of the discovery requests cannot be answered fully and completely, Safeco shall respond to the extent possible, specifying the reasons for its inability to answer the remainder and stating the substance of their knowledge, information and belief concerning the subject matter of the unanswered portion.  Such a statement shall include the steps taken to locate any responsive

documents or the requested information.

4.    If anything has been deleted from a document produced in response to this discovery request, then Safeco must specifically identify:

      a)        the nature of the material deleted;

      b)        the reason for the deletion; and

      c)        the person responsible for the deletion.

5.    If objection is made to producing any document, or any portion thereof, or to disclosing any information contained therein on the basis of any claim of privilege, Safeco must specify in its response the nature of such information and documents, along with the nature of the privilege claimed, so that the Court may rule on the propriety of the objection.  Specifically, Safeco should state the following:

      a)        the title of the document;

      b)        the nature of the document;

      c)        the author or sender;

      d)        the addressee;

      e)        the date of the document;

      f)        the name of each person to whom the original or a copy was shown or circulated;

      g)        the name appearing on any circulation list relating to the document;

      h)        the basis upon which privilege is claimed; and

      i)        a summary statement of the subject matter of the document in sufficient detail to permit the court to rule on the propriety of the objection.

6.      Wherever appropriate in this discovery request, the singular form of a word shall include their plural.  Likewise, words used in the plural shall also be taken to mean and include the singular.

7.      Wherever a masculine pronoun or possessive adjective appears, reference is made to both male and female persons, as appropriate.

8.      These discovery requests shall be deemed continuing so as to require supplemental responses if Safeco or anyone on its behalf obtains additional information and/or documents between the time the responses are served and the termination of any trial on the matters alleged in this action.

## DEFINITIONS

The following definitions will apply to this discovery request:

1.      "Any" shall be understood to include and encompass "all".

2.      "Concerning" includes, without limitation, constituting, referring to, alluding to, responding to, relating to, connected with, commenting upon, in respect to, about, regarding, discussing, showing, describing, reflecting or analyzing.

3.      As used herein, the word "document" means any kind of written or graphic matter, however produced or reproduced, of any kind or description, whether sent or received or neither, including originals, copies and drafts and both sides thereof, and including but not limited to:  papers, books, accounts, letters, photographs, objects, correspondence, telegrams, cables, telex messages, memoranda, notes, notations, work papers, transcripts, notes, e-mail messages, minutes or reports of telephone or other conversations, or of interviews, or of

conferences, or of directors' meetings, or of committee meetings or of other meetings, inter- or intra- office communications, inter- or intra-departmental communications, resolutions, certificates, opinions, reports, studies, analyses, evaluations, contracts, licenses, agreements, ledgers, journals, books or records of account, summaries or accounts, balance sheets, interim statements, budgets, receipts, invoices, desk calendars, appointment books, diaries, lists, tabulations, summaries, sound recordings, computer tapes, magnetic tapes, microfilms, punch cards, all other records kept by electronic, photographic, xerographic or mechanical means, and things similar to any of the foregoing however denominated.

4.    A request in this discovery to "identify" a writing or document is a request for the following information:

(a)    a description of the document, including its subject matter;
(b)    the names of the persons who received it;
(c)    its date;
(d)    any identifying number or code; and
(e)    the name of the present custodian of the document and when he or she obtained possession of such document.

5.    A request in this discovery to "identify" a communication is a request for the following information:

(a)    the date of the communication;
(b)    identification of the person who made the communication;
(c)    identification of the person(s) who received the communication; and
(d)    an identification of any document concerning the communication.

