IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WALTER BECK CORPORATION d/b/a THE RAINBOW INN,<br><br>           Plaintiff,<br>vs.<br><br>SAFECO CORPORATION, AMERICAN ECONOMY INSURANCE COMPANY, and AMERICAN STATES INSURANCE COMPANY,<br><br>           Defendants. | CIVIL DIVISION<br><br>Civil Action No. 04-348 - Erie<br><br>JUDGE MAURICE B. COHILL, JR.<br><br>**ELECTRONICALLY FILED** |

### JOINT MOTION TO EXTEND DISCOVERY DEADLINE AND AMEND CASE MANAGEMENT ORDER

Plaintiff and Defendants, by their undersigned counsel, hereby move to amend the Case Management Order to enlarge the time for discovery and to extend the current pretrial. In support thereof, Plaintiff and Defendants aver as follows:

1. This case involves a dispute regarding insurance coverage for Plaintiff's business, which was destroyed by a fire.

2. On June 8, 2005, this Court entered a Case Management Order setting forth the following pretrial deadlines: Discovery deadline of 1/13/06; Motions filed no later than 2/1/06; Responses to motions due no later than 2/22/06; Plaintiff's Pretrial Statement due no later than 3/1/06; and case shall be called for trial in late spring, 2006. See Exhibit 1, Case Management Order.

3. Following the entry of the Case Management Order, Plaintiff and Defendants have engaged in written discovery.

4. Specifically, on or about July 8, 2005, Plaintiff served Defendants with Plaintiff Walter Beck Corporation's First Set of Interrogatories and Request for Production of Documents.

Having not received responses to these discovery requests, Plaintiff filed a Motion to Compel Discovery on October 3, 2005 and Order was entered compelling responses to these requests on or before November 11, 2005. On November 8, 2005, Plaintiff received responses to its written discovery requests.

5. The Plaintiff expected and intends to take additional third-party discovery based, at least in part, upon the responses provided by the Defendants.

6. At the same time Defendants served their discovery responses, Defendants also served document requests and deposition notices upon the Plaintiff. Subsequent to the service of these materials, Defendants advised that the depositions, originally scheduled for December 16, 2005, would have to be postponed and requested to take the depositions during the last two weeks of December. However, given the holiday season, the requested deponents are not available during these two weeks. Additionally, Plaintiff's counsel has advised the Defendants' counsel that it may be necessary to take one or more depositions in Florida to accommodate the deponents, who are represented by Plaintiff's counsel, but who contend that they are not parties to this action in their individual capacities. The parties have not reached an agreement on the date or location of depositions, but intend to attempt to do so.

7. Also during the discovery period, the Plaintiff undertook the somewhat lengthy process of securing investigative reports relating to the fire from both the Pennsylvania State Police and the U.S. Department of Justice, Bureau of Alcohol, Tobacco, and Firearms.

8. Plaintiff expects that, now that it has received written discovery responses from the Defendants and the reports from the State Police and the ATF, the depositions of several party and third-party witnesses will be necessary to investigate certain facts directly relevant to the insurance coverage issues present in this case.

9. Additionally, depending upon the course of the depositions already noticed, the Defendant may require additional depositions, including those of third-parties regarding certain insurance coverage and damage issues.

10. Given the time previously needed to secure responses to written discovery, the schedules of the parties and their counsel, and the inherent uncertainty associated with attempting to coordinate and take third-party discovery and depositions, it is anticipated that an extension of the current discovery and pretrial deadlines of approximately five months is needed in order for the parties to effectively pursue discovery in this matter and/or otherwise defend and prosecute this matter.

11. Thus, the parties request that the Case Management Order be amended as set forth in the proposed order.

WHEREFORE, Plaintiff and Defendants respectfully request that this Court enter an Order in the form attached hereto amending the Case Management Order.

Respectfully submitted,

| MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN | MEYER, UNKOVIC & SCOTT LLP |
|---|---|
| By: Stephen J. Poljak /RTV<br>Stephen J. Poljak<br>Pa. I.D.#49720<br>spoljak@mdweg.com | By: /s/ Richard T. Victoria<br>Richard T. Victoria<br>Pa. I.D.#76681<br>rtv@muslaw.com<br>Joshua R. Lorenz<br>Pa. I.D.#84397<br>jrl@muslaw.com |
| Suite 2900, 600 Grant Street<br>Pittsburgh, PA 15219<br>(412) 803-1140<br>Fax: (412) 803-1188 | 1300 Oliver Building<br>Pittsburgh, PA 15217<br>(412) 456-2800<br>Fax: (412) 456-2864 |
| Counsel for Defendants | Counsel for Plaintiff |