AO 88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT

__WESTERN__    DISTRICT OF    __PENNSYLVANIA__

### SUBPOENA IN A CIVIL CASE

WALTER BECK CORPORATION d/b/a THE RAINBOW INN,
Plaintiff,

V.

SAFECO CORPORATION, AMERICAN ECONOMY
INSURANCE COMPANY, and AMERICAN STATES
INSURANCE COMPANY,
Defendants.

Case Number:[1] 04-348-Erie

TO: SUNDAHL & CO., INC. T/D/B/A
SUNDAHL & CO. INSURANCE
723 East Main Street
Bradford, PA 16701

This subpoena is invalid, and imposes no duty on the person served to appear anywhere, if it was not served together with the fees for one day's attendance and mileage. FURTHER, this subpoena imposes no duty on anyone to produce documents or things at his or her own expense.

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See attached Exhibit "A".

| PLACE  Meyer, Unkovic & Scott LLP, 1300 Oliver Builidng, Pittsburgh, PA 15222 | DATE AND TIME<br>May 25, 2006 |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE FOR PLAINTIFF OR DEFENDANT)<br>*[signature]*   Counsel for Plaintiff | DATE<br>May 4, 2006 |
|---|---|
| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER<br>Richard T. Victoria | Meyer, Unkovic & Scott LLP<br>1300 Oliver Building<br>Pittsburgh, PA  15222    (412) 456-2860 |

(See Rule 45, Federal Rules of Civil Procedures, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | May 8, 2006 | 723 East Main Street<br>Bradford, PA 16701 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Sundahl & Co., Inc.<br>Ms. Marta McHale  (Corp. Secretary) | Hand Delivery At 9:03 AM |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Mark R. Butina | Process Server/ Owner |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on: May 8, 2006

*Mark R. Butina* (signature)
SIGNATURE OF SERVER

P.O. Box 302, Warren, PA 16365
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less that 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## EXHIBIT A

**Please produce the following documents in accordance with the Subpoena to which this request is attached and the Instructions and Definitions set forth below:**

1. All documents concerning Beck, the Rainbow Inn, and/or the Fire.

2. All documents concerning any inspection of the Rainbow Inn by Safeco, Sundahl or any other person or entity.

3. All documents concerning Safeco's reasons, defenses, and/or justifications for denying Beck's claims for coverage under the Policy relating to the Fire.

4. All documents concerning, generated by or utilized in any investigation of Beck's claims relating to the Fire by Safeco, its agents, representatives, and/or employees.

5. All documents concerning, generated by, or utilized in any investigation of Beck's claims relating to the Fire by Sundahl, its agents, representatives, and/or employees.

6. All claims files concerning Beck, the Rainbow Inn, and/or the Fire.

7. All documents concerning any claims for coverage under the Policy.

8. All e-mails or other electronic communications or documents concerning Beck, the Rainbow Inn, the Fire, Beck's claims for coverage under the Policy, and/or the Litigation.

9. All underwriting files and documents concerning the Policy, any insurance policy issued to Beck, and/or any insurance policy concerning the Rainbow Inn.

10. All documents concerning communications and/or correspondence between Safeco and Beck.

11. All documents concerning communications and/or correspondence between Sundahl and Beck.

12. All documents concerning communications and/or correspondence between Safeco and any

person or entity, including Sundahl, concerning Beck, the Rainbow Inn, the Fire, Beck's claims for coverage under the Policy, and/or the Litigation.

13. All documents concerning communications and/or correspondence between Sundahl and any person or entity concerning Beck, the Rainbow Inn, the Fire, Beck's claims for coverage under the Policy, and/or the Litigation.

14. All documents concerning communications and/or correspondence between and/or among Sundahl, its employees, managers, agents, and/or representatives concerning Beck, the Rainbow Inn, the Fire, Beck's claims for coverage under the Policy, and/or the Litigation.

15. All documents concerning communications and/or correspondence between Safeco and any person or entity concerning Beck, the Rainbow Inn, the Fire, Beck's claims for coverage under the Policy, and/or the Litigation.

16. All documents concerning communications and/or correspondence between and/or among Safeco, its employees, managers, agents, and/or representatives concerning Beck, the Rainbow Inn, the Fire, Beck's claims for coverage under the Policy, and/or the Litigation.

17. All claims manuals utilized by and/or available to Safeco and/or its employees, managers, agents, and/or representatives concerning the processing and/or handling of claims for losses resulting from fire or property damage claims.

18. All documents concerning any of Safeco's claim investigation guidelines or procedures relevant to Beck's claim for coverage under the Policy relating to the Fire.

19. Any documents concerning any attempts by Safeco (successful or otherwise) to obtain information concerning Beck or the Rainbow Inn prior to the Fire.

20. All claims manuals utilized by and/or available to Sundahl and/or its employees, managers, agents, and/or representatives concerning the processing and/or handling of claims for

losses resulting from fire or property damage claims relevant to claims made under Safeco policies.

21. All documents concerning any of Sundahl's claim investigation guidelines or procedures relevant to Beck's claim for coverage under the Policy relating to the Fire.

22. All documents concerning any attempts by Sundahl (successful or otherwise) to obtain information concerning Beck or the Rainbow Inn prior to the Fire.

23. All documents concerning the Rainbow Inn's security system and/or fire suppression system.

24. To the extent any documents are withheld based upon a claim of privilege, a privilege log identifying any documents withheld as requested in the Instructions below.

