## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WALTER BECK CORPORATION d/b/a THE RAINBOW INN, | ) CIVIL ACTION<br>)<br>) No. 04-348 - ERIE |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| SAFECO CORPORATION, AMERICAN ECONOMY INSURANCE COMPANY and AMERICAN STATES INSURANCE COMPANY, | )<br>)<br>)<br>) |
| | ) |
| Defendants. | ) |

### AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S

### COMPLAINT

AND NOW, come the Defendants, Safeco Corporation, American Economy Insurance Company and American States Insurance Company by their attorneys, Marshall, Dennehey, Warner, Coleman & Goggin and pursuant to this Court's Case Management Order sets forth the following Amended Answer and Affirmative Defenses to the Plaintiff's Complaint, and avers as follows:

1.     After a reasonable investigation, the Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraphs 1, 2, 10, and 19. The same are therefore denied and strict proof thereof is demanded.

2.     The averments set forth in paragraph 3 are admitted.

3.     The averments set forth in paragraphs 4, 5, 15, and 17 are denied.

Exhibit 2

4.       The averments set forth in paragraphs 6, 7, 20, 22, and 25 contain conclusions of law to which no responsive pleading is required. To the extent a response is deemed necessary, and further to the extent the averments in said paragraphs are intended to allege or imply any liability upon the Defendants, said averments are denied.

5.       The averments set forth in paragraph 8 are admitted in part and denied in part. It is admitted that American Economy Insurance Company issued an insurance policy to the Plaintiff, Policy No. 02CC771900 with a policy period of April 23, 2003 to April 23, 2004. All remaining averments contained in paragraph 8 are denied. It is specificallly denied that the other two defendants issued any policy to the plaintiff.

6.       The averments set forth in paragraph 13 are admitted in part and denied in part. It is admitted that the Plaintiff provided American Economy Insurance Company with notice of the alleged losses sustained in the fire. All remaining averments contained in paragraph 13 are denied.

7.       The averments set forth in paragraph 14 are admitted in part and denied in part. It is admitted that the Plaintiff made a demand upon American Economy Insurance Company for insurance coverage under the applicable policy. It is denied that American Economy Insurance Company had any contractual obligations to the Plaintiff pursuant to the terms of the policy.

8.       The averments set forth in paragraphs 9, 11 and 12 refer to a writing which speaks for itself. Therefore, no response is required of the Defendants. However, to the extent a response is deemed necessary, the Defendants deny that the reference to said writings imposes any liability upon the Defendants whatsoever.

9.    After a reasonable investigation, the Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 16. The same are therefore denied and strict proof thereof is demanded.  Further, the Defendants were advised by the Plaintiff that a fire suppression system had been removed and never reinstalled in the subject premises.

10.    The averments set forth in paragraph 18 are denied.  To the contrary, the policy issued by American Economy Insurance Company required a specific fire suppression system in the subject premises for the purpose of insurance coverage.

11.    The averments set forth in paragraph 21 are admitted in part and denied in part.  It is admitted that American Economy Insurance Company denied coverage for the alleged losses sustained by the Plaintiff.  All remaining averments contained in paragraph 21 are denied.

12.    The averments set forth in paragraph 23 are denied.  Since after a reasonable investigation, the Defendants are without knowledge or information sufficient to form a belief as to the truth of said averments.  Further, it is denied that any conduct of the Defendants caused or contributed to any damages allegedly sustained by the Plaintiff.

13.    The averments set forth in paragraph 24 state conclusions of law to which no responsive pleading is required.  To the extent a response is deemed necessary, it is denied that the Defendants' actions constitute bad faith in violation of Pennsylvania Statute 42 Pa. §8371

## AFFIRMATIVE DEFENSES

14.    The Plaintiff's Complaint does not state a cause of action under 42 Pa. §8371.

15.    The Plaintiff is not entitled to a jury trial under 42 Pa. §8371.

16.    The Plaintiff has failed to perform all of its obligations under the policy allegedly issued to it by the American Economy Insurance Company.

