February 21, 2004

Mr. Paul Smith, Jr.
Safeco Insurance Co
P.O. Box 5373
Poland, Ohio 44514

Re: Claim Number 521474522015

Dear Mr. Smith:

    We are in receipt of your letter of February 11, 2004 and want to take this opportunity to clarify a clear misunderstanding on your part. Considering we have had to transmit and send you the inventory of the Rainbow Inn five times (four by Email and one by snail mail) until you finally acknowledged receipt, I wonder if you were ever serious about settling this claim.

    To begin with I draw your attention to the six page inventory attached to this letter (sixth time I've sent it to you.) At the top of page five directly below the Visonic Burglar and fire alarm system is a Halon fire suppression system, the same system that was in place in the kitchen when your company underwrote the coverage on the Rainbow Inn and the same system that was fully operational at the time of the fire on December 5, 2003.

    I did not indicate that this system was removed in 1996 or 1997. I stated that on or about that time new Halon systems became unavailable because of their environmental impact. I also indicated the Halon tanks (two of them) wee replaced on or about December 2001 but I didn't know if future replacements would be available but at the time of the fire the tanks were fully charged.

    When your company originally underwrote the Rainbow Inn special note was taken that the Halon Fire Suppression System in place protected not only the grille under the hood, but the entire kitchen area. It was activated by any one of four heat detectors based on rate of rise and/or a manual activation next to the grille. This was accepted in lieu of an Ansul System (Brand name system) and it was also accepted as I was a licensed Fire and Sprinkler Installer in the State of Texas and a licensed Fire Alarm Inspector, capable of inspecting and certifying these systems. Nothing has materially changed since the original underwriting date and on at least four separate occasions loss prevention specialists from your company have physically inspected the premises including the fire suppression system. The most your company has ever questioned or complained about was the substance the roof was made of (Question), the dumpster and the ongoing problem with bears (Complaint), and the east wall needed painted (Complaint). No mention has ever been made regarding the fire protection in the kitchen and we were to assume all was well.

    Furthermore and of special importance, the fire that destroyed the Rainbow Inn, as far as I know, is to have originated outside on the southeast corner of the building when the business

Exhibit 9

was closed. The kitchen was not involve in the origin of the fire and in fact was the last part of the building to be consumed, no doubt because the Halon Fire Suppression System did its job.

As you know my wife suffered a heart attack during the fire and was hospitalized. I have questioned you regarding the liability coverage for medical coverage not covered by our health insurance as we have a $2,000 deductible. To date you have yet to address this concern. What coverage, if any, do we have?

We are anxious to get this claim settled so we can rebuild. After my contract for the radio show comes to an end I intend to return to Pennsylvania and the Rainbow Inn will be our sole source of income unless I can sell another book. Therefore time is of the essence if we are to be open around June 1st, which is our goal.

Thank you very much for your attention to this matter.

                                                Sincerely,

                                                Harold T. Beck