*Harold Thomas Beck  PO Box 362  Lewis Run, PA  16738*

## SENT BY REGISTERED MAIL

June 10, 2004

Mr. Paul Smith, Jr.
Safeco Insurance Co
P.O. Box 5373
Poland, Ohio 44514

Re: Claim Number 521474522015

Dear Mr. Smith:

    This letter is in response to your phone call on Thursday, June 3, 2004.

    Thank you for finally communicating with me. It is the first communication from you of any kind since your letter of denial dated February 11, 2004.

    As you know, in our brief call, I stated that my letters to you of February 21, 2004; March 24, 2004; and April 28, 2004 have been ignored and unanswered to date. You claim you never received them and have blamed it on "the Post Office". That follows a similar situation regarding our sending you the Rainbow Inn Inventory (included in this package), the Rainbow Inn Food & Beer Inventory (included in this package), and, the Rainbow Inn Liquor Inventory (also included in this package). I am sending this letter including the three inventories Registered Mail to have an official record of your receipt.

    Once more I draw your attention to the six page inventory attached to this letter (seventh time I've sent it to you). At the top of page five directly below the Visonic Burglar and fire alarm system is a Halon fire suppression system, the same system that was in place in the kitchen when your company underwrote the coverage on the Rainbow Inn and the same system that was fully operational at the time of the fire on December 5, 2003.

    I did not indicate that this system was removed in 1996 or 1997. I stated that on or about that time new Halon systems became unavailable because of their environmental impact. I also indicated the Halon tanks (two of them) were replaced on or about December 2001 but I didn't know if future replacements would be available but at the time of the fire the tanks were fully charged.

    I also pointed out that when your company originally underwrote the Rainbow Inn special note was taken that the Halon Fire Suppression System in place protected not only the

Exhibit 13

grille under the hood, but the entire kitchen area. It was activated by any one of four heat detectors based on rate of rise and/or a manual activation next to the grille. This was accepted in lieu of an Ansul System (Brand name system) and it was also accepted as I was a licensed Fire and Sprinkler Installer in the State of Texas and a licensed Fire Alarm Inspector, capable of inspecting and certifying these systems. Nothing has materially changed since the original underwriting date and on at least four separate occasions loss prevention specialists from your company have physically inspected the premises including the fire suppression system. The most your company has ever questioned or complained about was the substance the roof was made of (Question), the dumpster and the ongoing problem with bears (Complaint), and the east wall needed painted (Complaint). No mention has ever been made regarding the fire protection in the kitchen and we were to assume all was well.

In the prior letters I pointed out that of special importance, the fire that destroyed the Rainbow Inn, as far as I know, is to have originated outside on the southeast corner of the building when the business was closed. The kitchen was not involve in the origin of the fire and in fact was the last part of the building to be consumed, no doubt because the Halon Fire Suppression System did its job.

I also pointed out that as you know my wife suffered a heart attack during the fire and was hospitalized. I have questioned you regarding the liability coverage for medical coverage not covered by our health insurance as we have a $2,000 deductible. To date you have yet to address this concern. What coverage, if any, do we have?

At this point Mr. Smith my wife and I are suffering as a result of the loss of revenues from the Rainbow Inn. It was our desire to rebuild immediately to take advantage of the summer tourist season. That is why we purchased replacement cost coverage through the Sundahl Agency and your company. Now that is impossible.

We have never taken an adversarial position with your company and have attempted to cooperate in any way we can in the disposition of this claim. However, unless we can settle this claim immediately we will have no choice but to seek legal representation and pursue not only full settlement to the limits of the policy, but in addition pray for recovery for the full cost of representation and subsequent financial damages and hardships suffered as a result of your refusal to make us whole. For that reason I will wait fifteen days (15 days) from your receipt of this letter to take any further action. I trust we can settle this amicably.

Sincerely,

Harold T. Beck