IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WALTER BECK CORPORATION d/b/a THE RAINBOW INN, | ) CIVIL DIVISION |
| | ) |
| | ) Civil Action No. 04-348 - Erie |
| Plaintiff, | ) |
| | ) JUDGE MAURICE B. COHILL, JR. |
| vs. | ) |
| | ) |
| SAFECO CORPORATION, AMERICAN ECONOMY INSURANCE COMPANY, and AMERICAN STATES INSURANCE COMPANY, | ) |
| | ) |
| Defendants. | ) |

## RULE 26(a)(1) DISCLOSURES OF PLAINTIFF

Plaintiff, Walter Beck Corporation d/b/a The Rainbow Inn, by and through its counsel, Meyer, Unkovic & Scott LLP, makes the following disclosures pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure:

I. **Rule 26(a)(1)(A)**

The following individuals are likely to have discoverable information that Plaintiff may use to support Plaintiff's claims and allegations in the within action:

Exhibit 28

A. <u>Walter Beck Corporation Employee(s)/Agent(s)/Representative(s)</u>

| **Name** | **Position/Address** | **Subjects of Information** |
|---|---|---|
| Sharyn Beck | President, Walter Beck Corporation<br><br>(contact counsel) | The allegations of Plaintiff's Complaint; Plaintiff's history with Defendants; Plaintiff's installation and/or maintenance of the various fire suppression systems in place at the insured premises; Defendants' inspection of the various fire suppression systems in place at the insured premises; the December 5, 2003 fire that destroyed the insured premises; Defendants' breaches of and non-payment under the insurance policy insuring the insured premises; Defendants' handling and denial of Plaintiff's claim; Defendants' bad faith conduct; Plaintiff's damages; and responses to Defendants' claims, allegations and defenses raised in their pleadings of record. |
| Harold "Bud" Beck | Employee/Agent/Representative, Walter Beck Corporation<br><br>(contact counsel) | The allegations of Plaintiff's Complaint; Plaintiff's history with Defendants; Plaintiff's installation and/or maintenance of the various fire suppression systems in place at the insured premises; Defendants' inspection of the various fire suppression systems in place at the insured premises; the December 5, 2003 fire that destroyed the insured premises; Defendants' breaches of and non-payment under the insurance policy insuring the insured premises; Defendants' handling and denial of Plaintiff's claim; Defendants' bad faith conduct; Plaintiff's damages; and responses to Defendants' claims, allegations and defenses raised in their pleadings of record. |

| | | |
|---|---|---|
| Geoffrey Beck | Employee/Agent/ Representative, Walter Beck Corporation<br><br>10 Maple Avenue Bradford, PA<br><br>814-598-8018 | Certain of the allegations of Plaintiff's Complaint; and Plaintiff's installation and/or maintenance of the various fire suppression systems in place at the insured premises. |
| John Gates | Employee/Agent/ Representative, Walter Beck Corporation<br><br>85 Pearl Street Bradford, PA<br><br>814-362-5307 | Certain of the allegations of Plaintiff's Complaint; and Plaintiff's installation and/or maintenance of the various fire suppression systems in place at the insured premises. |
| Andrea Prince | Employee/Agent/ Representative, Walter Beck Corporation<br><br>306 Interstate Parkway Bradford, PA<br><br>814-362-7482 | Certain of the allegations of Plaintiff's Complaint; and Plaintiff's installation and/or maintenance of the various fire suppression systems in place at the insured premises. |
| Tanya Aiello | Employee/Agent/ Representative, Walter Beck Corporation<br><br>280 East Main Street Bradford, PA<br><br>814-362-7709 | Certain of the allegations of Plaintiff's Complaint; and Plaintiff's installation and/or maintenance of the various fire suppression systems in place at the insured premises. |

| Eileen Smith | Employee/Agent/ Representative, Walter Beck Corporation<br><br>85 Pearl Street<br>Bradford, PA<br><br>814-362-5307 | Certain of the allegations of Plaintiff's Complaint; and Plaintiff's installation and/or maintenance of the various fire suppression systems in place at the insured premises. |
|---|---|---|
| Jeremy Holt | Employee/Agent/ Representative, Walter Beck Corporation<br><br>139 Pleasant Street<br>Bradford, PA<br><br>814-362-4354 | Certain of the allegations of Plaintiff's Complaint; and Plaintiff's installation and/or maintenance of the various fire suppression systems in place at the insured premises. |
| Kimberly Holt | Employee/Agent/ Representative, Walter Beck Corporation<br><br>139 Pleasant Street<br>Bradford, PA<br><br>814-362-4354 | Certain of the allegations of Plaintiff's Complaint; and Plaintiff's installation and/or maintenance of the various fire suppression systems in place at the insured premises. |

