# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WALTER BECK CORPORATION d/b/a THE RAINBOW INN, | Civil Action No. 04-348-Erie |
| | Judge Maurice B. Cohill, Jr. |
| Plaintiff, | |
| vs. | |
| SAFECO CORPORATION, AMERICAN ECONOMY INSURANCE COMPANY, and AMERICAN STATES INSURANCE COMPANY, | |
| Defendant. | |

## MOTION FOR SUMMARY JUDGMENT OF DEFENDANTS SAFECO CORPORATION, AMERICAN ECONOMY INSURANCE COMPANY AND AMERICAN STATES INSURANCE COMPANY

AND NOW, come Defendants, Safeco Corporation, American Economy Insurance Company and American States Insurance Company, by and through their counsel, Anstandig, McDyer & Yurcon, P.C. and file the within Motion for Summary Judgment and, in support thereof, aver as follows:

1. On or about December 2, 2004, Plaintiff instituted a civil action against Defendants in which Plaintiff alleged breach of contract of insurance, bad faith and unfair trade practices.

2. On or about January 21, 2005, Defendants filed an Answer and Affirmative Defenses to Plaintiff's Complaint.

3. The Defendant, American Economy Insurance Company, provided a Commercial Property Coverage Form to the Plaintiff, Walter Beck Corporation (See Commercial Property Coverage Form in Appendix as Exhibit "A").

4. The only proper Defendant to this matter is American Economy Insurance Company (hereinafter, "Defendant" or "American Economy"). Safeco Corporation is a holding company and does not issue policies of insurance. While American States Insurance Company does issue insurance policies, it is an independent entity and did not issue the policy in question in this matter. (See Deposition of Paul Smith, Jr. attached in Appendix as Exhibit "B", at p. 14 lines 17-25 and p. 15, 16).

5. The Complaint alleges that a loss occurred on or about December 5, 2003. At the time of the alleged loss, Plaintiff was a merchant in the restaurant business, offering food and beverages, including alcoholic beverages, for sale at an establishment known as the Rainbow Inn. The Complaint further alleges that the Rainbow Inn and its contents were destroyed by fire.

6. Plaintiff notified Defendant of the alleged loss on or about the same day as the fire. Defendant immediately began its investigation of the alleged loss and sent representatives to the scene of the fire to interview representatives of Plaintiff and to investigate the cause and origin of the fire.

7. Defendant contacted an independent investigator, Churchwell Fire Consultants, Inc. on the day of the fire, and representatives of this investigator arrived on the scene as early as the day following the fire. (See Affidavits of Brian Churchwell and James Churchwell attached in Appendix as Exhibits "C" and "D", respectively).

8. During this investigation process, and prior to the denial of Plaintiff's claim, Defendant's representative had occasion to inquire as to whether Plaintiff had in place a fire suppression system, and if said system was in place, whether it was regularly maintained, serviced and inspected.

9. At this time, Harold Beck, who held himself out as a representative of Plaintiff, stated that the fire suppression system had been removed in 1996 or 1997. Harold Beck also told the American Economy representative that Plaintiff had noted the lack of a fire suppression system in writing on a restaurant insurance survey form.

10. The policy of insurance issued to Plaintiff had an endorsement in place, which required that Plaintiff maintain a U.L. listed fire suppression system for the areas around kitchen cooking equipment and that the system be serviced by an independent contractor on a semi annual basis. This endorsement served as a condition of coverage for the policy.

11. Defendant received information provided by Harold Beck regarding the lack of a fire suppression system, and documentary evidence obtained by Defendant consisting of an insurance form filled out by Plaintiff's representative which stated that Plaintiff did not have a fire suppression system in place at the time of the fire. A denial letter was sent to the Plaintiff on or about February 11, 2004. (See Denial Letter of American Economy Insurance Company, dated February 11, 2004, and attached in Appendix as Exhibit "E").

12. On or about February 21, 2004, Harold Beck wrote a letter to Defendant's representative indicating that Plaintiff had a halon fire suppression system in place at the time of the fire. He claimed that there had been a misunderstanding.

13. Defendant wrote again to Plaintiff on or about June 23, 2004 and requested that Plaintiff provide information regarding the system including the name of the independent contractor who maintained the system. Defendant would then request that this contractor provide to Defendant the records on the fire suppression system and

allow Defendant to reassess its position based on the information provided. (See Letter of American Economy Insurance Company, dated June 23, 2004 and attached in Appendix as Exhibit "F").

14. Plaintiff then responded by mail on or about July 5, 2004 and indicated that documentation regarding the alleged fire suppression system had been destroyed in the fire, but provided no information regarding vendors as was requested by Defendant.

15. On or about July 23, 2004, Defendant again requested that Plaintiff provide to Defendant the name of the company who maintained Plaintiff's alleged fire suppression system so that Defendant could contact this company and obtain information regarding the alleged system. Plaintiff never responded to this request. (See letter of American Economy Insurance Company dated July 23, 2004 and attached in Appendix as Exhibit "G").

16. Plaintiff then decided unilaterally not to deal with Defendant anymore and filed suit in this matter. Plaintiff never provided any information that was requested regarding the vendor who maintained the alleged fire suppression system. (See Deposition of Harold Beck, at pp. 85-87, Attached in Appendix as Exhibit "H").

17. Consequently, Defendant based on the facts and plaintiff's conduct, Defendant had no choice but to maintain its position of denial of the claim.

18. An independent investigator, Churchwell Fire Consultants, Inc., was asked by Defendant to inspect the fire site and determine the cause and origin of the fire on or about December 5, 2003. Investigators from this company subsequently conducted an investigation at the scene of the fire.

