IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WALTER BECK CORPORATION d/b/a THE RAINBOW INN,<br><br>       Plaintiff,<br><br>vs.<br><br>SAFECO CORPORATION, AMERICAN ECONOMY INSURANCE COMPANY, and AMERICAN STATES INSURANCE COMPANY,<br><br>       Defendant. | Civil Action No. 04-348-Erie<br><br>Judge Maurice B. Cohill, Jr. |

**CONCISE STATEMENT OF MATERIAL FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

1. Plaintiff was a corporation incorporated under the laws of the Commonwealth of Pennsylvania with its principal place of business in Pennsylvania. Plaintiff did business under the fictitious name of The Rainbow Inn and operated a restaurant and bar business known as the Rainbow Inn.

2. Defendant American Economy Insurance Company was incorporated in the State of Indiana, and issued the commercial property insurance to Plaintiff.

3. Defendant American Economy is the only insurance company Defendant that issued the policy in question. Plaintiff, Walter Beck Corporation is the only named insured.

4. Policy has a Protective Safeguards Endorsement.

5. The endorsement creates a condition to coverage, in the following terms:

> "PROTECTIVE SAFEGUARDS
>
> a.    As a condition of this insurance, you are required to maintain the protective devices or services listed in the Schedule above.

      b.      The protective safeguards to which this endorsement applies are identified by the following symbols:

… 'P-8' Commercial Cooking Protection – A U.L. listed automatic fire suppression system installed for the protection of cooking and ventilating equipment, including plenums, exhaust ducts and hood over cooking appliances. The suppression system must be serviced by an independent contractor on a SEMI ANNUALLY basis. The ventilating system, including plenums, exhaust ducts, roof vent and hood over cooking appliances must be cleaned by an independent contractor on a QUARTERLY basis.

We will not pay for loss or damages caused by or resulting from fire if, prior to the fire, you:

    a.    Knew of any suspension or impairment in any protective safeguard listed in the Schedule above and failed to notify us of that fact; or

    b.    Failed to maintain any protective safeguard listed in the Schedule above, and over which you had control, in complete working order. (Exhibit B)

6. A fire occurred on December 5, 2003.

7. Defendant American Economy denied a claim by Plaintiff for property fire loss on February 11, 2004.

8. Plaintiff denied that it had a fire suppression system on the date of fire, recanted and said that a Halon fire suppression system was in the restaurant's kitchen.

9. Halon is not a U.L. listed commercial cooking extinguishing system.

10. Plaintiff submitted 3 inventories prepared by Sharyn Beck from memory.

11. Plaintiff, Walter Beck Corporation leased the premises from Sharyn and Harold Beck.

12. Plaintiff, Walter Beck Corporation did not own the premises consumed in the fire.

13. The Plaintiff claims pertain solely to a commercial use.

14. Plaintiff notified Defendant of the alleged loss on or about the same day as the fire. Defendant immediately began its investigation of the alleged loss and hired independent representatives to investigate the cause and origin of the fire.

15. Defendant contacted an independent investigator, Churchwell Fire Consultants, Inc. on the day of the fire, and representatives of this investigator arrived on the scene as early as the day following the fire.

16. The matter also was investigated by the investigating unit of American Economy Insurance.

17. The State Police also investigated the fire and interviewed 25 people in the course of the investigation, making its investigation available to defendant.

18. The claim representative for American Economy requested information regarding the independent contractor who serviced the alleged fire suppression system on June 23, 2004 and July 23, 2004 without responsive reply from Plaintiff.

19. Plaintiff provided 3 inventories of items lost in the fire which were not consistent with Plaintiff's income tax returns.

20. Defendant consulted with Churchwell Fire Consultants, Inc.

21. Defendant consulted with James F. Valentine, fire equipment specialist.

22. Defendant consulted with Horovitz, Rudoy & Roteman Certified Public Accountants.

23. Defendants consulted with Plaintiffs insurance agent, Sundahl & Co.

                    Anstandig, McDyer & Yurcon, P.C.

                    BY: s/ Daniel P. McDyer
                    Daniel P. McDyer, Esquire
                    Pa. I.D. #19854
                    Attorney for Defendants

                    1300 Gulf Tower – 707 Grant Street
                    Pittsburgh, PA 15219
                    (412) 765-3700