# HOROVITZ RUDOY & ROTEMAN

CERTIFIED PUBLIC ACCOUNTANTS AND BUSINESS ADVISORS

December 4, 2006

Daniel P. McDyer, Esquire
Anstandig, McDyer & Yurcon, P. C.
Attorneys at Law
1300 Gulf Tower
707 Grant Street
Pittsburgh, Pa. 15219-1911

Subject: Walter Beck Corp. d/b/a The Rainbow Inn v. Safeco Corp., American Economy Insurance, and American States Insurance Company

Dear Mr. McDyer,

I have reviewed the inventories, tax records and correspondence that you provided to me, as further described in Schedule I attached herewith, related to the December 5, 2003, fire at the rural tavern operated by Walter Beck Corporation, in McKean County, Pa. That incident resulted in an insurance claim filed by the Corporation to Safeco Corp. et al.

The purpose of the review is to compare the fire loss inventory claim amounts with the financial data reported in the Company's income tax returns to determine if the amounts are reasonably consistent.

The comparison was performed and the results revealed inconsistencies that are material and can not be explained from the information available. The differences noted raise many questions as to how the inventory amounts were determined. Following is a discussion of the procedures performed during the comparison and the inconsistencies noted.

The claim consists of three inventory lists. The lists cover items of food & beer, liquor and one described as "inventory" which covers other assets. The lists provide the quantity, description, price and total value of each item. The total value of the list is summarized on the form as well. No further information is documented on the forms.

I understand, based upon your representation, that the inventory lists were provided by the claimant with no corroborating evidence. In addition, I understand the corporate income tax returns for years 2000 through 2002 and the related correspondence that you furnished me to for review were obtained by you through subpoena directed to the tax preparer. I understand that you were unable to obtain a copy of the corporation's 2003 income tax return.

DEFENDANT'S EXHIBIT M

Koppers Building, Sixth Floor • 436 Seventh Avenue • Pittsburgh, PA 15219-1853 • 412-391-2920 • Fax: 412-391-4703
E-mail: team@hrrcpa.com • www.hrrcpa.com

Member American and Pennsylvania Institutes of Certified Public Accountants • Member of CPA Associates International

The corporate income tax returns report information on company assets at the end of the company's year, in this case, December 31. That information represents an available source of data that can be used to compare claim values to for consistency and reasonableness.

Vendor invoices substantiating the amounts reported on the inventory claims were not available. A description of the method used to determine the existence and price of each item presented on the inventory listings was not furnished. Consequently, I chose to review the corporate income tax returns in search of reported amounts that would be consistent with and support the amounts claimed on the inventory listings.

Food & Beer and Liquor inventories were examined first. The method used to determine the existence and price of each inventory item is unknown. It is known and agreed that the items do constitute inventory for income tax reporting purposes. Inventories are required to be reported on the corporate income tax returns at year end and are to be carried at cost. The claimant inventory list was compared to the inventory amount reported on the corporate income tax return for year 2002 and compared to inventory trends developed using the 2000 and 2001 income tax returns as well. The combined amount reported on the Food & Beer ($3,812.91) and Liquor ($2,380.56) inventories was $6,193.47. The amount of inventory reported on the tax return at the December 31, 2002 was $525. The ending inventory amounts reported on the tax returns for years ended December 31, 2000 and 2001 were $1,500 and $1,200, respectively. Sales reported on the tax returns decreased from $60,119 in 2000 to $28,631 in 2002. There is no explanation as to why the inventory value on December 5, 2003 increased significantly from the amount reported on the tax return at December 31, 2002.

The list identified as "Rainbow Inn – Inventory" was examined next. The method used to determine the existence and price of each inventory item is unknown. The list was scanned to ascertain the nature of the items contained therein to clarify the general nature of the listing's title. It was determined that the list consists substantially of depreciable assets that are required to be reported on the corporate income tax return. The total amount presented on the list is $79,957.50, whereas the cost of depreciable assets on the tax return is reported as $37,887. No depreciation schedule is available to determine the detail of the depreciable amounts reported on the tax return. There is no explanation as to why the "Rainbow Inn – Inventory" amount is materially larger than the assets presented on the tax return.

The 2002 corporate income tax return reports the amount of depreciable assets owned by the Company and the amount of the annual depreciation expense taken on those assets. Depreciation taken for year 2002 was $98. The small amount of annual depreciation indicates that the Company is depreciating its assets over a long period of time perhaps thirty years or more. Assets that are required to be depreciated over such long periods of time are generally leasehold improvements and are not business equipment or furniture. No depreciation schedule is available to determine the detail of the depreciation expense claimed on the tax return. There is no explanation as to why the depreciation expense reported in year 2002 is so small.

Conclusion

Based upon reasonable accounting practices, adequate documentation has not been provided to establish a value of the inventory allegedly damaged on December 5, 2003, at the Walter Beck Corporation facility located at Lewis Run in McKean County Pennsylvania.

All opinions, findings and conclusions expressed in this report have been rendered with a reasonable degree of professional certainty. My fee for services on this project has been at $195 per hour.

Respectfully submitted,

Thomas J. Ryan, CPA/CVA

Walter Beck Corporation d/b/a The Rainbow
Inn v. Safeco Corp., American Economy Insurance,
and American States Insurance Company

Schedule I - List of Inventories, Tax Records
and Correspondence Obtained in Connection With the
Insurance Claim Resulting From the December 5, 2003 Fire

1. Letter to Josh Lorenz, Esquire From Karen Perrigo CPA, Walter Beck Corporation tax preparer, dated November 1, 2006. Letter furnished copies of the 2000, 2001 and 2002 Corporate income tax returns and tax preparer's comments and inquires to the taxpayer.

2. Copy of the Rainbow Inn Claim for Loss of Food & Beer Inventory

3. Copy of the Rainbow Inn Claim for Loss of Liquor Inventory

4. Copy of the Rainbow Inn Claim for Loss of Inventory