EXHIBIT "H'

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WALTER BECK CORPORATION d/b/a THE RAINBOW INN, <br><br> Plaintiff, <br><br> vs. <br><br> SAFECO CORPORATION, AMERICAN ECONOMY INSURANCE COMPANY and AMERICAN STATES INSURANCE COMPANY, <br><br> Defendants. | CIVIL ACTION <br><br> No. 04-348 - ERIE |

## RESPONSES TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS

AND NOW, come the Defendants, Safeco Corporation, American Economy Insurance Company and American States Insurance Company by their attorneys, Stephen J. Poljak and MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN and sets forth the following Responses to Plaintiff's Request for Production of Documents, and states as follows:

1. All documents concerning, identified in, and/or requested to be identified in the preceding interrogatories.

**RESPONSE:**

All documents relevant to this claim, whether identified in Answers to Interrogatories or not, are attached hereto. Bate stamp numbered 0001 – 0338.

2. All documents relied upon in preparing your answers to the preceding interrogatories.

**RESPONSE:**

All documents responsive to this request are attached hereto. Further, counsel for the Defendants believes that documents responsive to this request were previously provided with the Defendants' Initial Disclosure Statement.

3. All documents concerning Beck, the Rainbow Inn, and/or the Fire.

**RESPONSE:**

See response to Request No. 2.

4. Any and all documents concerning Safeco's reasons, defenses, and/or justifications for denying Beck's claims for coverage under the Policy.

**RESPONSE:**

As previously indicated, Safeco Corporation is not an insurance company and neither it nor American States Insurance Company issued any policy to the Plaintiff. However, American Economy Insurance Company's reasons for denying the Plaintiff's claims is the statement by Mr. Beck that the premises did not have the required fire suppression equipment. Pursuant to the applicable insurance policy, the Plaintiff was required to maintain such a system and conduct periodic inspections. Any documents responsive to this request are attached hereto and documents responsive to this request were previously provided in the Defendants' Initial Disclosure Statement.

5. Any and all documents concerning, generated by or utilized in any investigation of Beck's claims by Safeco, its agents, representatives, and/or employees.

**RESPONSE:**

Documents attached hereto. Bate stamp numbered 0001 – 0338.

6. All documents concerning or related to Safeco's answers to the preceding interrogatories.

**RESPONSE:**

This request is repetitious of Request No. 2. See response to Request No. 2.

7. All documents relating to, concerning, and/or allegedly supporting the statements, allegations and contentions in Safeco's pleadings in this Litigation.

**RESPONSE:**

This request is repetitious of Request No. 4. See response to Request No. 4.

8. All documents concerning or supporting any defenses asserted or intended to be asserted by Safeco in this action against the claims asserted by Beck.

**RESPONSE:**

This request is repetitious of Request No. 4 and Request No. 7. See response to Request No. 4.

9. All claims files or documents concerning Beck, the Rainbow Inn, and/or the Fire.

**RESPONSE:**

Attached.

10. All documents concerning Beck's claims for coverage under the Policy.

**RESPONSE:**

This request is repetitious of Request No. 9. See response to Request No. 9.

11. All e-mails or other electronic communications or documents concerning Beck, the Rainbow Inn, the Fire, Beck's claims for coverage under the Policy, and/or the Litigation.

**RESPONSE:**

Electronic file documents attached. Bate stamp numbered 0067 – 0124.

3

12. All documents concerning communications and/or correspondence between Safeco and Beck.

**RESPONSE:**

Attached. Bate stamp numbered 0001 – 0066.

13. All documents concerning communications and/or correspondence between Safeco and any person or entity concerning Beck, the Rainbow Inn, the Fire, Beck's claims for coverage under the Policy, and/or the Litigation.

**RESPONSE:**

Attached. Bate stamp numbered 0001 – 0338.

14. All subpoenas issued by Safeco and/or its counsel concerning Beck, the Rainbow Inn, the Fire, Beck's claims for coverage under the Policy, and/or the Litigation.

**RESPONSE:**

Attached.

15. All underwriting files and documents concerning the Policy, any insurance policy issued by Safeco, its subsidiaries, and/or affiliated companies to Beck, and/or any insurance policy issued by Safeco, its subsidiaries, and/or affiliated companies concerning the Rainbow Inn.

