EXHIBIT "I"

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WALTER BECK CORPORATION d/b/a THE RAINBOW INN, | ) CIVIL DIVISION<br>)<br>) Civil Action No. 04-348 - Erie |
| Plaintiff, | ) |
| | ) JUDGE MAURICE B. COHILL, JR. |
| vs. | ) |
| | ) |
| SAFECO CORPORATION, AMERICAN ECONOMY INSURANCE COMPANY, and AMERICAN STATES INSURANCE COMPANY, | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF WALTER BECK CORPORATION'S SECOND SET OF INTERROGATORIES AND SECOND REQUEST FOR PRODUCTION OF DOCUMENTS DIRECTED TO DEFENDANTS**

Plaintiff, Walter Beck Corporation ("Beck"), by and through its undersigned counsel, hereby serves this Second Set of Interrogatories and Second Request for Production of Documents Directed to Defendants, Safeco Corporation, American Economy Insurance Company, and American States Insurance Company (collectively "Safeco"). Pursuant to the Federal Rules of Civil Procedure, within thirty (30) days of the date of service, Safeco is required to respond to these interrogatories in writing and under oath, and to provide the documents requested herein, at the offices of Meyer, Unkovic & Scott LLP, 1300 Oliver Building, Pittsburgh, Pennsylvania 15222, or at such other location as may be agreed upon by the parties.

These interrogatories and requests for production of documents are continuing in nature, so as to require supplemental responses if Safeco, or anyone acting on Safeco's behalf, obtains further information between the time responses are served and the time of trial.

# INSTRUCTIONS

The following instructions apply to this discovery request:

1.   In responding to this discovery request, Safeco is requested to furnish all information and documents known or available to them regardless of whether such information and documents are directly in its possession or that of its employees, agents, representatives, attorneys, or experts. As Safeco is a corporation, this discovery request includes production of all information and responsive documents in the possession, custody or control of its officers, employees, agents, servants, representatives, attorneys, or other persons directly or indirectly employed or retained by it, or anyone else acting on its behalf or otherwise subject to its control, and any merged, consolidated, or acquired predecessor or successor, parent, subsidiary, division or affiliate.

2.   If any requested document is no longer in the possession, custody or control of Safeco, then you must state the following:

      a)   what was done with the document;

      b)   when such document was created;

      c)   the identity and address of the current custodian of the document;

      d)   the person who made the decision to transfer or dispose of the document; and

      e)   the reasons for the transfer or disposal.

3.   If any of the discovery requests cannot be answered fully and completely, Safeco shall respond to the extent possible, specifying the reasons for its inability to answer the remainder and stating the substance of their knowledge, information and belief concerning the subject matter of the unanswered portion. Such a statement shall include the steps taken to locate any responsive

documents or the requested information.

4. If anything has been deleted from a document produced in response to this discovery request, then Safeco must specifically identify:

    a)     the nature of the material deleted;

    b)     the reason for the deletion; and

    c)     the person responsible for the deletion.

5. If objection is made to producing any document, or any portion thereof, or to disclosing any information contained therein on the basis of any claim of privilege, Safeco must specify in its response the nature of such information and documents, along with the nature of the privilege claimed, so that the Court may rule on the propriety of the objection. Specifically, Safeco should state the following:

    a)     the title of the document;

    b)     the nature of the document;

    c)     the author or sender;

    d)     the addressee;

    e)     the date of the document;

    f)     the name of each person to whom the original or a copy was shown or circulated;

    g)     the name appearing on any circulation list relating to the document;

    h)     the basis upon which privilege is claimed; and

    i)     a summary statement of the subject matter of the document in sufficient detail to permit the court to rule on the propriety of the objection.

6.  Wherever appropriate in this discovery request, the singular form of a word shall include their plural. Likewise, words used in the plural shall also be taken to mean and include the singular.

7.  Wherever a masculine pronoun or possessive adjective appears, reference is made to both male and female persons, as appropriate.

8.  These discovery requests shall be deemed continuing so as to require supplemental responses if Safeco or anyone on its behalf obtains additional information and/or documents between the time the responses are served and the termination of any trial on the matters alleged in this action.

## DEFINITIONS

The following definitions will apply to this discovery request:

1.  "Any" shall be understood to include and encompass "all".

2.  "Concerning" includes, without limitation, constituting, referring to, alluding to, responding to, relating to, connected with, commenting upon, in respect to, about, regarding, discussing, showing, describing, reflecting or analyzing.

