EXHIBIT "J"

IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WALTER BECK CORPORATION d/b/a THE RAINBOW INN, | Civil Action No. 04-348-Erie |
| Plaintiff, | Judge Maurice B. Cohill, Jr. |
| vs. | |
| SAFECO CORPORATION, AMERICAN ECONOMY INSURANCE COMPANY, and AMERICAN STATES INSURANCE COMPANY, | |
| Defendants. | |

## OBJECTIONS AND RESPONSES TO PLAINTIFFS SECOND SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Federal Rules of Civil Procedure 33 and 34, Defendants, by undersigned counsel, hereby object and respond to the Second Set of Interrogatories and Request for Production of Documents propounded by Plaintiff, (the proper party being American Economy Insurance Company) as follows:

## GENERAL OBJECTIONS

Defendants response to each Interrogatory and Discovery Request is subject to the following general objections which apply, as applicable, as if incorporated and set forth in full in each response thereto:

1.  Defendants object to Plaintiff's Discovery and all instructions, definitions and other provisions contained therein to the extent that they seek to impose any obligation or responsibility beyond that imposed by the applicable Federal Rules of Civil Procedure.

2.  Defendants object to Plaintiff's Discovery and all instructions, definitions and other provisions contained therein to the extent that they fail to comply with the requirements of Federal Rules of Civil Procedure 33, 34, 26, or any other Federal Rule of Civil Procedure.

3.  Defendants object to Plaintiff's Discovery and all instructions, definitions and other provisions contained therein to the extent that they alter the plain meaning of any term.

4.  Defendants object to Plaintiff's Discovery and all instructions, definitions and other provisions contained therein to the extent that they lead to the formulation of answers/responses that are either inaccurate when read against a specific discovery request or that create an inaccurate or misleading record.

5.  Defendants object to Plaintiff's Discovery and all instruments, definitions and other provisions contained therein to the extent that any portion thereof is vague, ambiguous, overly broad, unintelligible, oppressive, compound, argumentative, cumulative, duplicative, unduly burdensome and/or requires the making of an unreasonable investigation or the incurrence of an unreasonable expense on the part of a Defendant.

6.  Defendants object to Plaintiff's Discovery and all instructions, definitions and other provisions contained therein to the extent that any portion thereof seeks discovery of information that is publicly available, including information that has been disseminated by, from, or to a court or governmental agency, publications, and/or information that has been made widely available to the trade or public.

7.  Defendants object to Plaintiff's Discovery and all instructions, definitions and other provisions contained therein to the extent that any portion thereof seeks discovery of information that is neither relevant to the subject matter of this action nor reasonable calculated to lead to the discovery of relevant or admissible evidence.

8. Defendants object to Plaintiff's Discovery and all instructions, definitions and other provisions contained therein to the extent that any portion thereof seeks information or documents protected from disclosure by the attorney-client privilege, the work product doctrine, the Federal Rules of Civil Procedure and/or other applicable privilege, protection and/or restriction.

9. Defendants object to Plaintiff's Discovery and all instructions, definitions and other provisions contained therein to the extent that any portion thereof seeks disclosure of confidential or proprietary business information, trade secrets, or any other private information protected against disclosure by law or rule of court.

10. Defendants object to Plaintiff's Discovery and all instructions, definitions and other provisions contained therein to the extent that any portion thereof seeks discovery of information in a manner not authorized by or more burdensome than that permitted by the applicable Federal Rules of Civil Procedure.

11. Defendants object to Plaintiff's Discovery and all instructions, definitions and other provisions contained therein to the extent that they instruct or call for the disclosure of information or documents which are not in the possession, custody or control of Defendants.

12. Defendants object to Plaintiff's Discovery and all instructions, definitions and other provisions contained therein to the extent that a response implies that Defendants have waived all objections as to relevancy, materiality, confidentiality, privilege and admissibility of such response as evidence for any purpose in any proceeding or in the trial of this action or any other action. Rather, Defendants states that its responses herein are made without waiving or intending to waive any such objection.

13. Defendants object to Plaintiff's Discovery and all instructions, definitions and other provisions contained therein to the extent that the identification of responsive documents implies that such documents exist or that the alleged facts are accurate or true. Rather, Defendants identification of responsive documents only means that they will identify non-privileged documents that they believe are responsive to the Discovery Requests.

14. Defendant's investigation and analysis are ongoing in this case. Defendants specifically reserve the right to modify, amend and/or supplement its responses to reflect any such additional discovery, analysis and/or investigation conducted in this case.

15. Defendants Safeco Corporation and American States Insurance Company have not issued the policy of insurance subject to this lawsuit and are not proper parties. They object to all interrogatories and requests.

