EXHIBIT "L"

```
                                                              1

          IN THE UNITED STATES DISTRICT COURT
         FOR THE WESTERN DISTRICT OF PENNSYLVANIA
                     - - - - -

 WALTER BECK CORPORATION )
 d/b/a THE RAINBOW INN,  )
                         )
         Plaintiff,      )
                         )
         vs.             ) Civil Action
                         ) No. 04-348-ERIE
 SAFECO CORPORATION,     )
 AMERICAN ECONOMY        )
 INSURANCE COMPANY and   )
 AMERICAN STATES         )
 INSURANCE COMPANY,      )
                         )
         Defendants.     )
                     - - - - -


            DEPOSITION OF PAUL G. SMITH
                     - - - - -

 REPRODUCTION OF THIS TRANSCRIPT IS PROHIBITED
 WITHOUT AUTHORIZATION FROM THE CERTIFYING
 AGENCY
                     - - - - -

                    ORIGINAL
```

105

P. Smith - by Mr. Victoria

1  
2  all of the business property, I did not.
3      Q.    Is this something you did prior to
4  the filing of the lawsuit?
5      A.    Yes.
6      Q.    What did you set the reserve to be
7  for the property damage?
8      A.    I don't recall. That should be in
9  this file somewhere. I mean, that's pretty
10 customary in any insurance company. That's
11 something we do very quickly.
12           MR. VICTORIA: If you give me
13 a few minutes, I'll wrap up pretty quickly. If
14 you want to take a five or ten-minute break,
15 I'll flip through this stuff and we'll get
16 done.
17           (A recess was taken.)
18           MR. VICTORIA: I didn't see a
19 single note or anything in the electronic file
20 that was produced to me by Mr. Smith. That
21 seemed unusual to me, and given his testimony
22 today, it seems even more unusual.
23           MR. McDYER: We can go back
24 and check that.
25           MR. MAYER: Your request

107

1       P. Smith - by Mr. Victoria

2           MR. McDYER:  I was kind of
3   operating under the assumption that it had all
4   been produced to you.  I'll have to go back and
5   rework it.
6           MR. VICTORIA:  Thank you.
7       Q.   I just want to show you a couple of
8   things here.
9           (Smith Deposition Exhibit No. 13
10  was marked for identification.)
11      Q.   I put a document in front of you.
12  It's starts at Bates stamp number 92 and goes
13  to 102.  Generally speaking, do you know where
14  that document came from?
15      A.   It appears to be an electronic file
16  of underwriting document.
17      Q.   You said underwriting document.  I
18  just want to get at how the electronic file is
19  kept.  Is it divided by underwriting and
20  claims?
21      A.   Yes.
22      Q.   Because we've been produced what
23  appear to be all of the underwriting
24  information from the electronic file.  I have a
25  stack of -- these are just a tiny excerpt of

113

1       P. Smith - by Mr. Victoria
2  difference between just doing a general
3  estimate, the policy limits, versus going
4  through line by line and doing a specific
5  calculation?
6       A.   That's correct.
7       Q.   Of the replacement cost?
8       A.   Yes.  The building and all of its
9  contents are gone, so we're setting those
10 reserves as a kind of a maximum not to exceed.
11      Q.   What's the purpose of setting
12 reserves?
13      A.   I think I know.  I can't give you
14 exact definition.  Insurance companies need to
15 know the potential losses that are out there,
16 and they hold monies in reserve to cover those
17 losses.
18           MR. VICTORIA:  I think I'm
19 done.  That's it.
20           MR. MAYER:  I don't have any
21 questions.  Do you have any questions?
22           MR. MCDYER:  No questions.
23           MR. VICTORIA:  The only thing
24 I guess I'm going to put on the record is you
25 guys are going to follow up in seeing if there

Court Reporting & Video Services - Phone (412) 263-2088

114

1
2  are some Paul Smith electronic files out there,
3  large loss report, whatever these other things
4  are we talked about. And we'll be in touch on
5  whether we need to talk about a Kathy London
6  deposition or any other witnesses.
7          MR. MAYER: (Nods head.)
8          MR. VICTORIA: I'll talk to
9  Josh about that, and we'll get back to you. I
10 don't want to drag anybody here, so maybe what
11 we need to do is have a chat about what we
12 intend to talk about and whether you intend to
13 let her talk to us about it.
14         MR. MAYER: That's fair.
15         MR. VICTORIA: I don't presume
16 there is going to be any objection to taking a
17 deposition because we're past the discovery
18 deadline. I mean, we've been pretty --
19         MR. MCDYER: When I talked to
20 Josh, he said rather than chase around with the
21 courthouse, we'll just try and get them done
22 quickly.
23         MR. VICTORIA: I mean, we
24 continue to agree with that obviously this is
25 the first deposition taken in this case. It's

118

```
COMMONWEALTH OF PENNSYLVANIA)
COUNTY OF ALLEGHENY        )
```

I, Christine M. Vitrano, a notary public in and for the Commonwealth of Pennsylvania, do hereby certify that the witness, PAUL G. SMITH, was by me first duly sworn to testify the truth, the whole truth, and nothing but the truth; that the foregoing deposition was taken at the time and place stated herein; and that the said deposition was recorded stenographically by me and then reduced to typewriting under my direction, and constitutes a true record of the testimony given by said witness, all to the best of my skill and ability.

I further certify that the inspection, reading and signing of said deposition were not waived by counsel for the respective parties and by the witness and if after 30 days the transcript has not been signed by said witness that the witness received notification and has failed to respond and the deposition may then be used as though signed.

I further certify that I am not a relative, or employee of either counsel, and that I am in no way interested, directly or indirectly, in this action.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed my seal of office this 9th day of November, 2006.

S/Christine M. Vitrano
_____

_____

NOTARIAL SEAL
CHRISTINE M VITRANO
Notary Public
CITY OF PITTSBURGH, ALLEGHENY COUNTY
My Commission Expires Feb 1, 2009