EXHIBIT "H'

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WALTER BECK CORPORATION d/b/a THE RAINBOW INN, | ) | CIVIL ACTION |
| | ) | |
| | ) | No. 04-348 - ERIE |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| SAFECO CORPORATION, AMERICAN ECONOMY INSURANCE COMPANY and AMERICAN STATES INSURANCE COMPANY, | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

### ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

AND NOW, come the Defendants, Safeco Corporation, American Economy Insurance Company and American States Insurance Company by their attorneys, MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN and sets forth the following Answers to Plaintiff's First Set of Interrogatories, and avers as follows:

1.      Identify any and all insurance policies issued to Beck by Safeco or any subsidiary or affiliate of Safeco.

**ANSWER:**

As indicated in the Answer filed to the Plaintiff's Complaint, Safeco Corporation is not an insurance company and neither it nor American States Insurance Company issued any insurance policies to Beck. However, American Economy Insurance Company issued an insurance policy to Beck, Policy No. 02CC771900. It appears as though the first policy was issued in 1998 and was renewed up to and including the policy period at issue, April 23, 2003 to April 23, 2004. In accordance with the declaration page of said policy, the policy was issued to the named insured Walter Beck Corporation doing business as Rainbow Inn, P.O. Box 362, Lewis Run, PA 16738.

2.      Identify any and all insurance policies issued by Safeco concerning, relating to, and/or providing insurance coverage for Beck's property or business and/or the Rainbow Inn.

**ANSWER:**

See Answer to Interrogatory No. 1.

3.      Identify any and all reasons, bases, facts, documents, and/or arguments concerning and/or allegedly supporting Safeco's refusals to indemnify Beck and/or provide coverage for losses sustained as a result of the Fire.

**ANSWER:**

On or about February 11, 2004, Paul Smith, Jr. of American Economy Insurance Company sent correspondence to Walter Beck Corporation setting forth the reasons and the policy terms and conditions relied upon by American Economy Insurance Company to deny the Plaintiff's claim for coverage for losses sustained in the subject fire. A copy of said document was previously provided to the Plaintiff in the Defendants' Initial Disclosure Statement. An additional copy of said document is being provided in response to the Request for Production of Documents.

4.      Identify each and every employee, agent, and/or representative of Safeco, including the name, address, and position/title of each person identified, who possesses or has acquired knowledge or information concerning Safeco's reasons, defenses, and/or justifications for denying Beck's claims for coverage under the Policy.

**ANSWER:**

Objection. This Interrogatory is overly broad and is not limited in time and scope. Further, it may require information within the attorney/client privilege. Without waive of this objection see Answer to Interrogatory No. 6.

2

5.      Identify any and all documents reviewed and/or relied upon in making your decision to refuse to indemnify Beck and/or provide coverage for losses sustained as a result of the Fire.

**ANSWER:**

Documents responsive to this request were previously attached to the Defendants' Initial Disclosure Statement previously filed. Additional copies of said documents are being provided in response to the Request for Production of Documents.

6.      Identify each and every employee, agent, and/or representative of Safeco, including the name, address, and position/title of each person identified, who made and/or reviewed the recommendation to deny Beck's claims under the Policy for losses suffered as a result of the Fire.

**ANSWER:**

The decision to deny Plaintiff's claim was made by Paul Smith, Jr., the adjustor and reviewed by Gene Oberjohann, Unit Manager.

7.      Identify the date upon which Safeco made its decision to refuse to indemnify Beck and/or provide coverage for losses sustained as a result of the Fire.

**ANSWER:**

See Answer to Interrogatory No. 3.

8.      From the date of the Fire through the date identified in your previous response ("the investigation period"), please describe and/or identify:

    a.    any investigation of Beck's claims undertaken by Safeco, its agents, representatives, and/or employees;

    b.    any individuals involved in the investigation of Beck's claims during the investigation period;

    c.    any document(s) reviewed during the course of the investigation, the date upon which each document was reviewed, and the individual(s) who reviewed each document; and

    d.      any individuals and/or witnesses interviewed during the course of the investigation, the date of such interview, and the name, address, and title/position of the interviewer.

