# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WALTER BECK CORPORATION d/b/a THE RAINBOW INN, | Civil Action No. 04-348-Erie |
| Plaintiff, | Judge Maurice B. Cohill, Jr. |
| vs. | |
| SAFECO CORPORATION, AMERICAN ECONOMY INSURANCE COMPANY, and AMERICAN STATES INSURANCE COMPANY, | |
| Defendants. | |

## ANSWER TO MOTION OF PLAINTIFF FOR PARTIAL SUMMARY JUDGMENT

AND NOW, come defendants, by their counsel Anstandig, McDyer & Yurcon, P.C. and file this Answer in Opposition to the Motion for Partial Summary Judgment.

### Background

The Defendant, American Economy Insurance Company, provided a Commercial Property Coverage Form to the Plaintiff, Walter Beck Corporation (See Commercial Property Coverage Form in Defendant's Appendix to Motion for Summary Judgment as Exhibit "A").

The only proper Defendant to this matter is American Economy Insurance Company. Safeco Corporation is a holding company and does not issue policies of insurance. While American States Insurance Company does issue insurance policies, it is an independent entity and did not issue the policy in question. (See Deposition of Paul Smith, Jr. attached in Appendix to Defendants Motion for Summary Judgment as Exhibit "B", at p. 14 lines 17-25 and p. 15, 16).

By its Motion for Partial Summary Judgment, Plaintiff has requested the Court to rule that a contract of insurance for commercial property coverage has been breached by the Defendants and liability for breach of contract should be found on Summary Judgment. The policy of insurance was not breached. On the contrary, Plaintiff failed to satisfy the condition for coverage expressed in the Protective Safeguards Endorsement to this commercial property coverage form; in addition, other matters result in a lack of property coverage that are more fully addressed in the Motion of Defendants for Summary Judgment.

Defendants Answer the Motion of Plaintiff for Partial Summary Judgment as follows:

1.  Paragraph 1 of the Motion of Plaintiff for Partial Summary Judgment is undisputed to the extent that Plaintiff, Walter Beck Corporation, operated a bar/restaurant called the Rainbow Inn located at Route 59, Marshburg, Pennsylvania. However, the content of each exhibit or affidavit referenced in this and all paragraphs of the Motion are not admitted.

2.  Paragraph 2 of the Motion for Partial Summary Judgment is undisputed in that the insured on the commercial property coverage form at issue is the Walter Beck Corporation, for the period of April 23, 2003 to April 23, 2004. The coverage form had been renewed by Plaintiff. The material terms of the Commercial Property Coverage form and Protection Safeguards Endorsement are attached as Appendix Exhibit A to Defendants Motion for Summary Judgment.

3.  Paragraph 3 of the Motion of Plaintiff is undisputed in that a fire occurred at the Rainbow Inn on December 5, 2003 during the policy period.

4.      Paragraph 4 of the Motion for Partial Summary Judgment is undisputed in that the fire destroyed the structure and contents.  However, the parties do not agree regarding contents. Also the structure was not owned by Plaintiff.  (See Paragraphs 24 and 25 of Motion of Defendants for Summary Judgment and Appendix to Defendants' Motion for Summary Judgment, Exhibits M and J.)

5.      Paragraph 5 of the Motion of Plaintiff for Partial Summary Judgment is undisputed.

6.      Paragraph 6 of the Motion for Partial Summary Judgment is disputed.  Plaintiff was provided a letter of denial dated February 11, 2004; further denial correspondence which included additional bases of denial followed.  (Paragraphs 24 and 25 of the Motion of Defendants for Summary Judgment, and exhibits J and M in the Defendants Appendix to their Motion and February 11, 2004 letter of denial, exhibit D and July 23, 2004 defendant letter of denial and request for information, exhibit E; and Supplemental Appendix to Motion for Summary Judgment of Defendants filed herewith, Exhibit S, correspondence to counsel for Plaintiff in response to Plaintiff request for elaboration on the denial of coverage.)

