Thursday, December 09, 2004 12:53 PM    Paul Smith 1-800-831-4415                                    p.05

526573.1

# COPY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ERIE

| | |
|---|---|
| WALTER BECK CORPORATION d/b/a THE RAINBOW INN, | CIVIL DIVISION |
| Plaintiff, | Civil Action No. 04-348 |
| vs. | |
| SAFECO CORPORATION, AMERICAN ECONOMY INSURANCE COMPANY, and AMERICAN STATES INSURANCE COMPANY, | |
| Defendants. | **JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff Walter Beck Corporation d/b/a The Rainbow Inn ("Beck"), by its undersigned counsel, files the following Complaint against the above-captioned defendants and, in support thereof, avers as follows:

### The Parties

1. Beck is a corporation incorporated under the laws of the Commonwealth of Pennsylvania with its principal place of business in Pennsylvania.

2. Beck does business under the Pennsylvania registered fictitious name of "The Rainbow Inn" and owns and operated a restaurant known as the Rainbow Inn located at Route 59, Marshburg, McKean County, Pennsylvania 16735 ("the Rainbow Inn").

3. Defendant Safeco Corporation ("Safeco") was incorporated in the State of Washington and maintains its principal place of business at Safeco Plaza, Seattle, WA 98185.



DEFENDANT'S EXHIBIT 1

Case 1:04-cv-00348-MBC   Document 38-3   Filed 02/02/2007   Page 2 of 6

Thursday, December 09, 2004 12:53 PM    Paul Smith 1-800-831-4415    p.06
526573.

4. Defendant American Economy Insurance Companies ("AEIC") is a subsidiary of Safeco, was incorporated in the State of Indiana, and, upon information and belief, maintains its principal place of business in Indianapolis, Indiana, but has a principal mailing address as registered with the Indiana Department of Insurance as Safeco Plaza, Seattle, WA 98185. See http://www.in.gov/idoi/companyinfo/Domestic/.

5. Defendant American States Insurance Company ("ASIC") is a subsidiary of Safeco, was incorporated in the State of Indiana, and, upon information and belief, maintains its principal place of business at 500 North Meridian Street, Indianapolis, Indiana 46204, but has a principal mailing address registered with the Indiana Department of Insurance as Safeco Plaza, 4333 Brooklyn Avenue, N.E., Seattle, WA 98185. See http://www.in.gov/idoi/companyinfo/Domestic/.

### Jurisdiction and Venue

6. This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1332(a)(1) as there is complete diversity of citizenship between the parties and the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.

7. Venue is proper in the Western District of Pennsylvania pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to the claims occurred within the Western District of Pennsylvania and the property at issue is located in the Western District of Pennsylvania.

### Beck's Claims for Breach of Contract, Estoppel, Bad Faith, and Unfair Trade Practices

8. For and in consideration of a valuable premium paid by Beck, Safeco, AEIC, and/or ASIC issued an "Ultra Series Package Policy" to Beck numbered 02CC771900 and

providing coverage for the period of April 23, 2003 to April 23, 2004. A true and correct copy of this policy is attached hereto as Exhibit A (hereinafter referred to as "the Policy") and incorporated herein by reference as if set forth in its entirety.

9. Each of Safeco, AEIC, and ASIC (hereinafter collectively referred to as "Safeco") is named or identified in some portion of the Policy.

10. On December 5, 2003, while the Policy was in full effect, the Rainbow Inn and its contents were destroyed by fire (the "Fire").

11. The Policy provides insurance coverage for losses resulting from damage by fire to the Rainbow Inn.

12. The Policy provides coverage for the damages and losses suffered by Beck as a result of the Fire, including, but not limited to the Rainbow Inn building, personal property, debris removal, and other types of loss set forth in the Policy.

13. Beck provided prompt and proper notice and proof of the Fire and the losses resulting from the Fire to Safeco.

14. Beck promptly demanded that Safeco comply with its contractual obligations to pay Beck for its losses suffered as a result of the Fire in accordance with the terms of the Policy.

15. Beck has fully complied with each and every term, condition, and provision of the Policy.

16. At all times material hereto and at the time of the Fire, a U.L. listed automatic fire suppression system was installed and operational at the Rainbow Inn for the protection of cooking and ventilating equipment.

17. Prior to the Fire, the Rainbow Inn's U.L. listed automatic fire suppression system was viewed and inspected by Safeco and/or its authorized agents and/or representatives.

18. Prior to the Fire, Safeco never made any objection, complaint, warning, threat, or suggestion to Beck regarding the Rainbow Inn's U.L. listed automatic fire suppression system.

19. Beck justifiably and reasonably relied upon Safeco's inspections and lack of objection, complaint, warning, threat, or suggestion regarding the U.L. listed automatic fire suppression system to its detriment.

20. Thus, Safeco is estopped from denying coverage based upon any alleged absence, insufficiency, flaw, and/or inadequacy of the U.L. listed automatic fire suppression system.

21. Safeco, having actual or constructive knowledge of the existence of the Rainbow Inn's U.L. listed automatic fire suppression system and in an apparent attempt to improperly avoid its contractual and legal obligations to its insured, nevertheless denied coverage only alleging that such a system was not installed.

22. Safeco's denial of coverage constitutes a breach of the Policy's terms and a breach of its contractual duties to Beck.

23. As a result of the Safeco's conduct complained of herein, Beck has suffered and continues to suffer damages in excess of $75,000, which damages continue to accrue.

24. Further, upon information and belief, Safeco has acted in bad faith against its insured and in violation of 42 Pa. C.S.A. § 8371, pursuant to which Beck is entitled to punitive damages and attorney's fees, by refusing to pay Beck for its loss in accordance with the terms of the Policy, and in, at least, the following respects:

   a. by failing to timely investigate the Fire and Beck's claim;

4

526573.1

b.  by failing to properly investigate the Fire and Beck's claim;

c.  by attempting to force and/or coerce Beck to perform its own investigation of the Fire and the resulting loss, despite the fact that Beck has no obligation to do so;

d.  by repeatedly asserting bases for its denial of coverage which have no basis in fact or law and by ignoring information in its possession plainly refuting its own coverage denial;

e.  by engaging in improper, unfair, and unlawful claims handling and insurance practices;

f.  by violating the fiduciary duty owed its insured;

g.  by violating the Pennsylvania Code requiring proper insurance practices, including but not limited to 31 Pa. Code 146.6;

h.  by engaging in an adversarial relationship with Beck; and

by requiring Beck to pay substantial counsel fees to obtain coverage for which it already paid.

25. Safeco's conduct as described herein violates Pennsylvania's Unfair Trade Practices and Consumer Protection Law, 73 P.S. 201-1, et seq., pursuant to which Beck is entitled to treble damages and attorney's fees.

5

526573.1

WHEREFORE, Beck demands judgment in its favor and against the defendants in excess of $75,000 plus interest, costs, counsel fees and costs, and such other relief as the Court deems just and proper. Further, Beck demands punitive damages, counsel fees and costs, and other damages permitted under the Pennsylvania bad faith statute, 42 Pa.C.S. § 8371, and treble damages and counsel fees as permitted in 73 P.S. 201-1, et seq.

**JURY TRIAL DEMANDED**

Respectfully submitted

MEYER, UNKOVIC & SCOTT LLP

By: _____
Richard T. Victoria
Pa. ID.# 76681
rtv@muslaw.com
Joshua R. Lorenz
Pa. ID # 84397
jrl@muslaw.com

1300 Oliver Building
Pittsburgh, PA 15222
(412) 456-2800
Fax: (412) 456-2864

ATTORNEYS FOR PLAINTIFF

6