6.    A request in this discovery to "identify" an event or occurrence is a request for the following information:

(a)    the date of the event or occurrence;
(b)    the general nature of the event or occurrence (e.g., conversation, meeting, sale);
(c)    the place of the event or occurrence;

<ul>
<li>(d)    the identity of the participants in the event or occurrence;</li>
<li>(e)    the identity of each person having knowledge of the event or occurrence; and</li>
<li>(f)    the identity of all documents evidencing the event or occurrence.</li>
</ul>

7.    A request in this discovery to "identify" a person is a request for the following information:

<ul>
<li>(a)    his or her full name and all other names by which he or she may be known;</li>
<li>(b)    his or her current business address and telephone number or, if unknown, his or her last known business address and telephone number;</li>
<li>(c)    his or her present residential address and telephone number or, if unknown, his or her last known residential address and telephone number; and</li>
<li>(d)    his or her present occupation, position and business affiliation, or, if unknown, his or her last known occupation, position and business affiliation.</li>
</ul>

8.    The term "Safeco" as used herein refers to Defendants Safeco Corporation, American Economy Insurance Company, and American States Insurance Company, their officers, directors, attorneys, investigators, agents, employees, and other representatives.

9.    The term "Beck" as used herein refers to Walter Beck Corporation, its officers, directors, agents, employees, and other representatives.

10.    The term "The Rainbow Inn" refers to the restaurant known as the Rainbow Inn formerly located at Route 59, Marshburg, McKean County, Pennsylvania 16735.

11.    "You" and "your" refers to Safeco.

12.    "Litigation" refers to the present action docketed in the United States District Court for the Western District of Pennsylvania at Civil Action No. 04-348.

13.    The term "Policy" refers to the "Ultra Series Package Policy" issued to Beck by Safeco, numbered 02CC771900, and providing coverage for the period of April 23, 2003 to April 23, 2004.

14.    The term "Fire" refers to the incident occurring on December 5, 2003 in which the Rainbow Inn and its contents were destroyed by fire.

## INTERROGATORIES

1.    Identify any and all insurance policies issued to Beck by Safeco or any subsidiary or affiliate of Safeco.

**ANSWER:**

2.    Identify any and all insurance policies issued by Safeco concerning, relating to, and/or providing insurance coverage for Beck's property or business and/or the Rainbow Inn.

**ANSWER:**

3.     Identify any and all reasons, bases, facts, documents, and/or arguments concerning and/or allegedly supporting Safeco's refusals to indemnify Beck and/or provide coverage for losses sustained as a result of the Fire.

**ANSWER:**

4.    Identify each and every employee, agent, and/or representative of Safeco, including the name, address, and position/title of each person identified, who possesses or has acquired knowledge or information concerning Safeco's reasons, defenses, and/or justifications for denying Beck's claims for coverage under the Policy.

**ANSWER:**

5.    Identify any and all documents reviewed and/or relied upon in making your decision to refuse to indemnify Beck and/or provide coverage for losses sustained as a result of the Fire.

**ANSWER:**

6.    Identify each and every employee, agent, and/or representative of Safeco, including the name, address, and position/title of each person identified, who made and/or reviewed the recommendation to deny Beck's claims under the Policy for losses suffered as a result of the Fire.

**ANSWER:**

7.    Identify the date upon which Safeco made its decision to refuse to indemnify Beck and/or provide coverage for losses sustained as a result of the Fire.

**ANSWER:**

8.    From the date of the Fire through the date identified in your previous response ("the investigation period"), please describe and/or identify:

a.    any investigation of Beck's claims undertaken by Safeco, its agents, representatives, and/or employees;

b.    any individuals involved in the investigation of Beck's claims during the investigation period;

c.    any document(s) reviewed during the course of the investigation, the date upon which each document was reviewed, and the individual(s) who reviewed each document; and

d.    any individuals and/or witnesses interviewed during the course of the investigation, the date of such interview, and the name, address, and title/position of the interviewer.

**ANSWER:**

9.      Identify each and every instance in which Safeco and/or a representative or agent of Safeco visited and/or inspected the Rainbow Inn.  For each such instance, please identify:

    a.    the person's last known address;

    b.    the person's employer at the time he/she visited and/or inspected the Rainbow Inn;

    c.    the person's current employer;

    d.    the person's job title at the time he/she visited and/or inspected the Rainbow Inn;

    e.    the person's current job title;

    f.    the person's immediate supervisor at the time he/she visited and/or inspected the Rainbow Inn;

    g.    the date upon which the person visited and/or inspected the Rainbow Inn;

    h.    the purpose of each such visit or inspection; and

    i.    any documents concerning such visit or inspection.