## INSTRUCTIONS

The following instructions apply to this discovery request:

1. In responding to this discovery request, please furnish all information and documents known or available to them regardless of whether such information and documents are directly in its possession or that of its employees, agents, representatives, attorneys, or experts. This discovery request includes production of all information and responsive documents in the possession, custody or control of its officers, employees, agents, servants, representatives, attorneys, or other persons directly or indirectly employed or retained by it, or anyone else acting on its behalf or otherwise subject to its control, and any merged, consolidated, or acquired predecessor or successor, parent, subsidiary, division or affiliate.

2. If any requested document is no longer in your possession, custody or control, please state the following:

    a) what was done with the document;
    b) when such document was created;
    c) the identity and address of the current custodian of the document;
    d) the person who made the decision to transfer or dispose of the document;

-3-

and

e) the reasons for the transfer or disposal.

3. If any of the discovery requests cannot be answered fully and completely, please respond to the extent possible, specifying the reasons for its inability to answer the remainder and stating the substance of their knowledge, information and belief concerning the subject matter of the unanswered portion. Such a statement shall include the steps taken to locate any responsive documents or the requested information.

4. If anything has been deleted from a document produced in response to this discovery request, then please specifically identify:

   a) the nature of the material deleted;
   b) the reason for the deletion; and
   c) the person responsible for the deletion.

5. If objection is made to producing any document, or any portion thereof, or to disclosing any information contained therein on the basis of any claim of privilege, please specify the nature of such information and documents, along with the nature of the privilege claimed, so that the Court may rule on the propriety of the objection. Specifically, please state the following:

   a) the title of the document;
   b) the nature of the document;
   c) the author or sender;
   d) the addressee;
   e) the date of the document;
   f) the name of each person to whom the original or a copy was shown or circulated;
   g) the name(s) appearing on any circulation list relating to the document;
   h) the basis upon which privilege is claimed; and
   i) a summary statement of the subject matter of the document in sufficient detail to permit the court to rule on the propriety of the objection.

6. Wherever appropriate in this discovery request, the singular form of a word shall include their plural. Likewise, words used in the plural shall also be taken to mean and include the singular.

7. Wherever a masculine pronoun or possessive adjective appears, reference is made to both male and female persons, as appropriate.

8. These discovery requests shall be deemed continuing so as to require supplemental responses if you obtain additional information and/or documents between the time the responses are served and the termination of any trial on the matters alleged in this action.

## DEFINITIONS

The following definitions will apply to this discovery request:

1. "Any" shall be understood to include and encompass "all".

2. "Concerning" includes, without limitation, constituting, referring to, alluding to, responding to, relating to, connected with, commenting upon, in respect to, about, regarding, discussing, showing, describing, reflecting or analyzing.

3. As used herein, the word "document" means any kind of written or graphic matter, however produced or reproduced, of any kind or description, whether sent or received or neither, including originals, copies and drafts and both sides thereof, and including but not limited to: papers, books, accounts, letters, photographs, objects, correspondence, telegrams, cables, telex messages, memoranda, notes, notations, work papers, transcripts, notes, e-mail messages, minutes or reports of telephone or other conversations, or of interviews, or of conferences, or of directors' meetings, or of committee meetings or of other meetings, inter- or intra- office communications, inter- or intra-departmental communications, resolutions, certificates, opinions, reports, studies, analyses, evaluations, contracts, licenses, agreements, ledgers, journals, books or records of account, summaries or accounts, balance sheets, interim statements, budgets, receipts, invoices, desk calendars, appointment books, diaries, lists, tabulations, summaries, sound recordings, computer tapes, magnetic tapes, microfilms, punch cards, all other records kept by electronic, photographic, xerographic or mechanical means, and things similar to any of the foregoing however denominated.

4. The term "Safeco" as used herein refers to Safeco Corporation, American Economy Insurance Company, and American States Insurance Company, and their officers, directors, attorneys, investigators, agents, employees, and/or other representatives.

5. The term "Beck" as used herein refers to Harold Beck, Sharon Beck, and Walter

-6-

Beck Corporation, its officers, directors, agents, employees, and other representatives.

6. The term "The Rainbow Inn" refers to the restaurant known as the Rainbow Inn formerly located at Route 59, Marshburg, McKean County, Pennsylvania 16735.

7. "Sundahl," "you," and "your" refer to Sundahl & Co. Inc., Sundahl & Co., Inc. t/d/b/a Sundahl & Co. Insurance, Sundahl & Co. Insurance, Inc., and their officers, directors, attorneys, investigators, agents, employees, and/or other representatives.

8. "Litigation" refers to the action docketed in the United States District Court for the Western District of Pennsylvania at Civil Action No. 04-348.

9. The term "Policy" refers to the "Ultra Series Package Policy" issued to Beck by Safeco, numbered 02CC771900, and providing coverage for the period of April 23, 2003 to April 23, 2004.

10. The term "Fire" refers to the incident occurring on December 5, 2003 in which the Rainbow Inn and its contents were destroyed by fire.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the within Subpoena was served upon counsel of record via U.S. mail, postage prepaid, this 4th day of May, 2006, addressed as follows:

Stephen J. Poljak, Esq.
Marshall, Dennehey, Warner, Coleman & Goggin
US Steel Tower, Suite 2900
600 Grant Street
Pittsburgh, PA 15219

Richard T. Victoria