17.    Plaintiff's claims are barred in whole or in part to the extent that the Plaintiff negligently or intentionally failed to disclose, concealed or misrepresented facts, which were material and were known by the Plaintiff to be material to the risks allegedly undertaken by the Defendants for the purpose of inducing the Defendants to issue the subject policy.

18.    Some or all of the Plaintiff's claims are barred in whole or in part by the terms, conditions, limitations and exclusions set forth in the policy allegedly issued by the Defendants to the Plaintiff.

WHEREFORE, Defendants, Safeco Corporation, American Economy Insurance Company and American States Insurance Company, respectfully demand judgment in their favor with costs in their behalf sustained.

Respectfully submitted,

**MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN, P.C.**

_____

Stephen J. Poljak, Esquire
PA I.D. #49720
Attorney for Defendants

2900 U.S. Steel Tower
Pittsburgh, PA  15219
(412) 803-1140

4

## CERTIFICATE OF SERVICE

I hereby certify that I have served upon all person(s) listed below a true and correct copy

of the **Amended Answer and Affirmative Defenses to Plaintiff's Complaint** in the above-

captioned matter by U.S. First-Class Mail, postage prepaid, this 5th day of July, 2005.


Richard T. Victoria, Esquire
MEYER, UNKOVIC & SCOTT, LLP
1300 Oliver Building
535 Smithfield Street
Pittsburgh, PA 15222


**MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN, P.C.**


_____
Stephen J. Poljak, Esquire
PA I.D. #49720
Attorney for Defendants

\J2_A\LIAB\SJP\LLPG\350849\DCM\19130\00683

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WALTER BECK CORPORATION d/b/a THE RAINBOW INN, | ) CIVIL ACTION<br>)<br>) No. 04-348 - ERIE |
|          Plaintiff, | )<br>) |
| vs. | )<br>) |
| SAFECO CORPORATION, AMERICAN ECONOMY INSURANCE COMPANY and AMERICAN STATES INSURANCE COMPANY, | )<br>)<br>)<br>) |
|          Defendants. | )<br>) |

## AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S

## COMPLAINT

AND NOW, come the Defendants, Safeco Corporation, American Economy Insurance Company and American States Insurance Company by their attorneys, Marshall, Dennehey, Warner, Coleman & Goggin and pursuant to this Court's Case Management Order sets forth the following Amended Answer and Affirmative Defenses to the Plaintiff's Complaint, and avers as follows:

1.      After a reasonable investigation, the Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraphs 1, 2, 10, and 19. The same are therefore denied and strict proof thereof is demanded.

2.      The averments set forth in paragraph 3 are admitted.

3.      The averments set forth in paragraphs 4, 5, 15, and 17 are denied.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WALTER BECK CORPORATION d/b/a THE RAINBOW INN, | ) CIVIL ACTION |
| | ) |
| | ) No. 04-348 - ERIE |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| SAFECO CORPORATION, AMERICAN | ) |
| ECONOMY INSURANCE COMPANY | ) |
| and AMERICAN STATES INSURANCE | ) |
| COMPANY, | ) |
| | ) |
| Defendants. | ) |

## AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S

## COMPLAINT

AND NOW, come the Defendants, Safeco Corporation, American Economy Insurance Company and American States Insurance Company by their attorneys, Marshall, Dennehey, Warner, Coleman & Goggin and pursuant to this Court's Case Management Order sets forth the following Amended Answer and Affirmative Defenses to the Plaintiff's Complaint, and avers as follows:

1.      After a reasonable investigation, the Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraphs 1, 2, 10, and 19. The same are therefore denied and strict proof thereof is demanded.

2.      The averments set forth in paragraph 3 are admitted.

3.      The averments set forth in paragraphs 4, 5, 15, and 17 are denied.

4.     The averments set forth in paragraphs 6, 7, 20, 22, and 25 contain conclusions of law to which no responsive pleading is required.  To the extent a response is deemed necessary, and further to the extent the averments in said paragraphs are intended to allege or imply any liability upon the Defendants, said averments are denied.