B. <u>Defendants' Employee(s)/Agent(s)/Representative(s)</u>

| **Name** | **Position/Address** | **Subjects of Information** |
|---|---|---|
| Paul Smith, Jr. | Employee/Agent/ Representative for Defendants | Certain of the allegations of Plaintiff's Complaint; Plaintiff's history with Defendants; Defendants' inspection of the various fire suppression systems in place at the insured premises; the December 5, 2003 fire that destroyed the insured premises; Defendants' breaches of and non-payment under the insurance policy insuring the insured premises; |

| | | |
|---|---|---|
| | | Defendants' handling and denial of Plaintiff's claim; Defendants' bad faith conduct; Plaintiff's damages; and Defendants' claims, allegations and defenses raised in their pleadings of record. |
| Paul Ridley, Sundahl & Co., Inc. Insurance | Employee/Agent/ Representative for Defendants<br><br>723 East Main Street<br>P.O. Box 368<br>Bradford, PA 16701<br><br>814-368-3139 | Certain of the allegations of Plaintiff's Complaint; Plaintiff's history with Defendants; Defendants' inspection of the various fire suppression systems in place at the insured premises; the December 5, 2003 fire that destroyed the insured premises; Defendants' breaches of and non-payment under the insurance policy insuring the insured premises; Defendants' handling and denial of Plaintiff's claim; Defendants' bad faith conduct; Plaintiff's damages; and Defendants' claims, allegations and defenses raised in their pleadings of record. |
| Fred G. Hilzinger, Sundahl & Co., Inc. Insurance | Employee/Agent/ Representative for Defendants<br><br>723 East Main Street<br>P.O. Box 368<br>Bradford, PA 16701<br><br>814-368-3139 | Certain of the allegations of Plaintiff's Complaint; Plaintiff's history with Defendants; Defendants' inspection of the various fire suppression systems in place at the insured premises; the December 5, 2003 fire that destroyed the insured premises; Defendants' breaches of and non-payment under the insurance policy insuring the insured premises; Defendants' handling and denial of Plaintiff's claim; Defendants' bad faith conduct; Plaintiff's damages; and Defendants' claims, allegations and defenses raised in their pleadings of record. |

C. <u>Other(s)</u>

| **Name** | **Position/Address** | **Subjects of Information** |
|---|---|---|
| Robert Beck, President R.J. Beck Protective Systems, Inc. | Supplier and Inspector of Fire Suppression Systems in Place at the Insured Premises | Certain of the allegations of Plaintiff's Complaint; and Plaintiff's installation and/or maintenance of the various fire |

| | | |
|---|---|---|
| | P.O. Box 814<br>Norwalk, OH 44857<br><br>419-668-3056 | suppression systems in place at the insured premises. |
| Dan MacKenzie | Maintenance/Repair<br><br>75 Grant Street<br>Duke Center, PA<br><br>814-966-3485 | Certain of the allegations of Plaintiff's Complaint; and Plaintiff's installation and/or maintenance of the various fire suppression systems in place at the insured premises. |
| Tom Riel | Maintenance/Repair and Customer<br><br>66 Mechanic Street<br>Bradford, PA<br><br>814-362-8898 | Certain of the allegations of Plaintiff's Complaint; and Plaintiff's installation and/or maintenance of the various fire suppression systems in place at the insured premises. |
| Dennis Coleman | Maintenance/Repair and Customer<br><br>1739 West Warren Road<br>Marshburg, PA<br><br>814-362-4086 | Certain of the allegations of Plaintiff's Complaint; and Plaintiff's installation and/or maintenance of the various fire suppression systems in place at the insured premises. |
| Lonnie Huckabone | Hauling<br><br>230 Barrows Street<br>Jamestown, NY 14701<br><br>(current telephone number unknown) | Certain of the allegations of Plaintiff's Complaint; and Plaintiff's installation and/or maintenance of the various fire suppression systems in place at the insured premises. |
| Tim Alhorn | Potential Buyer of Insured Premises<br><br>Pittsburgh, PA<br><br>(exact address and telephone number | Certain of the allegations of Plaintiff's Complaint; and Plaintiff's installation and/or maintenance of the various fire suppression systems in place at the insured premises. |