19.     In the course of its investigation, Churchwell Fire Consultants interviewed Harold Beck, who held himself out to be a representative of Walter Beck Corporation. Mr. Beck made no mention of whether the Rainbow Inn had a fire suppression system in place on the date of the fire. Throughout its investigation, Churchwell Fire Consultants did not observe a fire suppression system or the noncombustible remnants of such a system which one would expect to survive a fire. Churchwell Fire Consultants' opinion is that there was no fire suppression system in place at the Rainbow in on December 5, 2003. (See affidavits of Churchwell fire Investigators, attached in appendix as Exhibits "C" and "D", respectively).

20.     Plaintiff now claims to have had a halon fire suppression system in place on the date of the fire. James F. Valentine, an investigator and certified fire protection specialist, has advised Defendant that halon was never tested by Underwriters Laboratory for application as a suppressant of commercial cooking fires. As a result, Underwriters Laboratory never listed a halon system for use as a fire suppressant of commercial cooking fires. Halon has not, and never has been, an accepted commercial cooking fire suppressant agent. Halon would not be considered an acceptable fire suppressant in commercial kitchens, nor would halon have U.L. listing for such use. (See affidavit of James F. Valentine, attached in Appendix as Exhibit "I").

21.     The Protective Safeguards Endorsement of the policy required that a fire suppression system be U.L. listed.

22.     The policy also required that the fire suppression system be serviced by an independent contractor on a semi annual basis. Prior to filing suit, Plaintiff offered no information to Defendant that Plaintiff had hired an independent contractor to service its

alleged fire suppression system. Defendant has obtained a form document filled out by a representative of Plaintiff in which Plaintiff indicates that it did not have an independent contractor who serviced its alleged fire suppression system, before its removal. (See affidavit of Marta McHale attached in Appendix as Exhibit "J").

23. It was not until one and one half years after the date of the fire that Plaintiff provided an affidavit from the brother of Harold Beck, who started that he inspected the alleged system. However, even Mr. Beck's brother did not provide the dates of service of the system or any documentary evidence of invoices, work orders, notes, or payment records to show that the service had actually been performed. The comments of brother of Mr. Beck, cannot overcome the prior admissions of Harold Beck, on behalf of the Walter Beck Corporation, that indeed the system had been removed. (See Affidavit of Marta McHale attached in Appendix as Exhibit "K", and Claim File Notes attached as Exhibit "L".)

24. Plaintiff appears to have made a claim for the loss of the structure that housed the Rainbow Inn. The documentation provided by Plaintiff through discovery included a lease, which indicated that the structure and surrounding property was actually owned by Sharon and Harold Beck. The Becks then in turn leased the structure and property to the Walter Beck Corporation. The only named insured on the insurance policy in question was Walter Beck Corporation. Walter Beck Corporation did not own the structure which housed the Rainbow Inn, and the individual owners of the structure and property were not named insureds on the policy. A claim, therefore, cannot be maintained by Plaintiff for the loss of the structure. (See Lease document attached in Appendix as Exhibit "M").

25. Additionally, Plaintiff has made a claim for losses of food and beer, liquor, and contents, lost in the fire. The only information provided to Defendant regarding these losses was inventory lists prepared by representatives of Plaintiff. The inventories provided by Plaintiff are not consistent with Plaintiff's federal income tax returns, which Defendant obtained in discovery. (See report of Defendant's expert, Horovitz, Rudoy & Roteman, C.P.A.s, attached in Appendix as Exhibit "N").

26. A representative of the Plaintiff, Sharon Beck, was deposed in this matter, and she indicated that it was she who prepared these inventory lists. She further indicated that the lists were formulated by memory and with little to no investigation of actual orders to vendors. The only investigation conducted by Mrs. Beck as to the value of these items allegedly lost was a review of restaurant catalogues. Plaintiff has never provided any documentary evidence of orders or invoices which would indicate the value of these alleged losses. Sharyn Beck also testified as designee of plaintiff that she knew the insurance required a fire suppression system. (See Deposition of Sharyn Beck, attached in appendix as Exhibit "O").

27. Defendants now move for Summary Judgment based on the following arguments:

    a. The conditions for coverage under the commercial property Protective Safeguards Endorsement have not been satisfied.

    b. The alleged claim is also expressly excluded as Plaintiff "knew of [a] suspension or impairment in [a] protective safeguard listed in the [policy] schedule and failed to notify [Defendant] of that fact"; or Plaintiff "failed to maintain [a] protective safeguard listed in the [policy] schedule…over which [Plaintiff] had control, in complete working order.

      c.      Plaintiff's proof of claimed damages resulting from the fire are without demonstrable insurable interest if recovery for real estate not owned is sought and without reasonable support for business personalty.

      d.      The Defendant American Economy Insurance Company did not deny the Plaintiff's benefits in bad faith because it had a reasonable basis to deny such benefits.

      e.      The Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. 201-1, et. seq., is inapplicable to this matter.

      f.      The only proper Defendant to this matter is American Economy Insurance Company, which was the insurer that issued the policy. All other Defendants should be dismissed.

28. Argument regarding the above can be found in the Brief in Support of Defendant's Motion for Summary Judgment.

WHEREFORE, Defendants respectfully request that this Honorable Court enter summary judgment in favor of the Defendants, Safeco Corporation, American Economy Insurance Company and American States insurance Company, and against Plaintiff, Walter Beck Corporation on all of the claims in Plaintiff's Complaint.

      Respectfully Submitted,

      Anstandig, McDyer & Yurcon, P.C.

      BY: s/ Daniel P. McDyer
      Daniel P. McDyer, Esquire
      Attorney for Defendants

      707 Grant Street
      1300 Gulf Tower
      Pittsburgh, PA 15219
      (412) 765-3700