**RESPONSE:**

See Response to Request No. 11.

16. All documents concerning communications and/or correspondence between and/or among Safeco, its employees, managers, agents, and/or representatives concerning Beck, the Rainbow Inn, the Fire, Beck's claims for coverage under the Policy, and/or the Litigation.

**RESPONSE:**

See response to Request No. 2.

17. All documents concerning communications and/or correspondence between Safeco and any person or entity concerning the Policy and/or coverage provided under the Policy.

**RESPONSE:**

This request is repetitious of Request No. 16. See response to Request No. 16.

18. Any and all documents which you intend to introduce as exhibits at the trial of this Litigation.

**RESPONSE:**

At the present time, counsel on behalf of the Defendant has not made any determination as to the identification of exhibits that may be used at the trial of this litigation. Counsel for the Defendants will provide the identification of all exhibits intended to be used at trial, if any, as directed by the District Court.

19. All documents concerning the allegations of Safeco's pleadings filed in this Litigation.

**RESPONSE:**

This request is repetitious of Request No. 7 and 8. See the response to those requests.

20. Any claims manuals utilized by and/or available to Safeco and/or its employees, managers, agents, and/or representatives concerning the processing and/or handling of claims for losses resulting from fire or property damage claims.

**RESPONSE:**

None.

21. Any documents concerning any of Safeco's claim investigation guidelines or procedures.

**RESPONSE:**

Objection. The Defendants object to this Interrogatory since it is overly broad, not limited in time or scope, and not reasonably calculated to lead to the discovery of relevant evidence. This request has no time frame and would theoretically require the Defendants to produce all documents regarding claim investigation guidelines or procedures from the beginning of the companies to the present time. Further, notwithstanding said objection, the Defendant, American Economy Insurance Company responds that it has no central claims investigation guidelines which can be produced.

22. Any documents concerning any attempts by Safeco (successful or otherwise) to obtain information concerning Beck or the Rainbow Inn prior to the Fire.

**RESPONSE:**

See response to Request No. 2.

23. Any documents concerning Safeco's net worth.

**RESPONSE:**

Objection. Please see the objection set forth to Interrogatory No. 15.

24. Any documents concerning your contention in paragraph 9 of the Amended Answer and Affirmative Defenses that "the Defendants were advised by the Plaintiff that a fire suppression system had been removed and never reinstalled in the subject premises."

**RESPONSE:**

This request is repetitious of Request No 4. See response to Request No. 4.

25. Any documents concerning your contention in paragraph 16 of the Amended Answer and Affirmative Defenses that "Plaintiff has failed to perform all of its obligations under the policy allegedly issued to it by the American Economy Insurance Company."

**RESPONSE:**

As indicated, the applicable policy required the Plaintiff to have and maintain a fire suppression system. Based upon information received from the Plaintiff, the subject property did not have such a system. Please see a copy of the Plaintiff's insurance policy in response to this request which is attached.

26. Any documents concerning your contention in paragraph 17 of the Amended Answer and Affirmative Defenses that "Plaintiff negligently or intentionally failed to disclose, concealed or misrepresented facts, which were material and were known by the Plaintiff to be material to the risks allegedly undertaken by the Defendants for the purpose of inducing the Defendants to issue the subject policy."

**RESPONSE:**

See response to Request No. 25.

7

27. A privilege log.

**RESPONSE:**

Nothing has been retained on the basis of privilege.

Respectfully submitted,

MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN, P.C.

_____
Stephen J. Poljak, Esquire
PA I.D. #49720
Attorney for Defendants
2900 U.S. Steel Tower
Pittsburgh, PA 15219
(412) 803-1140 / phone

## CERTIFICATE OF SERVICE

I hereby certify that I have served upon all person(s) listed below a true and correct copy of the **Responses to Plaintiff's Request for Production of Documents** in the above-captioned matter by U.S. First-Class Mail, postage prepaid, this ___ day of November, 2005.

Richard T. Victoria, Esquire
MEYER, UNKOVIC & SCOTT, LLP
1300 Oliver Building
535 Smithfield Street
Pittsburgh, PA 15222

MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN, P.C.

_____
Stephen J. Poljak, Esquire
PA I.D. #49720
Attorney for Defendants