3.  As used herein, the word "document" means any kind of written or graphic matter, however produced or reproduced, of any kind or description, whether sent or received or neither, including originals, copies and drafts and both sides thereof, and including but not limited to: papers, books, accounts, letters, photographs, objects, correspondence, telegrams, cables, telex messages, memoranda, notes, notations, work papers, transcripts, notes, e-mail messages, minutes or reports of telephone or other conversations, or of interviews, or of conferences, or of directors' meetings, or of committee meetings or of other meetings, inter- or

intra- office communications, inter- or intra-departmental communications, resolutions, certificates, opinions, reports, studies, analyses, evaluations, contracts, licenses, agreements, ledgers, journals, books or records of account, summaries or accounts, balance sheets, interim statements, budgets, receipts, invoices, desk calendars, appointment books, diaries, lists, tabulations, summaries, sound recordings, computer tapes, magnetic tapes, microfilms, punch cards, all other records kept by electronic, photographic, xerographic or mechanical means, and things similar to any of the foregoing however denominated.

4. A request in this discovery to "identify" a writing or document is a request for the following information:

    (a) a description of the document, including its subject matter;
    (b) the names of the persons who received it;
    (c) its date;
    (d) any identifying number or code; and
    (e) the name of the present custodian of the document and when he or she obtained possession of such document.

5. A request in this discovery to "identify" a communication is a request for the following information:

    (a) the date of the communication;
    (b) identification of the person who made the communication;
    (c) identification of the person(s) who received the communication; and
    (d) an identification of any document concerning the communication.

6. A request in this discovery to "identify" an event or occurrence is a request for the following information:

    (a) the date of the event or occurrence;
    (b) the general nature of the event or occurrence (e.g., conversation, meeting, sale);
    (c) the place of the event or occurrence;
    (d) the identity of the participants in the event or occurrence;
    (e) the identity of each person having knowledge of the event or occurrence; and

    (f)    the identity of all documents evidencing the event or occurrence.

7. A request in this discovery to "identify" a person is a request for the following information:

    (a)    his or her full name and all other names by which he or she may be known;
    (b)    his or her current business address and telephone number or, if unknown, his or her last known business address and telephone number;
    (c)    his or her present residential address and telephone number or, if unknown, his or her last known residential address and telephone number; and
    (d)    his or her present occupation, position and business affiliation, or, if unknown, his or her last known occupation, position and business affiliation.

8. The term "Safeco" as used herein refers to Defendants Safeco Corporation, American Economy Insurance Company, and American States Insurance Company, their officers, directors, attorneys, investigators, agents, employees, and other representatives.

9. The term "Beck" as used herein refers to Walter Beck Corporation, its officers, directors, agents, employees, and other representatives.

10. The term "The Rainbow Inn" refers to the restaurant known as the Rainbow Inn formerly located at Route 59, Marshburg, McKean County, Pennsylvania 16735.

11. "You" and "your" refers to Safeco.

12. "Litigation" refers to the present action docketed in the United States District Court for the Western District of Pennsylvania at Civil Action No. 04-348.

13. The term "Policy" refers to the "Ultra Series Package Policy" issued to Beck by Safeco, numbered 02CC771900, and providing coverage for the period of April 23, 2003 to April 23, 2004.

14.  The term "Fire" refers to the incident occurring on December 5, 2003 in which the Rainbow Inn and its contents were destroyed by fire.

### **INTERROGATORIES**

1.  Identify each and every interview, investigation, inquiry, study, analysis or other action undertaken by the defendants or on the defendants' behalf regarding the presence or absence of a fire suppression system in the Rainbow Inn, including:

   (a)  The date of each such interview, investigation, inquiry, study, analysis or other action;

   (b)  The person and/or entity that performed each such interview, investigation, inquiry, study, analysis or other action;

   (c)  The date of each such interview, investigation, inquiry, study, analysis or other action;

   (d)  The location of each such interview, investigation, inquiry, study, analysis or other action;

   (e)  The subject matter of each such interview, investigation, inquiry, study, analysis or other action;

   (f)  The result of each such interview, investigation, inquiry, study, analysis or other action; and

   (g)  Any document(s) relating to each such interview, investigation, inquiry, study, analysis or other action.

**ANSWER:**

2. Identify each and every interview, investigation, inquiry, study, analysis or other action undertaken by the defendants or on the defendants' behalf regarding the value of the loss suffered by Beck as a result of the Fire, including:

    (a) The date of each such interview, investigation, inquiry, study, analysis or other action;

    (b) The person and/or entity that performed each such interview, investigation, inquiry, study, analysis or other action;

    (c) The date of each such interview, investigation, inquiry, study, analysis or other action;

    (d) The location of each such interview, investigation, inquiry, study, analysis or other action;

    (e) The subject matter of each such interview, investigation, inquiry, study, analysis or other action;

    (f) The result of each such interview, investigation, inquiry, study, analysis or other action; and

    (g) Any document(s) relating to each such interview, investigation, inquiry, study, analysis or other action.