## INTERROGATORIES

1. Identify each and every interview, investigation, inquiry, study, analysis or other action undertaken by the defendants or on the defendants' behalf regarding the presence or absence of a fire suppression system in the Rainbow Inn, including:

   (a) The date of each such interview, investigation, inquiry, study, analysis or other action;

   (b) **The person and/or entity that performed each such interview, investigation, inquiry, study, analysis or other action;**

   (c) The date of each such interview, investigation, inquiry, study, analysis or other action;

   (d) The location of each such interview, investigation, inquiry, study, analysis or other action;

(e)  **The subject matter of each such interview, investigation, inquiry, study, analysis or other action;**

(f)  **The result of each such interview, investigation, inquiry, study, analysis or other action; and**

(g)  **Any document(s) relating to each such interview, investigation, inquiry, study, analysis or other action.**

**ANSWER:**

Subject to general objections, this interrogatory is essentially a restatement of interrogatory no. 8 of plaintiffs First set of Interrogatories. As was said in response to that previous interrogatory:

(a)  The initial investigation of the claim was undertaken by Paul Smith after the report of loss was received. Investigation of the claim was continued by Mr. Smith following the February 11, 2004 denial letter. Further, as indicated in the documents provided to the Plaintiff with the Defendants' Initial Disclosure Statement, Churchwell Fire Consultants provided investigative services. The report of Brian Churchwell and James Churchwell was previously provided to the Plaintiff in the Defendants' Initial Disclosure Statement. The dates of Churchwell's investigation is contained in that report.

(b)  In addition to the individuals identified above the Defendants believe that government law enforcement agencies including the State of Pennsylvania Fire Marshall's Office investigated the fire. The identification of those investigators is contained in an extensive state Police incident report and continuation sheets thereto, which also identified individuals interviewed, the dates of interview and materials obtained. The investigation of the State Police included invoices from alcohol distributors, real

estate records, certain public records and other documents referred to by the Fire Marshall's Office.

(c) In addition, documents were previously provided to Plaintiff along with the Defendants' Initial Disclosure Statement and Additional copies of those documents were provided in response to the Plaintiff's First Request for Production of Documents. The documents are over 300 pages and include a copy of Harold Beck's recorded statement.

(d)-(g) Plaintiff is referred to the above documents.

2. **Identify each and every interview, investigation, inquiry, study, analysis or other action undertaken by the defendants or on the defendants' behalf regarding the value of the loss suffered by Beck as a result of the Fire, including:**

(a) The date of each such interview, investigation, inquiry, study, analysis or other action;

(b) The person and/or entity that performed each such interview, investigation, inquiry, study, analysis or other action;

(c) The date of each such interview, investigation, inquiry, study, analysis or other action;

(d) The location of each such interview, investigation, inquiry, study, analysis or other action;

(e) The subject matter of each such interview, investigation, inquiry, study, analysis or other action;

(f) The result of each such interview, investigation, inquiry, study, analysis or other action; and

**(g)     Any document(s) relating to each such interview, investigation, inquiry, study, analysis or other action.**

**ANSWER:**

(a)-(g) Subject to general objections, the Plaintiff is referred to the documents produced which include over 300 pages of material. The plaintiff is also referred to the documents of the investigating law enforcement agencies, including, the Pennsylvania State Police Fire Marshall's Office which has an incident report and continuation incident report. The report identifies individuals, interviews, dates, places, and documents. There are also copies of invoices for sale of alcohol to the Rainbow Inn; public records of the recorder's office for McKean County and copies of photographs.

As noted in the previous interrogatory, investigation was initially undertaken by Paul Smith after report of fire. Churchwell Fire Consultants also provided investigation services. Their materials have previously been given to plaintiff twice. In addition, plaintiff has a copy of the plaintiff's insurance agent file documents, to which plaintiff is referred.

## OBJECTIONS AND RESPONSES TO DOCUMENT REQUESTS

**Please produce the following documents:**

**1.     All documents concerning, identified in, and/or requested to be identified in the preceding interrogatories and/or relied upon in preparing your answers to the preceding interrogatories.**

**ANSWER:**

Subject to the general objections, the documents requested at request No. 1 have twice been provided. Other documents referred to are not within defendant's control or are public records equally obtainable by plaintiff.

**2.     All internal memoranda, documents, and correspondence of any defendant that set forth its opinion that it is bound, or not bound, by the standards set forth in the Pennsylvania Unfair Insurance Practices Act, the Pennsylvania Unfair Claims Settlement Practices Regulations, and the Pennsylvania Unfair Trade Practices and Consumer Protection Law.**

**ANSWER:**

Subject to the general objections, request No. 2 is also objected to as calling for legal opinion and legal interpretation or work product. Moreover, it is vague in that "standards" is not capable of a single definition. In addition, the request seeks a hypothetical legal opinion, essentially in a vacuum. Plaintiff by counsel can have its own legal research performed. Therefore, request No. 2 is responded to by objection.