**ANSWER:**

    a.      The initial investigation of the Plaintiff's claims were undertaken by Paul Smith of American Economy Insurance Company shortly after the report of loss was received. Investigation of the claim was continued by Ms. Smith following the February 11, 2004 denial letter. Further, as indicated in the documents provided to the Plaintiff along with the Defendants' Initial Disclosure Statement, Churchwell Fire Consultants provided investigative services. The report of Brian Churchwell and James Churchwell was previously provided to the Plaintiff in the Defendants' Initial Disclosure Statement. The dates of Churchwell's investigation is contained in that report. Also, Eric Larson of American Economy, SIU investigated the fire loss. Mr. Larson is no longer with American Economy.

    b.      In addition to the individuals identified in response to Interrogatory 8 a., the Defendants believe that the State of Pennsylvania Fire Marshall's Office also investigated the fire claim and loss. The identification of those individuals is not know at the present time by the Defendants.

    c.      Documents reviewed during the course of the investigation were previously provided to Plaintiff along with the Defendants' Initial Disclosure Statement. Additional copies of those documents are being provided in response to the Plaintiff's Request for Production of Documents.

    d.      Please see the documents previously provided with the Defendants' Initial Disclosure Statement.

9.      Identify each and every instance in which Safeco and/or a representative or agent of Safeco visited and/or inspected the Rainbow Inn. For each such instance, please identify:

    a.      the person's last known address;

    b.      the person's employer at the time he/she visited and/or inspected the Rainbow Inn;

    c.      the person's current employer;

    d.      the person's job title at the time he/she visited and/or inspected the Rainbow Inn;

    e.      the person's current job title;

    f.      the person's immediate supervisor at the time he/she visited and/or inspected the Rainbow Inn;

g.    the date upon which the person visited and/or inspected the Rainbow Inn;

h.    the purpose of each such visit or inspection; and

i.    any documents concerning such visit or inspection.

**ANSWER:**

In response to this Interrogatory the Defendants refer the Plaintiff to the Loss Control Survey previously provided to the Plaintiff at the time the Defendants filed their Initial Disclosure Statement.  The Defendants have been unable to determine whether the Plaintiff's property was inspected at any other time.

10.    Identify all persons involved in reviewing, investigating, assessing, evaluating, and/or considering Beck's claims under the Policy and/or the Fire, including for each such person:

a.    the person's last known address;

b.    the person's employer at the time he/she was involved in reviewing, investigating, assessing, evaluating, and/or considering Beck's claims under the Policy and/or the Fire;

c.    the person's current employer;

d.    the person's job title at the time he/she was involved in reviewing, investigating, assessing, evaluating, and/or considering Beck's claims under the Policy and/or the Fire;

e.    the person's current job title;

f.    the person's immediate supervisor at the time he/she was involved in reviewing, investigating, assessing, evaluating, and/or considering Beck's claims under the Policy and/or the Fire; and

g.    the dates or range of dates upon which the person was involved in reviewing, investigating, assessing, evaluating, and/or considering Beck's claims under the Policy and/or the Fire.

**ANSWER:**

See Answer to Interrogatories No. 3, 6, and 8.

11.     Identify each and every employee, agent, and/or representative of Safeco, including the name, address, and position/title of each person identified, who possesses or has acquired knowledge or information concerning the facts and/or circumstances concerning Beck, the Rainbow Inn, the Fire, Beck's claims for coverage under the Policy, and/or the Litigation.

**ANSWER:**

See Answer to Interrogatory No. 3. Also see Answer to Interrogatory No. 8.

12.     Identify each and every instance in which, the manner in which, the date on which, and by whom "the Defendants were advised by the Plaintiff that a fire suppression system had been removed and never reinstalled in the subject premises" as alleged in paragraph 9 of the Amended Answer and Affirmative Defenses.

**ANSWER:**

Upon the initial investigation of the subject loss by Paul Smith, Mr. Smith was advised by Mr. Beck that the fire suppression system had been removed and/or was not operational at the time of the fire. This statement was provided to Mr. Smith by Mr. Beck during the month of December, 2003.