7.      Paragraph 7, of the Motion for Partial Summary Judgment is disputed, except to the extent that paragraph 7 is adopting the conditions contained in the Protective Safeguards Endorsement which are as follows:

> **"P-8"  Commercial Cooking Protection** – A U. L. listed automatic fire suppression system installed for the protection of cooking and ventilating equipment, including plenums, exhaust ducts and hood over cooking appliances.  The suppression system must be serviced by an independent contractor on a SEMI ANNUALLY basis.  The ventilating system, including plenums, exhaust ducts, roof vent and hood over cooking appliances must be cleaned by an independent

>   contractor on a QUARTERLY basis.
>
>   * * *
>
>   We will not pay for loss or damage caused by or resulting
>   from fire if, prior to the fire, you:
>   a.   Knew of any suspension or impairment in any
>        protective safeguard listed in the Schedule above
>        and failed to notify us of that fact; or
>   b.   Failed to maintain any protective safeguard listed
>        in the Schedule above, and over which you had
>        control, in complete working order.  (Protective Safeguards
>        Endorsement, Defendants Appendix, Exhibits B and C).

Plaintiff failed to satisfy the endorsement conditions.

8.   Paragraph 8 of the Motion for Partial Summary Judgment of Plaintiff is disputed. The Defendants' Response to Plaintiff's Concise Statement of Material Facts is incorporated in its entirety, as is the brief of Defendants in opposition to the Motion of Plaintiff for Partial Summary Judgment.  Moreover, the Walter Beck Corporation did not have a proper fire suppression system, nor maintain and inspect same in accordance with the terms of the policy.

First, the affidavit of James F. Valentine, a certified fire investigator provided a clear statement that the Plaintiff did not satisfy the Protective Safeguards Endorsement cited above. Mr. Valentine testifies in his affidavit that:

9.   In my experience, and in my opinion, Halon is not, and never has been, an accepted commercial cooking fire suppression agent.  Halon would not be considered an acceptable fire suppressant in commercial kitchens, nor has UL listed Halon for such use.

10.  If called as a witness, I could testify to the above based upon my personal knowledge, training and experience. (Defendants Appendix to Motion for Summary Judgment, Exhibit H.)

Second, the affidavit of Marta McHale, provides written documentation that Plaintiff did not have or maintain a fire suppression system as required by the Protective Safeguards Endorsement cited above.  In the affidavit, Ms. McHale identifies 2

documents. One attached to her affidavit as exhibit B, is entitled Restaurant Supplement and Ms. McHale testifies that the form was completed in 2003 by Plaintiff. The form states the following pertinent to the Plaintiff allegation of breach of contract:

**RESTAURANT SUPPLEMENT**

Applicant: Walter Beck Corporation DBA Rainbow Inn

22. Are all areas over ranges, grills, fryers, and all other cooking surfaces, and hoods and ducts protected by an automatic fire extinguishing system? __ Yes  X  No
    Is the extinguishing system UL 300 compliant? __ Yes  X  No
23. Is there a maintenance agreement to regularly inspect and service the system? __ Yes  X  No

(Appendix to Defendants Motion for Summary Judgment, Affidavit of Marta McHale, exhibit I.)

Third, Churchwell Fire Consultants, Inc., whose principals, Brian Churchwell and James Churchwell inspected the fire site testified by affidavit that:

11. Throughout my examination of the fire site, I did not observe a fire suppression system or the noncombustible remnants of such a system which one would expect to survive a fire. My opinion is, therefore, that on December 5, 2003 a fire suppression system was not at the Rainbow Inn.

(Affidavit of Brian Churchwell, exhibit F to Appendix of Defendants in Support of Defendant Motion for Summary Judgment and Affidavit of James Churchwell, exhibit G)

Contrary to Plaintiff's Motion for Partial Summary Judgment, the evidence is in favor of Defendants such that Plaintiff does not raise a genuine issue of material fact against an award of Summary Judgment or Partial Summary Judgment for Defendants and the Motion of Plaintiff for Partial Summary Judgment should be denied.

Wherefore, defendants Safeco Corporation, American Economy Insurance Company, and American States Insurance Company request that the Motion of Plaintiff for Partial Summary Judgment be denied and Motion of Defendants for Summary Judgment be granted.

Respectfully Submitted,

Anstandig, McDyer & Yurcon, P.C.

BY: s/ Daniel P. McDyer
Daniel P. McDyer, Esquire
Attorney for Defendants

1300 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219
(412) 765-3700