**ANSWER:**

10.    Identify all persons involved in reviewing, investigating, assessing, evaluating, and/or considering Beck's claims under the Policy and/or the Fire, including for each such person:

    a.    the person's last known address;

    b.    the person's employer at the time he/she was involved in reviewing, investigating, assessing, evaluating, and/or considering Beck's claims under the Policy and/or the Fire;

    c.    the person's current employer;

    d.    the person's job title at the time he/she was involved in reviewing, investigating, assessing, evaluating, and/or considering Beck's claims under the Policy and/or the Fire;

    e.    the person's current job title;

    f.    the person's immediate supervisor at the time he/she was involved in reviewing, investigating, assessing, evaluating, and/or considering Beck's claims under the Policy and/or the Fire; and

    g.    the dates or range of dates upon which the person was involved in reviewing, investigating, assessing, evaluating, and/or considering Beck's claims under the Policy and/or the Fire.

**ANSWER:**

11.    Identify each and every employee, agent, and/or representative of Safeco, including the name, address, and position/title of each person identified, who possesses or has acquired knowledge or information concerning the facts and/or circumstances concerning Beck, the Rainbow Inn, the Fire, Beck's claims for coverage under the Policy, and/or the Litigation.

**ANSWER:**

12.    Identify each and every instance in which, the manner in which, the date on which, and by whom "the Defendants were advised by the Plaintiff that a fire suppression system had been removed and never reinstalled in the subject premises" as alleged in paragraph 9 of the Amended Answer and Affirmative Defenses.

**ANSWER:**

13.     Identify each and every fact and document concerning or that you contend supports your allegation in paragraph 16 of the Amended Answer and Affirmative Defenses that "Plaintiff has failed to perform all of its obligations under the policy allegedly issued to it by the American Economy Insurance Company."

**ANSWER:**

560183.1

14.    Identify each and every fact and document concerning or that you contend supports your allegation in paragraph 17 of the Amended Answer and Affirmative Defenses that "Plaintiff negligently or intentionally failed to disclose, concealed or misrepresented facts, which were material and were known by the Plaintiff to be material to the risks allegedly undertaken by the Defendants for the purpose of inducing the Defendants to issue the subject policy."

**ANSWER:**

15.     Identify the net worth of (a) Safeco Corporation; (b) American Economy Insurance Company; and (c) American States Insurance Company.

**ANSWER:**

16.     Identify all persons who assisted or provided information used in answering these interrogatories, and identify each interrogatory for which each such person assisted or provided information.

**ANSWER:**

17.     <u>EXPERT WITNESSES:</u> If you intend to call an expert witness at trial, kindly identify:

    a.    the name, address and telephone number of each such expert witness;

    b.    the subject matter as to which each such expert witness is expected to testify and any documents relating thereto;

    c.    the substance of the facts and opinions to which each expert is expected to testify and a summary of the grounds for each opinion, including any text materials relied upon, and any documents relating thereto including a copy of each expert's report; and

    d.    the educational background, field of expertise, professional experience, publications, membership in professional societies, employment experience and court appearances (including citations) of each of the expert witnesses identified in your preceding Answers to Interrogatories, and any documents relating thereto.

**ANSWER:**

## DOCUMENT REQUESTS

**Please produce the following documents:**

1.     All documents concerning, identified in, and/or requested to be identified in the preceding interrogatories.

2.     All documents relied upon in preparing your answers to the preceding interrogatories.

3.     All documents concerning Beck, the Rainbow Inn, and/or the Fire.

4.     Any and all documents concerning Safeco's reasons, defenses, and/or justifications for denying Beck's claims for coverage under the Policy.

5.     Any and all documents concerning, generated by or utilized in any investigation of Beck's claims by Safeco, its agents, representatives, and/or employees.