5.     The averments set forth in paragraph 8 are admitted in part and denied in part.  It is admitted that American Economy Insurance Company issued an insurance policy to the Plaintiff, Policy No. 02CC771900 with a policy period of April 23, 2003 to April 23, 2004. All remaining averments contained in paragraph 8 are denied.  It is specificallly denied that the other two defendants issued any policy to the plaintiff.

6.     The averments set forth in paragraph 13 are admitted in part and denied in part.  It is admitted that the Plaintiff provided American Economy Insurance Company with notice of the alleged losses sustained in the fire.  All remaining averments contained in paragraph 13 are denied.

7.     The averments set forth in paragraph 14 are admitted in part and denied in part.  It is admitted that the Plaintiff made a demand upon American Economy Insurance Company for insurance coverage under the applicable policy.  It is denied that American Economy Insurance Company had any contractual obligations to the Plaintiff pursuant to the terms of the policy.

8.     The averments set forth in paragraphs 9, 11 and 12 refer to a writing which speaks for itself.  Therefore, no response is required of the Defendants.  However, to the extent a response is deemed necessary, the Defendants deny that the reference to said writings imposes any liability upon the Defendants whatsoever.

9.    After a reasonable investigation, the Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 16. The same are therefore denied and strict proof thereof is demanded.  Further, the Defendants were advised by the Plaintiff that a fire suppression system had been removed and never reinstalled in the subject premises.

10.    The averments set forth in paragraph 18 are denied.  To the contrary, the policy issued by American Economy Insurance Company required a specific fire suppression system in the subject premises for the purpose of insurance coverage.

11.    The averments set forth in paragraph 21 are admitted in part and denied in part.  It is admitted that American Economy Insurance Company denied coverage for the alleged losses sustained by the Plaintiff.  All remaining averments contained in paragraph 21 are denied.

12.    The averments set forth in paragraph 23 are denied.  Since after a reasonable investigation, the Defendants are without knowledge or information sufficient to form a belief as to the truth of said averments.  Further, it is denied that any conduct of the Defendants caused or contributed to any damages allegedly sustained by the Plaintiff.

13.    The averments set forth in paragraph 24 state conclusions of law to which no responsive pleading is required.  To the extent a response is deemed necessary, it is denied that the Defendants' actions constitute bad faith in violation of Pennsylvania Statute 42 Pa. §8371

**AFFIRMATIVE DEFENSES**

14.    The Plaintiff's Complaint does not state a cause of action under 42 Pa. §8371.

15.    The Plaintiff is not entitled to a jury trial under 42 Pa. §8371.

16.    The Plaintiff has failed to perform all of its obligations under the policy allegedly issued to it by the American Economy Insurance Company.

3

17.    Plaintiff's claims are barred in whole or in part to the extent that the Plaintiff negligently or intentionally failed to disclose, concealed or misrepresented facts, which were material and were known by the Plaintiff to be material to the risks allegedly undertaken by the Defendants for the purpose of inducing the Defendants to issue the subject policy.

18.    Some or all of the Plaintiff's claims are barred in whole or in part by the terms, conditions, limitations and exclusions set forth in the policy allegedly issued by the Defendants to the Plaintiff.

WHEREFORE, Defendants, Safeco Corporation, American Economy Insurance Company and American States Insurance Company, respectfully demand judgment in their favor with costs in their behalf sustained.

Respectfully submitted,

**MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN, P.C.**

s/Stephen J. Poljak
Stephen J. Poljak, Esquire
PA I.D. #49720
Attorney for Defendants

2900 U.S. Steel Tower
Pittsburgh, PA  15219
(412) 803-1140 / phone
(412) 803-1188 / fax
spoljak@mdwcg.com

4

## CERTIFICATE OF SERVICE

I hereby certify that I have served upon all person(s) listed below a true and correct copy

of the **Amended Answer and Affirmative Defenses to Plaintiff's Complaint** in the above-

captioned matter by U.S. First-Class Mail, postage prepaid, this 5th day of July, 2005.