-6-

| | | |
|---|---|---|
| | unknown) | |
| Rod Bennett | Maintenance/Repair and Customer<br><br>Bradford, PA<br><br>(exact address and telephone number unknown) | Certain of the allegations of Plaintiff's Complaint; and Plaintiff's installation and/or maintenance of the various fire suppression systems in place at the insured premises. |
| Trooper Charles Gross<br>Pennsylvania State Police –<br>Punxsutawney Barracks | Investigating Officer of the December 5, 2003 Fire that Destroyed the Insured Premises<br><br>P. O. Box 445,<br>Punxsutawney, PA 15767<br><br>814-938-6060 | Certain of the allegations of Plaintiff's Complaint; and the December 5, 2003 fire that destroyed the insured premises. |
| U.S. Department of Justice –<br>Bureau of Alcohol, Tobacco,<br>Firearms and Explosives | Investigated the December 5, 2003 Fire that Destroyed the Insured Premises<br><br>Washington, D.C. 20226<br><br>(telephone number unknown) | Certain of the allegations of Plaintiff's Complaint; and the December 5, 2003 fire that destroyed the insured premises. |

II.     **Rule 26(a)(1)(B)**

The following documents and/or categories of documents in Plaintiff's possession, custody and/or control may be used to support Plaintiff's claims and allegations in the within action:

    a.     The February 20, 2005 letter from Robert Beck, President of R.J. Beck Protective Systems, Inc., a true and correct copy of which is attached hereto as Exhibit "A."

      b.    Plaintiff is in possession of various business records, receipts, insurance information and other documents. In an effort to avoid the incurring of unnecessary costs and expenses by any party, and as Plaintiff believes that most of these documents are not relevant to this dispute, Plaintiff has not copied or attached said documents. However, upon request, Plaintiff will promptly make such documents available to Defendants' counsel for inspection and copying at Plaintiff's counsel's office located at 1300 Oliver Building, Pittsburgh, PA 15222.

      Any additional documents that previously may have been in Plaintiff's possession, custody and control were, in all likelihood, destroyed by the December 5, 2003 fire at the insured premises. Many of these documents were kept at the insured premises in accordance with various Pennsylvania statutes and regulations, including but not limited to 47 P.S. 2-207(h); 47 P.S. 2-211; 47 P.S. § 4-467; 47 P.S. § 4-493(12); 47 P.S. § 5-509; 47 P.S. § 5-513; 40 Pa. Code § 5.41; and 40 Pa. Code § 11.35.

      c.    Plaintiff reserves the right to present additional documents, including but not limited to documents obtained from Defendants through discovery or otherwise, or documents obtained from third parties, as well as summary charts, graphs, exhibits and other demonstrative evidence.

## III.   Rule 26(a)(1)(C)

Plaintiff's damage claims currently consist of a claim for actual damages stemming from Defendants' non-payment under the policy insuring the insured premises in excess of $75,000, which includes but is not limited to the loss of the structure situated on the insured premises in the approximate amount of $250,000, the loss of the contents of the structure

situated on the insured premises in the approximate amount of $86,150, and removal costs of the structure situated on the insured premises as provided by the policy, plus interest, costs, counsel fees and such other relief as the Court deems just and proper. Further, Plaintiff demands punitive damages, counsel fees, costs and other damages permitted under the Pennsylvania bad faith statute, 42 Pa.C.S. § 8371, and treble damages, counsel fees and other damages permitted under the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. 201-1, et seq.

The above damage estimates are not based upon an expert opinion and/or valuation, but rather reflect Plaintiff's understandings and estimates regarding the damages incurred to date and for which claim has been made. Plaintiff reserves the right to present additional documentation, testimony and/or other evidence in support of its damage claims.

## IV.    Rule 26(a)(1)(D)

This action is a claim for insurance coverage by Plaintiff against Defendants, who insured Plaintiff pursuant to an "Ultra Series Package Policy" numbered 02CC771900 ("the Policy") providing coverage on the insured premises for the period of April 23, 2003 to April 23, 2004. A true and correct copy of the Policy is attached to the Complaint as Exhibit "A" and is incorporated by reference as though the same were fully set forth at length herein. Despite repeated demand, Defendants have denied Plaintiff coverage under the Policy for its losses sustained resulting from the December 5, 2003 fire as discussed more fully in the Complaint.

Plaintiff reserves the right to supplement the information contained in this Rule 26(a)(1) Disclosure as additional information becomes known and/or available.