**ANSWER:**

## DOCUMENT REQUESTS

**Please produce the following documents:**

1. All documents concerning, identified in, and/or requested to be identified in the preceding interrogatories and/or relied upon in preparing your answers to the preceding interrogatories.

2. All internal memoranda, documents, and correspondence of any defendant that set forth its opinion that it is bound, or not bound, by the standards set forth in the Pennsylvania Unfair Insurance Practices Act, the Pennsylvania Unfair Claims Settlement Practices Regulations, and the Pennsylvania Unfair Trade Practices and Consumer Protection Law.

3. All claims manuals, policy manuals, policy statements, or other documents regarding the processing of claims for the years 2001 to the present, including, but not limited to, any changes or alterations to those manuals, statements or documents.

4. All sales manuals or documents provided to sales agents or brokers of other documents regarding the sale of insurance to members of the public for the years 1996 to the present, including, but not limited to, any changes or alterations to those manuals or documents.

5. All underwriting manuals, or other documents regarding underwriting of claims for the years 1996 to the present, including, but not limited to, any changes or alterations to those manuals or documents.

6. All manuals, educational materials, written instructions, video tapes, audio tapes, or documents used for the training of defendants' agents, adjusters, and other personnel who were involved in the processing of plaintiff's policy and claim.

7. All letters, memoranda, or other documents relating to a state administrative or other governmental review of any issue regarding the processing of plaintiff's policy or claim or

a policy or claim similar to the one issued or submitted by the plaintiff.

8. Copies of each defendant's financial statements, including by not limited to, balance sheets and income statements, for the years 2001 to the present.

9. Copies of each defendant's financial statements filed with the Pennsylvania Department of Insurance for the years 2001 to the present.

10. Copies of each defendant's reports published by the A. M. Best Company for the years 2001 to the present.

11. All advertising brochures or materials utilized to market each defendant's products or services in Pennsylvania from 1996 to the present.

12. Videotapes of all television advertising or commercials broadcast in the Western District of Pennsylvania from 1996 to the present.

13. Audio tapes and transcripts of all radio advertising or commercials broadcast in the Western District of Pennsylvania from 1996 to the present.

14. Copies of all complaints filed from 1996 to the present with the insurance department of any state by insureds against any defendant for claims involving fire damage.

15. Copies of all consent orders, adjudications, and/or disciplinary proceedings of any nature whatsoever concerning fire damage claims from Pennsylvania and from all other states in which any defendant writes insurance for fire damage.

16. A complete copy, including all exhibits, of all examinations under oath taken by or on behalf of any defendant prior to the denial of Beck's claim at issue in this action.

17. The entire file and reports of each expert whom you have retained, which should include, but not be limited to, all reports and draft reports of each expert, notes, and any documentation upon which each expert relied in formulating his/her opinion.

18. All reports and curriculum vitae of every expert whom you have retained or consulted in this matter.

19. All documents and reports supplied to or by an expert whom you have retained or consulted in this matter.

20. All surveys, audits, analyses, questionnaires, applications or other documents concerning Beck or the Rainbow Inn.

21. Any documents concerning any valuation of the loss or damage caused by the Fire.

22. All documents, files, and/or notes, whether in hard copy or electronic form, prepared by or, at any time, in the possession of Paul Smith concerning Beck or the Rainbow Inn.

23. If any of the documents or things requested above in requests 1 through 22 have not been produced because of a claim of privilege, please specifically identify that document and/or thing and identify the privilege you are asserting in reference to that document or thing.

MEYER, UNKOVIC & SCOTT LLP

By: _____
Richard T. Victoria
Pa. ID.# 76681
*rtv@muslaw.com*
Joshua R. Lorenz
Pa. ID # 84397
*jrl@muslaw.com*
1300 Oliver Building
Pittsburgh, PA 15222
Phone: (412) 456-2800
Fax: (412) 456-2864
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the within Plaintiff Walter Beck Corporation's Second Set of Interrogatories and Second Request for Production of Documents Directed to Defendants was served upon counsel of record via U.S. mail, postage prepaid, this 29th day of June, 2006, addressed as follows:

Daniel P. McDyer, Esquire
Anstandig, McDyer & Yurcon, P.C.
1300 Gulf Tower
707 Grant St.
Pittsburgh, PA  15219-1911


_____
Richard T. Victoria