3. **All claims manuals, policy manuals, policy statements, or other documents regarding the processing of claims for the years 2001 to the present, including, but not limited to, any changes or alterations to those manuals, statements or documents.**

ANSWER:

Subject to the general objections, this request has been responded to in the First Request for Production at No. 20, which is incorporated.

4. **All sales manuals or documents provided to sales agents or brokers of other documents regarding the sale of insurance to members of the public for the years 1996 to the present, including, but not limited to, any changes or alterations to those manuals or documents.**

ANSWER:

As to requests No. 4 and 5 the general objections are incorporated. The requests seek information regarding sales of insurance to the public, of any type, without limit for over 11 years. The request is overly broad; Rule 26(b)(1) requires relevant discovery. This is not relevant. The request is vague, harassing and burdensome. Rule 26 (b)(2) limits discovery when the burden and expense outweighs likely benefit. However, subject to the foregoing, plaintiff is referred to Plaintiff's insurance agent documents.

5. **All underwriting manuals, or other documents regarding underwriting of claims for the year 1996 to the present, including, but not limited to, any changes or alterations to those manuals or documents.**

ANSWER:

The response and objections at No. 4 are incorporated. In addition, Plaintiff is referred to the First Request for Production No. 15.

**6. All manuals, education materials, written instructions, video tapes, audio tapes, or documents used for the training of defendants' agents, adjusters, and other personnel who were involved in the processing of plaintiff's policy and claim.**

<u>ANSWER:</u>

Subject to the general objections, this request No. 6 is essentially the First Request for Production No. 20 and 21. The answer and objection at No. 20 and 21 of the First Request for Production are incorporated.

**7. All letters, memoranda, or other documents relating to a state administrative or other governmental review of any issue regarding the processing of plaintiff's policy or claim or a policy or claim similar to the one issued or submitted by the plaintiff.**

<u>ANSWER:</u>

Subject to the general objections, as to any claim not that of Walter Beck Corporation, defendants object as they can not determine another "similar" claim. Additionally, the request is overly broad, without limits in type, time or scope, and not reasonably calculated to lead to relevant evidence. As to the claim of Plaintiff, if Plaintiff requested review by any agency, Plaintiff, itself, would have access to said materials. Rule 26(b)(2), Rule 26 (b)(1).

**8. Copies of each defendant's financial statements, including but not limited to, balance sheets and income statements, for the years 2001 to the present.**

<u>ANSWER:</u>

Request Nos. 8, 9 and 10 are objected to; A.M. Best Company records are publicly available. The financial statements are not relevant. In addition, the First Set of Interrogatories No. 15, sought this information and objection was made. We repeat:

The information requested in Request Nos. 8, 9, and 10 are not reasonable calculated to lead to the discovery of relevant admissible evidence. In accordance with the opinion of the United States Supreme Court, the net worth of a defendant is unnecessary for the purposes of determining an amount of punitive damages that may be assessable in litigation. In accordance with the Supreme Court opinion, punitive damages may not exceed nine times the compensatory damages awarded. Therefore, the requested information is irrelevant and not admissible in court. Further, neither Safeco Corporation nor American States Insurance Company issued any policy to the Plaintiff. Accordingly the information is again irrelevant. Interestingly, Plaintiff has refused to provide any financial data. On May 31, 2006, Plaintiff was mailed authorizations to allow defense counsel to obtain income tax records and accounting records. Plaintiff has not responded. Earlier, on September 26, 2005, defendant served plaintiff with a request for specific financial records of plaintiff. Plaintiff, Walter Beck Corporation answered that certain third parties may have some documents, but Plaintiff has failed to produce any financial records.

The general objections are incorporated.

**9.    Copies of each defendant's financial statements field with the Pennsylvania Department of Insurance for the years 2001 to the present.**

<u>ANSWER:</u>

The responses and objections at No. 8 are incorporated.

**10.    Copies of each defendant's reports published by the A.M. Best Company for the year 2001 to the present.**

<u>ANSWER:</u>

The responses and objections at No. 8 are incorporated.

- 11 -

11.     All advertising brochures or materials utilized to market each defendant's products or services in Pennsylvania from 1996 to the present.