13.     Identify each and every fact and document concerning or that you contend supports your allegation in paragraph 16 of the Amended Answer and Affirmative Defenses that "Plaintiff has failed to perform all of its obligations under the policy allegedly issued to it by the American Economy Insurance Company."

**ANSWER:**

Please see the appropriate part of the policy issued by American Economy Insurance Company requiring that the fire suppression system be maintained on a quarterly basis. Also, see the February 11, 2004 correspondence from Paul Smith to Walter Beck Corporation.

14.     Identify each and every fact and document concerning or that you contend supports your allegation in paragraph 17 of the Amended Answer and Affirmative Defenses that

"Plaintiff negligently or intentionally failed to disclose, concealed or misrepresented facts, which were material and were known by the Plaintiff to be material to the risks allegedly undertaken by the Defendants for the purpose of inducing the Defendants to issue the subject policy."

**ANSWER:**

See Answer to Interrogatory No. 13. Plaintiff's representative informed Mr. Smith that the fire suppression system was not functional at the time of the fire.

15.    Identify the net worth of (a) Safeco Corporation; (b) American Economy Insurance Company; and (c) American States Insurance Company.

**ANSWER:**

Objection. The information requested in Interrogatory No. 15 is not reasonably calculated to lead to the discovery of relevant admissible evidence. In accordance with the Opinion of the United States Supreme Court, the net worth of a defendant is unnecessary for the purposes of determining an amount of punitive damages that may be assessable in litigation. In accordance with the Supreme Court Opinion, punitive damages may not exceed nine times the compensatory damages awarded. Therefore, the requested information is irrelevant and not admissible in court. Further, neither Safeco Corporation or American States Insurance Company issued any policy to the Plaintiff.

16.    Identify all persons who assisted or provided information used in answering these interrogatories, and identify each interrogatory for which each such person assisted or provided information.

**ANSWER:**

Paul Smith, Kathy London and Stephen J. Poljak, Esquire.

17.    <u>EXPERT WITNESSES</u>: If you intend to call an expert witness at trial, kindly identify:

a.    the name, address and telephone number of each such expert witness;

7

b.      the subject matter as to which each such expert witness is expected to testify and any documents relating thereto;

c.      the substance of the facts and opinions to which each expert is expected to testify and a summary of the grounds for each opinion, including any text materials relied upon, and any documents relating thereto including a copy of each expert's report; and

d.      the educational background, field of expertise, professional experience, publications, membership in professional societies, employment experience and court appearances (including citations) of each of the expert witnesses identified in your preceding Answers to Interrogatories, and any documents relating thereto.

**ANSWER:**

At the present time, counsel on behalf of the Defendants has not made a determination as to the employment of an expert witness who may testify at the time of trial. Once that determination has been made, counsel on behalf of the Defendants will provide that information to counsel for the Plaintiff.

Respectfully submitted,

**MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN, P.C.**

Stephen J. Poljak, Esquire
PA I.D. #49720
Attorney for Defendants
2900 U.S. Steel Tower
Pittsburgh, PA 15219
(412) 803-1140 / phone
(412) 803-1188 / fax
spoljak@mdwcg.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have served upon all person(s) listed below a true and correct copy of the **Answers to Plaintiff's First Set of Interrogatories** in the above-captioned matter by U.S. First-Class Mail, postage prepaid, this _____ day of November, 2005.


Richard T. Victoria, Esquire
MEYER, UNKOVIC & SCOTT, LLP
1300 Oliver Building
535 Smithfield Street
Pittsburgh, PA  15222



**MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN, P.C.**

Stephen J. Poljak, Esquire
PA I.D. #49720
Attorney for Defendants

9

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

WALTER BECK CORPORATION d/b/a    )   CIVIL ACTION
THE RAINBOW INN,                  )
                              )   No. 04-348 - ERIE
               Plaintiff,   )
                              )
        vs.                )
                              )
SAFECO CORPORATION, AMERICAN   )
ECONOMY INSURANCE COMPANY    )
and AMERICAN STATES INSURANCE    )
COMPANY,                    )
                              )
           Defendants.   )

**RESPONSES TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS**

AND NOW, come the Defendants, Safeco Corporation, American Economy Insurance

Company and American States Insurance Company by their attorneys, Stephen J. Poljak and

MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN and sets forth the following

Responses to Plaintiff's Request for Production of Documents, and states as follows:

      1.     All documents concerning, identified in, and/or requested to be identified in the

preceding interrogatories.