6.     All documents concerning or related to Safeco's answers to the preceding interrogatories.

7.     All documents relating to, concerning, and/or allegedly supporting the statements, allegations and contentions in Safeco's pleadings in this Litigation.

8.     All documents concerning or supporting any defenses asserted or intended to be asserted by Safeco in this action against the claims asserted by Beck.

9.     All claims files or documents concerning Beck, the Rainbow Inn, and/or the Fire.

10.     All documents concerning Beck's claims for coverage under the Policy.

11.     All e-mails or other electronic communications or documents concerning Beck, the Rainbow Inn, the Fire, Beck's claims for coverage under the Policy, and/or the Litigation.

12.     All documents concerning communications and/or correspondence between Safeco and Beck.

13.     All documents concerning communications and/or correspondence between Safeco and any person or entity concerning Beck, the Rainbow Inn, the Fire, Beck's claims for coverage under the Policy, and/or the Litigation.

14.     All subpoenas issued by Safeco and/or its counsel concerning Beck, the Rainbow Inn, the Fire, Beck's claims for coverage under the Policy, and/or the Litigation.

15.     All underwriting files and documents concerning the Policy, any insurance policy issued by Safeco, its subsidiaries, and/or affiliated companies to Beck, and/or any insurance policy issued by Safeco, its subsidiaries, and/or affiliated companies concerning the Rainbow Inn.

16.     All documents concerning communications and/or correspondence between and/or among Safeco, its employees, managers, agents, and/or representatives concerning Beck, the Rainbow Inn, the Fire, Beck's claims for coverage under the Policy, and/or the Litigation.

17.     All documents concerning communications and/or correspondence between Safeco and any person or entity concerning the Policy and/or coverage provided under the Policy.

18.     Any and all documents which you intend to introduce as exhibits at the trial of this Litigation.

19.     All documents concerning the allegations of Safeco's pleadings filed in this Litigation.

20.     Any claims manuals utilized by and/or available to Safeco and/or its employees, managers, agents, and/or representatives concerning the processing and/or handling of claims for losses resulting from fire or property damage claims.

21.     Any documents concerning any of Safeco's claim investigation guidelines or procedures.

22.     Any documents concerning any attempts by Safeco (successful or otherwise) to obtain information concerning Beck or the Rainbow Inn prior to the Fire.

23.     Any documents concerning Safeco's net worth.

24.     Any documents concerning your contention in paragraph 9 of the Amended Answer and Affirmative Defenses that "the Defendants were advised by the Plaintiff that a fire suppression system had been removed and never reinstalled in the subject premises."

25.     Any documents concerning your contention in paragraph 16 of the Amended Answer and Affirmative Defenses that "Plaintiff has failed to perform all of its obligations under the policy allegedly issued to it by the American Economy Insurance Company."

26.     Any documents concerning your contention in paragraph 17 of the Amended Answer and Affirmative Defenses that "Plaintiff negligently or intentionally failed to disclose, concealed or misrepresented facts, which were material and were known by the Plaintiff to be material to the risks allegedly undertaken by the Defendants for the purpose of inducing the Defendants to issue the subject policy."

27.     A privilege log.

MEYER, UNKOVIC & SCOTT LLP

By: _____
        Richard T. Victoria
        Pa. ID.# 76681
        *rtv@muslaw.com*
        Joshua R. Lorenz
        Pa. ID # 84397
        *jrl@muslaw.com*
        1300 Oliver Building
        Pittsburgh, PA 15222
        Phone: (412) 456-2800
        Fax: (412) 456-2864
        *Attorneys for Plaintiff*

560183.1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the within Plaintiff Walter Beck

Corporation's First Set of Interrogatories and Request for Production of Documents Directed to

Defendants was served upon counsel of record via electronic and U.S. mail, postage prepaid, this

8th day of July, 2005, addressed as follows:


Stephen J. Poljak, Esq.
Marshall, Dennehey, Warner, Coleman & Goggin
US Steel Tower, Suite 2900
600 Grant Street
Pittsburgh, PA 15219
*spoljak@mdwcg.com*


Joshua R. Lorenz