Richard T. Victoria, Esquire
MEYER, UNKOVIC & SCOTT, LLP
1300 Oliver Building
535 Smithfield Street
Pittsburgh, PA  15222


**MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN, P.C.**


s/Stephen J. Poljak
Stephen J. Poljak, Esquire
PA I.D. #49720
Attorney for Defendants

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

WALTER BECK CORPORATION d/b/a    )   CIVIL ACTION
THE RAINBOW INN,                    )
                                  )   No. 04-348 - ERIE
                 Plaintiff,      )
                                  )
          vs.                  )
                                  )
SAFECO CORPORATION, AMERICAN     )
ECONOMY INSURANCE COMPANY      )
and AMERICAN STATES INSURANCE    )
COMPANY,                          )
                                  )
               Defendants.    )

## <u>AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S</u>
## <u>COMPLAINT</u>

AND NOW, come the Defendants, Safeco Corporation, American Economy Insurance Company and American States Insurance Company by their attorneys, Marshall, Dennehey, Warner, Coleman & Goggin and pursuant to this Court's Case Management Order sets forth the following Amended Answer and Affirmative Defenses to the Plaintiff's Complaint, and avers as follows:

       1.      After a reasonable investigation, the Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraphs 1, 2, 10, and 19. The same are therefore denied and strict proof thereof is demanded.

       2.      The averments set forth in paragraph 3 are admitted.

       3.      The averments set forth in paragraphs 4, 5, 15, and 17 are denied.

4.      The averments set forth in paragraphs 6, 7, 20, 22, and 25 contain conclusions of law to which no responsive pleading is required.  To the extent a response is deemed necessary, and further to the extent the averments in said paragraphs are intended to allege or imply any liability upon the Defendants, said averments are denied.

5.      The averments set forth in paragraph 8 are admitted in part and denied in part.  It is admitted that American Economy Insurance Company issued an insurance policy to the Plaintiff, Policy No. 02CC771900 with a policy period of April 23, 2003 to April 23, 2004.  All remaining averments contained in paragraph 8 are denied.  It is specificallly denied that the other two defendants issued any policy to the plaintiff.

6.      The averments set forth in paragraph 13 are admitted in part and denied in part.  It is admitted that the Plaintiff provided American Economy Insurance Company with notice of the alleged losses sustained in the fire.  All remaining averments contained in paragraph 13 are denied.

7.      The averments set forth in paragraph 14 are admitted in part and denied in part.  It is admitted that the Plaintiff made a demand upon American Economy Insurance Company for insurance coverage under the applicable policy.  It is denied that American Economy Insurance Company had any contractual obligations to the Plaintiff pursuant to the terms of the policy.

8.      The averments set forth in paragraphs 9, 11 and 12 refer to a writing which speaks for itself.  Therefore, no response is required of the Defendants.  However, to the extent a response is deemed necessary, the Defendants deny that the reference to said writings imposes any liability upon the Defendants whatsoever.

9.     After a reasonable investigation, the Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 16. The same are therefore denied and strict proof thereof is demanded.  Further, the Defendants were advised by the Plaintiff that a fire suppression system had been removed and never reinstalled in the subject premises.

10.     The averments set forth in paragraph 18 are denied.  To the contrary, the policy issued by American Economy Insurance Company required a specific fire suppression system in the subject premises for the purpose of insurance coverage.

11.     The averments set forth in paragraph 21 are admitted in part and denied in part.  It is admitted that American Economy Insurance Company denied coverage for the alleged losses sustained by the Plaintiff.  All remaining averments contained in paragraph 21 are denied.

12.     The averments set forth in paragraph 23 are denied.  Since after a reasonable investigation, the Defendants are without knowledge or information sufficient to form a belief as to the truth of said averments.  Further, it is denied that any conduct of the Defendants caused or contributed to any damages allegedly sustained by the Plaintiff.