By: /s/ *signature*

Richard T. Victoria
Pa. I.D.#76681
rtv@muslaw.com
Joshua R. Lorenz
Pa. I.D.#84397
jrl@muslaw.com

MEYER, UNKOVIC & SCOTT LLP
1300 Oliver Building
Pittsburgh, PA  15217
(412) 456-2800
Fax:  (412) 456-2864

Counsel for Plaintiff

Dated:  June 24, 2005

# R.J. Beck Protective Systems Inc.

February 20, 2005

P.O. BOX 814 • NORWALK, OHIO 44857 • (419) 668-3056

Mr. Joshua R. Lorenz
Meyer, Unkovic & Scott LLP
1300 Oliver Building
Pittsburgh, PA 15222-2304

Dear Mr. Lorenz:

    At the request of my sister-in-law, Sharyn Beck, I am writing to you to give you the details of the Halon Fire Suppression System in the Rainbow Inn, Marshburg, PA 16738.

    To the best of my recollection the system was installed when the Rainbow Inn was remodeled into a restaurant and bar in 1990. My brother, Harold (also known as Bud), purchased the components of the fire suppression system for the kitchen including control panel, tanks, associated hardware, wiring, and rotating nozzle heads through me and I had them dropped shipped at his home in Marshburg. I supplied him with all the components of a UL listed system. At the same time I also supplied him with a fire and burglar alarm system for the bar and restaurant itself. My brother, a qualified burglar and fire alarm system installer, installed these systems himself. These systems were operational from the time the Rainbow Inn opened for business in the spring of 1990.

    While the systems (Fire Suppression and Burglar/Fire Alarm) remained in tact and operational from that day on, there were times various components and at times, even entire systems including wiring were replaced. From about 1996 on I was directly involved as an advisor and inspection certifier of the systems while my brother, Bud, performed routine maintenance verifying they were operational. Because of damage due to lightning strikes and changes in technology changes were made as necessary. That included the tanks themselves that were replaced at least twice, the most recent time in 2001.

    I made several trips a year to Marshburg. I would visit him around his birthday (June 14th) and again at Thanksgiving. There were also other times when business took me to the area I would drop in and say hello. On each and every occasion I took the liberty of inspecting the systems and verifying they were operational. Such was the case on November 24, 25, & 26, 2004. During that trip I took extra time to verify the systems were operational.

    I did so because there had been several attempts to break into the Rainbow Inn and my sister-in-law was worried that the system, burglar alarm in particular, could be compromised.


EXHIBIT "A"

I took extra care to verify each door contact was operational and all electrical systems, including back up battery systems were at peak performance. I also took the time to verify the Halon Fire Suppression System was operational. Keep in mind this was a supervised system that could detect any trouble on the system and would indicate so with a trouble light on the control panel. When I inspected the system there was no trouble and the green ready light was on indicating the system was operational. I verified the two detector heads in the kitchen were clean and had no reason to believe the system was not able to function if it needed to do so.

I have been in the security business since 1980 and have installed and inspected hundreds of systems similar to the ones installed in the Rainbow Inn. These were not unique. The only thing that distinguished it from others was my brother's penchant for using Halon, a very effective and clean extinguishing agent.

I am prepared to travel to testify on behalf of my sister-in-law if necessary. The fire suppression system at the Rainbow Inn was operational the week immediately before the fire. I gave her a written certification that both the Burglar/Fire Alarm System and the Fire Suppression System were operational at the time. I did this as a courtesy to her but did not retain a copy for my records. At the time I saw no reason to.

If you require more detailed information please feel free to contact me. I travel quite a bit but if you leave a message I will respond as soon as I can.

Sincerely,

*Robert J Beck*

Robert J. Beck
President, RJ Beck Protective Systems, Inc.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the **Rule 26(a)(1) Disclosures of Plaintiff** was served upon counsel for the Defendants by first class United States mail, postage prepaid, this 24th day of June, 2005 at the following address:

>Stephen J. Poljak, Esquire
>Marshall, Dennehey, Warner, Coleman & Goggin
>US Steel Tower, Suite 2900
>600 Grant Street
>Pittsburgh, PA 15219

MEYER, UNKOVIC & SCOTT LLP

By: _____
Richard T. Victoria
Pa. I.D.#76681
rtv@muslaw.com
Joshua R. Lorenz
Pa. I.D.#84397
jrl@muslaw.com

MEYER, UNKOVIC & SCOTT LLP
1300 Oliver Building
Pittsburgh, PA  15217
(412) 456-2800
Fax:  (412) 456-2864

Counsel for Plaintiff