ANSWER:

Subject to the general objections, the requests Nos. 11, 12, and 13 seek any type of television, media advertisement, or writing related to the sale of any type of policy of insurance by any defendant for the past 11 years. The request is not calculated to lead to discovery of relevant evidence, is aimed at being harassing, burdensome, and is overly broad and vague. Defendants would have no way of determining whether a request so limitless in scope had a complete response. Rule 26(b)(1) requires discovery to be relevant. Rule 26(b)(2) limits discovery when the burden and expense outweighs likely benefits; such is the case with requests 11, 12, and 13.

12.     Videotapes of all television advertising or commercials broadcast in the Western District of Pennsylvania from 1996 to the present.

ANSWER:

The response and objections at No. 11 are incorporated.

13.     Audio tapes and transcripts of all radio advertising or commercials broadcast in the Western District of Pennsylvania from 1995 to the present.

ANSWER:

The response and objections at No. 11 are incorporated.

14.     Copies of all complaints filed from 1996 to the present with the insurance department of any state by insured against any defendant for claims involving fire damage.

ANSWER:

Subject to the general objections, requests Nos. 14 and 15 are objected to as overly broad, burdensome, and sought in bad faith. The requests do not seek relevant evidence by reference to

"claims involving fire damage". Moreover, this scope is otherwise without limit for 11 years. The plaintiff should be able to obtain records, if any, through the insurance departments. The burden to defendants outweighs likely benefits of the request. Rule 26 (b)(2).

15. **Copies of all consent orders, adjudications, and/or disciplinary proceedings of any nature whatsoever concerning fire damage claims from Pennsylvania and from all other states in which any defendant writes insurance for fire damage.**

ANSWER:

The response and objection at No. 14 are incorporated.

16. **A complete copy, including all exhibits, of all examinations under oath taken by or on behalf of any defendant prior to the denial of Beck's claim at issue in this action.**

ANSWER:

Subject to the general objections, the recorded statement of Harold Beck although not under oath, has been produced. Additionally, plaintiff is referred to the Fire Marshall for the Pennsylvania State Police, whose office interviewed a number of persons, who identities are contained in the Police Incident Report. Additional investigation was performed by Churchwell Consultants, to which Plaintiff is referred.

17. **The entire file and reports of each expert whom you have retained, which should include, but not be limited to, all reports and draft reports of each expert, note, and any documentation upon which you relied in formulating his/her opinion.**

ANSWER:

Request Nos. 17, 18, and 19 are objected to as they request both expert witness information and consultant information. As such they are overly broad. Rule 26(b)(4)(B). Also the First Set of

Interrogatories directed to defendants at No. 17 responds to this request. The general objections are incorporated.

18. **All reports and curriculum vitae of every expert whom you have retained or consulted in this matter.**

ANSWER:

The response and objection at No. 17 are incorporated.

19. **All documents and reports supplied to or by an expert whom you have retained or consulted in this matter.**

ANSWER:

The response and objection at No. 17 are incorporated.

20. **All surveys, audits, analyses, questionnaires or other documents concerning Beck or the Rainbow Inn.**

ANSWER:

As to request No. 20, a survey was provided in the previous production of documents and Plaintiff has by subpoena obtained the file of Plaintiff's insurance agency, which may have a questionnaire or survey. The general objections are incorporated.

21. **Any documents concerning any evaluation of the loss or damage caused by the Fire.**

ANSWER:

As to request No. 21, plaintiff prepared and distributed its own evaluation list and has same in its possession. There are also invoices and public records as to tax, tax liens, and real estate assessments. It is believed that Plaintiff has all of the above, or can with the same effort as defendant obtain same. The general objections are incorporated.

22. **All documents, files, and/or notes, whether in hard copy or electronic form, prepared by or, at any time, in the possession of Paul Smith concerning Beck or the Rainbow Inn.**

ANSWER:

Subject to the general objections, the documents in the possession of Paul Smith are believed to have been produced for plaintiff on 2 occasions.

23. **If any of the documents or things requested above in requests 1 though 22 have not been produced because of a claim of privilege, please specifically identify that documents and/or thing and identify the privilege you are asserting in reference to that document or thing.**

ANSWER:

Subject to the general objections, No. 23 is not applicable.

ANSTANDIG, McDYER & YURCON, P.C.

BY: *[signature]*
Counsel for Defendants, Safeco Corporation,
American Economy Insurance Company, and
American States Insurance Company

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the within *Objections and Responses to Plaintiffs Second Set of Interrogatories and Request for Production of Documents* were served by First Class Mail on this _28th_ day of _July_, 2006 to the following:

>Richard T. Victoria, Esquire
>Meyer, Unkovic & Scott, LLP
>1300 Oliver Building
>Pittsburgh, PA 15217
>***Attorney for Plaintiff***

>ANSTANDIG, McDYER & YUROCN, P.C.

>By: _____
>Daniel P. McDyer, Esquire
>Counsel for Defendants