**RESPONSE:**

      All documents relevant to this claim, whether identified in Answers to Interrogatories or

not, are attached hereto. Bate stamp numbered 0001 – 0338.

      2.     All documents relied upon in preparing your answers to the preceding

interrogatories.

**RESPONSE:**

All documents responsive to this request are attached hereto.  Further, counsel for the Defendants believes that documents responsive to this request were previously provided with the Defendants' Initial Disclosure Statement.

3.     All documents concerning Beck, the Rainbow Inn, and/or the Fire.

**RESPONSE:**

See response to Request No. 2.

4.     Any and all documents concerning Safeco's reasons, defenses, and/or justifications for denying Beck's claims for coverage under the Policy.

**RESPONSE:**

As previously indicated, Safeco Corporation is not an insurance company and neither it nor American States Insurance Company issued any policy to the Plaintiff.  However, American Economy Insurance Company's reasons for denying the Plaintiff's claims is the statement by Mr. Beck that the premises did not have the required fire suppression equipment.  Pursuant to the applicable insurance policy, the Plaintiff was required to maintain such a system and conduct periodic inspections.  Any documents responsive to this request are attached hereto and documents responsive to this request were previously provided in the Defendants' Initial Disclosure Statement.

5.     Any and all documents concerning, generated by or utilized in any investigation of Beck's claims by Safeco, its agents, representatives, and/or employees.

**RESPONSE:**

Documents attached hereto.  Bate stamp numbered 0001 – 0338.

6.    All documents concerning or related to Safeco's answers to the preceding interrogatories.

**RESPONSE:**

This request is repetitious of Request No. 2.  See response to Request No. 2.

7.    All documents relating to, concerning, and/or allegedly supporting the statements, allegations and contentions in Safeco's pleadings in this Litigation.

**RESPONSE:**

This request is repetitious of Request No. 4.  See response to Request No. 4.

8.    All documents concerning or supporting any defenses asserted or intended to be asserted by Safeco in this action against the claims asserted by Beck.

**RESPONSE:**

This request is repetitious of Request No. 4 and Request No. 7.  See response to Request No. 4.

9.    All claims files or documents concerning Beck, the Rainbow Inn, and/or the Fire.

**RESPONSE:**

Attached.

10.    All documents concerning Beck's claims for coverage under the Policy.

**RESPONSE:**

This request is repetitious of Request No. 9.  See response to Request No. 9.

11.    All e-mails or other electronic communications or documents concerning Beck, the Rainbow Inn, the Fire, Beck's claims for coverage under the Policy, and/or the Litigation.

**RESPONSE:**

Electronic file documents attached.  Bate stamp numbered 0067 – 0124.

12.    All documents concerning communications and/or correspondence between Safeco and Beck.

**RESPONSE:**

Attached. Bate stamp numbered 0001 – 0066.

13.    All documents concerning communications and/or correspondence between Safeco and any person or entity concerning Beck, the Rainbow Inn, the Fire, Beck's claims for coverage under the Policy, and/or the Litigation.

**RESPONSE:**

Attached. Bate stamp numbered 0001 – 0338.

14.    All subpoenas issued by Safeco and/or its counsel concerning Beck, the Rainbow Inn, the Fire, Beck's claims for coverage under the Policy, and/or the Litigation.

**RESPONSE:**

Attached.

15.    All underwriting files and documents concerning the Policy, any insurance policy issued by Safeco, its subsidiaries, and/or affiliated companies to Beck, and/or any insurance policy issued by Safeco, its subsidiaries, and/or affiliated companies concerning the Rainbow Inn.

**RESPONSE:**

See Response to Request No. 11.

16.    All documents concerning communications and/or correspondence between and/or among Safeco, its employees, managers, agents, and/or representatives concerning Beck, the Rainbow Inn, the Fire, Beck's claims for coverage under the Policy, and/or the Litigation.