13.     The averments set forth in paragraph 24 state conclusions of law to which no responsive pleading is required.  To the extent a response is deemed necessary, it is denied that the Defendants' actions constitute bad faith in violation of Pennsylvania Statute 42 Pa. §8371

### AFFIRMATIVE DEFENSES

14.     The Plaintiff's Complaint does not state a cause of action under 42 Pa. §8371.

15.     The Plaintiff is not entitled to a jury trial under 42 Pa. §8371.

16.     The Plaintiff has failed to perform all of its obligations under the policy allegedly issued to it by the American Economy Insurance Company.

3

17.    Plaintiff's claims are barred in whole or in part to the extent that the Plaintiff negligently or intentionally failed to disclose, concealed or misrepresented facts, which were material and were known by the Plaintiff to be material to the risks allegedly undertaken by the Defendants for the purpose of inducing the Defendants to issue the subject policy.

18.    Some or all of the Plaintiff's claims are barred in whole or in part by the terms, conditions, limitations and exclusions set forth in the policy allegedly issued by the Defendants to the Plaintiff.

WHEREFORE, Defendants, Safeco Corporation, American Economy Insurance Company and American States Insurance Company, respectfully demand judgment in their favor with costs in their behalf sustained.

Respectfully submitted,

**MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN, P.C.**

s/Stephen J. Poljak
Stephen J. Poljak, Esquire
PA I.D. #49720
Attorney for Defendants

2900 U.S. Steel Tower
Pittsburgh, PA  15219
(412) 803-1140 / phone
(412) 803-1188 / fax
spoljak@mdwcg.com

4

## CERTIFICATE OF SERVICE

I hereby certify that I have served upon all person(s) listed below a true and correct copy of the **Amended Answer and Affirmative Defenses to Plaintiff's Complaint** in the above-captioned matter by U.S. First-Class Mail, postage prepaid, this 5th day of July, 2005.

Richard T. Victoria, Esquire
MEYER, UNKOVIC & SCOTT, LLP
1300 Oliver Building
535 Smithfield Street
Pittsburgh, PA 15222

**MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN, P.C.**

s/Stephen J. Poljak
Stephen J. Poljak, Esquire
PA I.D. #49720
Attorney for Defendants

\12_A\LIAB\SJP\LLPG\350849\DCM\19130\00683

### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WALTER BECK CORPORATION d/b/a THE RAINBOW INN, | ) CIVIL ACTION |
| | ) |
| | ) No. 04-348 - ERIE |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| SAFECO CORPORATION, AMERICAN | ) |
| ECONOMY INSURANCE COMPANY | ) |
| and AMERICAN STATES INSURANCE | ) |
| COMPANY, | ) |
| | ) |
| Defendants. | ) |

### AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S

### COMPLAINT

AND NOW, come the Defendants, Safeco Corporation, American Economy Insurance Company and American States Insurance Company by their attorneys, Marshall, Dennehey, Warner, Coleman & Goggin and pursuant to this Court's Case Management Order sets forth the following Amended Answer and Affirmative Defenses to the Plaintiff's Complaint, and avers as follows:

1.      After a reasonable investigation, the Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraphs 1, 2, 10, and 19. The same are therefore denied and strict proof thereof is demanded.

2.      The averments set forth in paragraph 3 are admitted.

3.      The averments set forth in paragraphs 4, 5, 15, and 17 are denied.

4.      The averments set forth in paragraphs 6, 7, 20, 22, and 25 contain conclusions of law to which no responsive pleading is required.  To the extent a response is deemed necessary, and further to the extent the averments in said paragraphs are intended to allege or imply any liability upon the Defendants, said averments are denied.

5.      The averments set forth in paragraph 8 are admitted in part and denied in part. It is admitted that American Economy Insurance Company issued an insurance policy to the Plaintiff, Policy No. 02CC771900 with a policy period of April 23, 2003 to April 23, 2004. All remaining averments contained in paragraph 8 are denied.  It is specificallly denied that the other two defendants issued any policy to the plaintiff.