4

**RESPONSE:**

See response to Request No. 2.

17.    All documents concerning communications and/or correspondence between Safeco and any person or entity concerning the Policy and/or coverage provided under the Policy.

**RESPONSE:**

This request is repetitious of Request No. 16.  See response to Request No. 16.

18.    Any and all documents which you intend to introduce as exhibits at the trial of this Litigation.

**RESPONSE:**

At the present time, counsel on behalf of the Defendant has not made any determination as to the identification of exhibits that may be used at the trial of this litigation.  Counsel for the Defendants will provide the identification of all exhibits intended to be used at trial, if any, as directed by the District Court.

19.    All documents concerning the allegations of Safeco's pleadings filed in this Litigation.

**RESPONSE:**

This request is repetitious of Request No. 7 and 8.  See the response to those requests.

20.    Any claims manuals utilized by and/or available to Safeco and/or its employees, managers, agents, and/or representatives concerning the processing and/or handling of claims for losses resulting from fire or property damage claims.

**RESPONSE:**

None.

21.     Any documents concerning any of Safeco's claim investigation guidelines or procedures.

**RESPONSE:**

Objection.  The Defendants object to this Interrogatory since it is overly broad, not limited in time or scope, and not reasonably calculated to lead to the discovery of relevant evidence.  This request has no time frame and would theoretically require the Defendants to produce all documents regarding claim investigation guidelines or procedures from the beginning of the companies to the present time.  Further, notwithstanding said objection, the Defendant, American Economy Insurance Company responds that it has no central claims investigation guidelines which can be produced.

22.     Any documents concerning any attempts by Safeco (successful or otherwise) to obtain information concerning Beck or the Rainbow Inn prior to the Fire.

**RESPONSE:**

See response to Request No. 2.

23.     Any documents concerning Safeco's net worth.

**RESPONSE:**

Objection.  Please see the objection set forth to Interrogatory No. 15.

24.     Any documents concerning your contention in paragraph 9 of the Amended Answer and Affirmative Defenses that "the Defendants were advised by the Plaintiff that a fire suppression system had been removed and never reinstalled in the subject premises."

**RESPONSE:**

This request is repetitious of Request No 4.  See response to Request No. 4.

25.    Any documents concerning your contention in paragraph 16 of the Amended

Answer and Affirmative Defenses that "Plaintiff has failed to perform all of its obligations under

the policy allegedly issued to it by the American Economy Insurance Company."

**RESPONSE:**

As indicated, the applicable policy required the Plaintiff to have and maintain a fire

suppression system.  Based upon information received from the Plaintiff, the subject property did

not have such a system.  Please see a copy of the Plaintiff's insurance policy in response to this

request which is attached.

26.    Any documents concerning your contention in paragraph 17 of the Amended

Answer and Affirmative Defenses that "Plaintiff negligently or intentionally failed to disclose,

concealed or misrepresented facts, which were material and were known by the Plaintiff to be

material to the risks allegedly undertaken by the Defendants for the purpose of inducing the

Defendants to issue the subject policy."

**RESPONSE:**

See response to Request No. 25.

7

27.    A privilege log.

**RESPONSE:**

Nothing has been retained on the basis of privilege.

Respectfully submitted,

**MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN, P.C.**

Stephen V. Poljak, Esquire
PA I.D. #49720
Attorney for Defendants
2900 U.S. Steel Tower
Pittsburgh, PA  15219
(412) 803-1140 / phone

8

## CERTIFICATE OF SERVICE

I hereby certify that I have served upon all person(s) listed below a true and correct copy of the **Responses to Plaintiff's Request for Production of Documents** in the above-captioned matter by U.S. First-Class Mail, postage prepaid, this _____ day of November, 2005.


Richard T. Victoria, Esquire
MEYER, UNKOVIC & SCOTT, LLP
1300 Oliver Building
535 Smithfield Street
Pittsburgh, PA 15222


**MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN, P.C.**


Stephen J. Poljak, Esquire
PA I.D. #49720
Attorney for Defendants