6.      The averments set forth in paragraph 13 are admitted in part and denied in part. It is admitted that the Plaintiff provided American Economy Insurance Company with notice of the alleged losses sustained in the fire.  All remaining averments contained in paragraph 13 are denied.

7.      The averments set forth in paragraph 14 are admitted in part and denied in part. It is admitted that the Plaintiff made a demand upon American Economy Insurance Company for insurance coverage under the applicable policy.  It is denied that American Economy Insurance Company had any contractual obligations to the Plaintiff pursuant to the terms of the policy.

8.      The averments set forth in paragraphs 9, 11 and 12 refer to a writing which speaks for itself.  Therefore, no response is required of the Defendants.  However, to the extent a response is deemed necessary, the Defendants deny that the reference to said writings imposes any liability upon the Defendants whatsoever.

2

9.      After a reasonable investigation, the Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 16. The same are therefore denied and strict proof thereof is demanded. Further, the Defendants were advised by the Plaintiff that a fire suppression system had been removed and never reinstalled in the subject premises.

10.      The averments set forth in paragraph 18 are denied. To the contrary, the policy issued by American Economy Insurance Company required a specific fire suppression system in the subject premises for the purpose of insurance coverage.

11.      The averments set forth in paragraph 21 are admitted in part and denied in part. It is admitted that American Economy Insurance Company denied coverage for the alleged losses sustained by the Plaintiff. All remaining averments contained in paragraph 21 are denied.

12.      The averments set forth in paragraph 23 are denied. Since after a reasonable investigation, the Defendants are without knowledge or information sufficient to form a belief as to the truth of said averments. Further, it is denied that any conduct of the Defendants caused or contributed to any damages allegedly sustained by the Plaintiff.

13.      The averments set forth in paragraph 24 state conclusions of law to which no responsive pleading is required. To the extent a response is deemed necessary, it is denied that the Defendants' actions constitute bad faith in violation of Pennsylvania Statute 42 Pa. §8371

### AFFIRMATIVE DEFENSES

14.      The Plaintiff's Complaint does not state a cause of action under 42 Pa. §8371.

15.      The Plaintiff is not entitled to a jury trial under 42 Pa. §8371.

16.      The Plaintiff has failed to perform all of its obligations under the policy allegedly issued to it by the American Economy Insurance Company.

3

17.     Plaintiff's claims are barred in whole or in part to the extent that the Plaintiff negligently or intentionally failed to disclose, concealed or misrepresented facts, which were material and were known by the Plaintiff to be material to the risks allegedly undertaken by the Defendants for the purpose of inducing the Defendants to issue the subject policy.

18.     Some or all of the Plaintiff's claims are barred in whole or in part by the terms, conditions, limitations and exclusions set forth in the policy allegedly issued by the Defendants to the Plaintiff.

WHEREFORE, Defendants, Safeco Corporation, American Economy Insurance Company and American States Insurance Company, respectfully demand judgment in their favor with costs in their behalf sustained.

Respectfully submitted,

**MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN, P.C.**

s/Stephen J. Poljak
Stephen J. Poljak, Esquire
PA I.D. #49720
Attorney for Defendants

2900 U.S. Steel Tower
Pittsburgh, PA  15219
(412) 803-1140 / phone
(412) 803-1188 / fax
spoljak@mdwcg.com

4

## CERTIFICATE OF SERVICE

I hereby certify that I have served upon all person(s) listed below a true and correct copy

of the **Amended Answer and Affirmative Defenses to Plaintiff's Complaint** in the above-

captioned matter by U.S. First-Class Mail, postage prepaid, this 5th day of July, 2005.

Richard T. Victoria, Esquire
MEYER, UNKOVIC & SCOTT, LLP
1300 Oliver Building
535 Smithfield Street
Pittsburgh, PA  15222


**MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN, P.C.**


s/Stephen J. Poljak
Stephen J. Poljak, Esquire
PA I.D. #49720
Attorney for Defendants

\12_A\LIAB\SJP\LLPG\350849\DCM\19130\00683

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

WALTER BECK CORPORATION d/b/a )   CIVIL ACTION
THE RAINBOW INN, )
                            )   No.  04-348 - ERIE
                Plaintiff, )
                            )
        vs. )
                            )
SAFECO CORPORATION, AMERICAN )
ECONOMY INSURANCE COMPANY )
and AMERICAN STATES INSURANCE )
COMPANY, )
                            )
                Defendants. )

## AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S

## COMPLAINT

       AND NOW, come the Defendants, Safeco Corporation, American Economy Insurance

Company and American States Insurance Company by their attorneys, Marshall, Dennehey,

Warner, Coleman & Goggin and  pursuant to this Court's Case Management Order sets forth the

following Amended Answer and Affirmative Defenses to the Plaintiff's Complaint, and avers as

follows:

       1.       After a reasonable investigation, the Defendants are without knowledge

or information sufficient to form a belief as to the truth of the averments contained in paragraphs

1, 2, 10, and 19.  The same are therefore denied and strict proof thereof is demanded.

       2.       The averments set forth in paragraph 3 are admitted.

       3.       The averments set forth in paragraphs 4, 5, 15, and 17 are denied.

4.    The averments set forth in paragraphs 6, 7, 20, 22, and 25 contain conclusions of law to which no responsive pleading is required.  To the extent a response is deemed necessary, and further to the extent the averments in said paragraphs are intended to allege or imply any liability upon the Defendants, said averments are denied.

5.    The averments set forth in paragraph 8 are admitted in part and denied in part.  It is admitted that American Economy Insurance Company issued an insurance policy to the Plaintiff, Policy No. 02CC771900 with a policy period of April 23, 2003 to April 23, 2004.  All remaining averments contained in paragraph 8 are denied.  It is specificallly denied that the other two defendants issued any policy to the plaintiff.

6.    The averments set forth in paragraph 13 are admitted in part and denied in part.  It is admitted that the Plaintiff provided American Economy Insurance Company with notice of the alleged losses sustained in the fire.  All remaining averments contained in paragraph 13 are denied.

7.    The averments set forth in paragraph 14 are admitted in part and denied in part.  It is admitted that the Plaintiff made a demand upon American Economy Insurance Company for insurance coverage under the applicable policy.  It is denied that American Economy Insurance Company had any contractual obligations to the Plaintiff pursuant to the terms of the policy.

8.    The averments set forth in paragraphs 9, 11 and 12 refer to a writing which speaks for itself.  Therefore, no response is required of the Defendants.  However, to the extent a response is deemed necessary, the Defendants deny that the reference to said writings imposes any liability upon the Defendants whatsoever.

9.      After a reasonable investigation, the Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 16. The same are therefore denied and strict proof thereof is demanded.  Further, the Defendants were advised by the Plaintiff that a fire suppression system had been removed and never reinstalled in the subject premises.

10.      The averments set forth in paragraph 18 are denied.  To the contrary, the policy issued by American Economy Insurance Company required a specific fire suppression system in the subject premises for the purpose of insurance coverage.

11.      The averments set forth in paragraph 21 are admitted in part and denied in part.  It is admitted that American Economy Insurance Company denied coverage for the alleged losses sustained by the Plaintiff.  All remaining averments contained in paragraph 21 are denied.

12.      The averments set forth in paragraph 23 are denied.  Since after a reasonable investigation, the Defendants are without knowledge or information sufficient to form a belief as to the truth of said averments.  Further, it is denied that any conduct of the Defendants caused or contributed to any damages allegedly sustained by the Plaintiff.

13.      The averments set forth in paragraph 24 state conclusions of law to which no responsive pleading is required.  To the extent a response is deemed necessary, it is denied that the Defendants' actions constitute bad faith in violation of Pennsylvania Statute 42 Pa. §8371

## AFFIRMATIVE DEFENSES

14.      The Plaintiff's Complaint does not state a cause of action under 42 Pa. §8371.

15.      The Plaintiff is not entitled to a jury trial under 42 Pa. §8371.

16.      The Plaintiff has failed to perform all of its obligations under the policy allegedly issued to it by the American Economy Insurance Company.

3

17. Plaintiff's claims are barred in whole or in part to the extent that the Plaintiff negligently or intentionally failed to disclose, concealed or misrepresented facts, which were material and were known by the Plaintiff to be material to the risks allegedly undertaken by the Defendants for the purpose of inducing the Defendants to issue the subject policy.

18. Some or all of the Plaintiff's claims are barred in whole or in part by the terms, conditions, limitations and exclusions set forth in the policy allegedly issued by the Defendants to the Plaintiff.

WHEREFORE, Defendants, Safeco Corporation, American Economy Insurance Company and American States Insurance Company, respectfully demand judgment in their favor with costs in their behalf sustained.

Respectfully submitted,

**MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN, P.C.**

s/Stephen J. Poljak
Stephen J. Poljak, Esquire
PA I.D. #49720
Attorney for Defendants

2900 U.S. Steel Tower
Pittsburgh, PA  15219
(412) 803-1140 / phone
(412) 803-1188 / fax
spoljak@mdwcg.com

4

## CERTIFICATE OF SERVICE

I hereby certify that I have served upon all person(s) listed below a true and correct copy

of the **Amended Answer and Affirmative Defenses to Plaintiff's Complaint** in the above-

captioned matter by U.S. First-Class Mail, postage prepaid, this 5th day of July, 2005.


Richard T. Victoria, Esquire
MEYER, UNKOVIC & SCOTT, LLP
1300 Oliver Building
535 Smithfield Street
Pittsburgh, PA  15222


**MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN, P.C.**


s/Stephen J. Poljak
Stephen J. Poljak, Esquire
PA I.D. #49720
Attorney for Defendants


\I2_A\LIAB\SJP\LLPG\350849\DCM\19130\00683

**Lauraine L. Samuels**

| | |
|---|---|
| **From:** | ecf_intake_pawd@pawd.uscourts.gov |
| **Sent:** | Tuesday, July 05, 2005 3:08 PM |
| **To:** | pawd_ecf@pawd.uscourts.gov |
| **Subject:** | Activity in Case 1:04-cv-00348-MBC WALTER BECK CORPORAT v. SAFECO CORPORATION, et al "Answer to Complaint" |

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.**

### U.S. District Court

### Western District of Pennsylvania

Notice of Electronic Filing

The following transaction was received from Poljak, Stephen J. entered on 7/5/2005 at 3:07 PM EDT and filed on 7/5/2005

| | |
|---|---|
| **Case Name:** | WALTER BECK CORPORAT v. SAFECO CORPORATION, et al |
| **Case Number:** | 1:04-cv-348 |
| **Filer:** | AMERICAN STATES INSURANCE COMPANY |
| | AMERICAN ECONOMY INSURANCE COMPANY |
| | SAFECO CORPORATION |

**Document Number:** 12

**Docket Text:**
*Amended* ANSWER to Complaint by SAFECO CORPORATION, AMERICAN ECONOMY INSURANCE COMPANY, AMERICAN STATES INSURANCE COMPANY.(Poljak, Stephen)

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1098469114 [Date=7/5/2005] [FileNumber=5045-0] [8
51a29002ada6da13cd894712b0b70685cc8e6338067b25865b19cc5f8c9a2c0e901d2f
2e6d8e975461f8e8c30cffd9ce71172d4ac5b3c120bb6093f4509624b]]

**1:04-cv-348 Notice will be electronically mailed to:**

Stephen J. Poljak    spoljak@mdwcg.com,

Richard T. Victoria    rtv@muslaw.com,
lls@muslaw.com;rvictoria@hotmail.com;muslawpitt@yahoo.com

**1:04-cv-348 Notice will be delivered by other means to:**

Joshua R. Lorenz
Meyer, Unkovic & Scott
1300 Oliver Building
Pittsburgh, PA 15222