# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WALTER BECK CORPORATION d/b/a THE RAINBOW INN, | Civil Action No. 04-348-Erie |
| | Judge Maurice B. Cohill, Jr. |
| Plaintiff, | |
| vs. | |
| SAFECO CORPORATION, AMERICAN ECONOMY INSURANCE COMPANY, and AMERICAN STATES INSURANCE COMPANY, | |
| Defendants. | |

## RESPONSE OF DEFENDANTS TO CONCISE STATEMENT OF MATERIAL FACTS BY PLAINTIFF

AND NOW come the Defendants, Safeco Corporation, American Economy Insurance Company and American States Insurance Company by counsel and answer the Concise Statement of Plaintiff as follows:

1.   Paragraph 1 of the Concise Statement of Plaintiff for Partial Summary Judgment is undisputed to the extent that Plaintiff, Walter Beck Corporation, operated a bar/restaurant called the Rainbow Inn located at Route 59, Marshburg, Pennsylvania. However, the content of each exhibit or affidavit referenced in this and all paragraphs of the Concise Statement are not admitted.

2.   Paragraph 2 of the Concise Statement of Plaintiff for Partial Summary Judgment is undisputed in that the insured on the commercial property coverage form at issue is the Walter Beck Corporation, for the period of April 23, 2003 to April 23, 2004. However, the material terms of the Commercial Property Coverage form and Protective

Safeguards Endorsement are attached as Appendix Exhibits A and B to Defendants Motion for Summary Judgment.

    3.    Paragraph 3 of the Concise Statement of Plaintiff is undisputed.

    4.    Paragraph 4 of the Concise Statement of Plaintiff is admitted. However, it is disputed that Safeco Corporation or American States Insurance contracted with Plaintiff. The Defendant, American Economy Insurance Company, provided a Commercial Property Coverage Form to the Plaintiff, Walter Beck Corporation (See Commercial Property Coverage Form in Defendant's Appendix to Motion for Summary Judgment as Exhibit A). While the term "Safeco" appears on various policy pages, it is used as a trademark. If the name, American States, appears on a policy page, it is inadvertent as the companies share forms.

The only proper Defendant to this matter is American Economy Insurance Company. Safeco Corporation is a holding company and does not issue policies of insurance. While American States Insurance Company does issue insurance policies, it is an independent entity and did not issue the policy in question. (See Deposition of Paul Smith, Jr. attached in Appendix to Defendants Motion for Summary Judgment as Exhibit R, at p. 14 lines 17-25 and p. 15, 16) (Amended Answer to Complaint paragraph 5)

    5.    Paragraph 5 of the Concise Statement of Plaintiff is undisputed in that American Economy Insurance Company issued the commercial property coverage form at issue. However, there is no "at a minimum" as no contract exists between Plaintiff and Safeco Corporation or American States Insurance Company. The response above at paragraph 4 is incorporated.

6.      Paragraph 6 of the Concise Statement of Plaintiff is undisputed in that the policy has a Commercial Property Coverage form also called a Building and Personal Property coverage form.  However, it is disputed that the Restaurant Property Plus Endorsement is material to Plaintiff's Motion for Partial Summary Judgment or material to increase the scope or amount of coverage.  The Complaint of Plaintiff makes no specific reference to a Restaurant Property Plus endorsement.  (Complaint of Plaintiff, Supplemental Appendix to Defendant Motion for Summary Judgment, Exhibit T).  The Property Coverage form and the Restaurant Property Plus are subject to policy conditions, in particular, the Protective Safeguards Endorsement.   (Appendix to Defendant Motion for Summary Judgment, Exhibit B.)

7.      Paragraph 7 of the Concise Statement of Plaintiff is disputed as stated; also the materiality thereof is disputed.  Harold Beck claimed to have operated a business that initially installed smoke detectors in apartment buildings and claims to have expanded to installing fire suppression systems.  (Harold Beck deposition, p.19, line 9 to 16, Defendant Supplemental Appendix, Exhibit U)  While Harold Beck contends that he once was licensed in the State of Texas to install fire suppression systems, and took a test for U.L. certification; the licensing was not kept current and expired when Harold Beck sold his Texas business in about 1987. (Deposition of Harold Beck, p. 16, lines 16 to 22, p. 21 line 19-20, Supplemental Appendix, Exhibit U)  The fire was December 5, 2003.

8.      Paragraph 8 of the Concise Statement of Plaintiff is disputed.  The affidavit of James F. Valentine disputes Harold Beck's claimed pretense to knowledge in fire suppression systems, if not directly by clear inference.  (Affidavit of James F. Valentine, Appendix to Defendants Motion for Summary Judgment, Exhibit H,

paragraphs 5 to 9.) Harold Beck could not recall and did not provide the name of any manufacturer of any part of the commercial cooking suppression system he contends was at the restaurant. (Harold Beck deposition p. 49 line 6 to 12, Defendants Supplemental Appendix, Exhibit U) For that matter, he testified that he designed the fire suppression system. (Harold Beck deposition p. 103 line 24, Defendant Supplemental Appendix Exhibit U) Much of it with left over parts from his Texas business. (Harold Beck deposition p.50, line 1 to 8, Defendant Supplemental Appendix, Exhibit U)

9. Paragraph 9 of the Concise Statement of Plaintiff is undisputed in that the fire destroyed the structure and contents. However, the parties do not agree regarding contents. Also the structure was not owned by Plaintiff. (See Paragraphs 24 and 25 of Motion of Defendants for Summary Judgment and Appendix to Defendant's Motion for Summary Judgment, Exhibits M and J.)

10. The response to Paragraph 9 is incorporated, in response to paragraph 10 of the Concise Statement of Plaintiff.

11. If Paragraph 11 of the Concise Statement of Plaintiff is accurate, its materiality is disputed.

12. Paragraph 12 of the Concise Statement of Plaintiff is undisputed; materiality is disputed.

13. Paragraph 13 of the Concise Statement of Plaintiff is undisputed.

14. Paragraph 14 of the Concise Statement of Plaintiff is disputed. The Rule 26 Plaintiff disclosures list "Harold Beck – Employee/Agent/Representative, Walter Beck Corporation". (Plaintiff Rule 26 disclosure, Plaintiff Appendix to Plaintiff Motion for Partial Summary Judgment, Exhibit 28, page 2)

15.     Paragraph 15 of the Concise Statement of Plaintiff is disputed. (Plaintiff Rule 26 Disclosure, Appendix to Plaintiff Motion for Partial Summary Judgment, Exhibit 28, page 2; Affidavit of James Churchwell Exhibit G to Appendix of Defendants Motion for Summary Judgment; see Exhibit G attached portions of statement of Harold Beck that he, his wife and 2 employees ran the restaurant in 2003.)

16.     Paragraph 16 of the Concise Statement of Plaintiff is disputed in its characterization of Harold Beck as merely "assisted in communicating with Safeco". Harold Beck signed all correspondence following the fire. (Exhibits 9, 10, 11, 12, 13 and 15, Plaintiff Appendix to Motion for Partial Summary Judgment). In June, 2004, Harold Beck determined that there would be no more communication between Plaintiff and Defendants. (Deposition of Harold Beck, page 86 line 19-25, page 87 line 1-2, Exhibit U of Defendants Supplemental Appendix).

17.     Paragraph 17 of the Concise Statement of Plaintiff is undisputed. Sharyn Beck was reported to have had a heart attack. Harold Beck, husband of Sharyn Beck, acted as the agent of Plaintiff, never stating that there was any limitation on his authority. (For example, paragraph 18 of the Concise Statement of Plaintiff treats the demand for payment by Harold Beck as the demand of Plaintiff corporation.) Moreover, letters dated February 11, 2004, June 23, 2004, and July 23, 2004 were directed to the Walter Beck Corporation and Mr. and Mrs. Harold Beck (Exhibits C, D, and E to Appendix of Defendants Motion for Summary Judgment) and only responded to by Harold Beck. Paragraphs 15 and 16 in this response are incorporated.

18.     Paragraph 18 of the Concise Statement of Plaintiff is disputed in that there was no contractual obligation to make a payment to Plaintiff. (Letter of Paul Smith to

Plaintiff February 11, 2004 denying claim; letters from Paul Smith to Plaintiff June 23, 2004 ("you now indicate you did have a fire suppression system…who is the vendor who maintains the system?  I can request of them and they can provide us the records on the equipment and we can reassess our position at that point.") and July 23, 2004 ("I again request the name of the company who maintained your systems so we can get past this road block.") The information was never provided. Plaintiff submitted an affidavit from Harold Beck's brother after filing suit 18 months after the fire making certain allegations which he now contends satisfy the policy conditions.  It does not.) (Exhibit C, D and E, Appendix of Defendant to Motion for Summary Judgment)  (Letter to Richard Victoria, Esquire, from Daniel P. McDyer, Esquire, Supplemental Appendix, Exhibit S, to Defendants Motion for Summary Judgment identifies deficiencies of Plaintiff's claim.)

19.     Paragraph 19 of the Concise Statement of Plaintiff is undisputed. (Exhibit P, Appendix of Defendant to Motion for Summary Judgment)

20.     Paragraph 20 of the Concise Statement of Plaintiff is undisputed. However, correspondence of Paul Smith to Plaintiff dated 6-23-04 and 7-23-04, Exhibits D and E. requested that the contractor of the alleged fire suppression system be identified. Plaintiff refused to respond to the letter requests. (Defendants' Appendix to Motion for Summary Judgment, Exhibits D and E).

21.     Paragraph 21 of the Concise Statement of Plaintiff is undisputed to the extent the loss inventory Sharyn Beck prepared had typed on it "Halon fire suppression system".  However, Plaintiff also completed in 2003 a written Restaurant Supplement denying any such system:

**RESTAURANT SUPPLEMENT**

Applicant: <u>Walter Beck Corporation DBA Rainbow Inn</u>

22. Are all areas over ranges, grills, fryers, and all other cooking surfaces, and hoods and ducts protected by an automatic fire extinguishing system? __ Yes <u>X</u> No
    Is the extinguishing system UL 300 compliant? __ Yes <u>X</u> No
23. Is there a maintenance agreement to regularly inspect and service the system? __ Yes <u>X</u> No

(Appendix to Defendants Motion for Summary Judgment, Affidavit of Marta McHale, Exhibit I.)

Although the focus was cause and origin, Churchwell Fire Consultants, Inc., whose principals, Brian Churchwell and James Churchwell inspected the fire site testified by affidavit that:

Throughout my examination of the fire site, I did not observe a fire suppression system or the noncombustible remnants of such a system which one would expect to survive a fire. My opinion is, therefore, that on December 5, 2003 a fire suppression system was not at the Rainbow Inn.

(Affidavit of Brian Churchwell, Exhibit F to Appendix of Defendants in Support of Defendant Motion for Summary Judgment and Affidavit of James Churchwell, Exhibit G) (Letters to Plaintiff from Paul Smith, Exhibits C, D and E, Appendix, Defendants Motion for Summary Judgment).

22. Paragraph 22 of the Concise Statement of Plaintiff is undisputed, but the time of approximately 30 days for the letter of denial dated February 11, 2004 to issue following a Plaintiff letter of inventory is not material.

23. Paragraph 23 is not disputed in the context of the Plaintiff's limited Motion for Partial Summary Judgment. However, the denial bases were supplemented by further correspondence from counsel. (Exhibit S, Defendants' Supplemental Appendix, also Paul Smith Deposition page 61, Defendants' Supplemental Appendix, Exhibit V).

24. Paragraph 24 of the Concise Statement of Plaintiff is disputed as incomplete:

> **"P-8" Commercial Cooking Protection** – A U. L. listed automatic fire suppression system installed for the protection of cooking and ventilating equipment, including plenums, exhaust ducts and hood over cooking appliances. The suppression system must be serviced by an independent contractor on a [SEMI ANNUALLY] basis. The ventilating system, including plenums, exhaust ducts, roof vent and hood over cooking appliances must be cleaned by an independent contractor on a QUARTERLY basis.
>
> * * *
>
> We will not pay for loss or damage caused by or resulting from fire if, prior to the fire, you:
> a.   Knew of any suspension or impairment in any protective safeguard listed in the Schedule above and failed to notify us of that fact; or
> b.   Failed to maintain any protective safeguard listed in the Schedule above, and over which you had control, in complete working order.  (Protective Safeguards Endorsement, Exhibit B and Exhibit C denial letter of February 11, 2004, Appendix to Defendants Motion for Summary Judgment).

25.   Paragraph 25 of the Concise Statement of Plaintiff is disputed, however, Plaintiff is correct that the letter of denial dated February 11, 2004 had a typographical error in use of "quarterly" in reference to independent contractor service. Service was required semi-annually in the Protective Safeguards Endorsement, and cleaning was to be independently contracted quarterly.  (Protective Safeguards Endorsement, Appendix Exhibit B to Defendant Motion for Summary Judgment)

26-27.   Paragraphs 26 and 27 of the Concise Statement of Plaintiff are disputed. (Affidavit of Marta McHale, Exhibit I to Appendix of Defendants to Motion for Summary Judgment; Affidavit of Brian Churchwell Exhibit F and Affidavit of James Churchwell Exhibit G; affidavit of James F. Valentine, Exhibit H)

The affidavit of James F. Valentine, a certified fire investigator provided a clear statement that the Plaintiff did not satisfy the Protective Safeguards Endorsement cited above in paragraph 24. Mr. Valentine testified in his affidavit that:

9.  In my experience, and in my opinion, Halon is not, and never has been, an accepted commercial cooking fire suppression agent. Halon would not be considered an acceptable fire suppressant in commercial kitchens, nor has UL listed Halon for such use.

10. If called as a witness, I could testify to the above based upon my personal knowledge, training and experience. (Defendants Appendix to Motion for Summary Judgment, Exhibit H.)

In addition, relevant portions of the Affidavit of Marta McHale confirm a written admission by Plaintiff of no fire suppression system in 2003 and non-compliance with U.L. and non-compliance with service and maintenance by an independent contractor. (Affidavit of Marta McHale, Exhibit I, Appendix to Defendants' Motion for Summary Judgment). The correspondence of Paul Smith dated February 11, 1004 and claim notes confirm information on the lack of compliance with the Protective Safeguards Endorsement. (Appendix to Defendants Motion for Summary Judgment Exhibit C; Exhibit P)

28. Paragraph 28 of the Concise Statement of Plaintiff is undisputed to the extent that Plaintiff, approximately 18 months after the fire, obtained what purports to be an affidavit from Harold Beck's brother, which is disputed, and approximately 22 months after the fire obtained 7 additional affidavits that purport to be of various part time employees of Plaintiff. The 7 employee affidavits are disputed in content thereof and materiality. None can verify an operational system, servicing or maintenance requirements as of the date of the fire. (Affidavit of Marta McHale Exhibit I, Affidavit of James F. Valentine, Exhibit H, Affidavit of Brian Churchwell, Exhibit F and Affidavit of

James Churchwell, Exhibit G to Appendix of Defendants Motion for Summary Judgment) Paragraphs 21 through 27 are incorporated herein.

29. Paragraph 29 of the Concise Statement of Plaintiff is disputed. Although Harold Beck attempted, after the claim was denied, to recant his statement that no suppression system was at the restaurant, the original statement is consistent with the Restaurant Supplement provided by Plaintiff to its insurance agency; the original statement was recorded by Paul Smith in his notes and by Smith's letters to Plaintiff. (Affidavit of Marta McHale, Exhibit I, Exhibit P file notes, Exhibit C letter of February 11, 2004, Exhibit D, Letter of 6-23-04, Exhibit E, Letter of 7-23-04, Appendix to Defendants Motion for Summary Judgment, Deposition of Paul Smith, p. 86, Line 16-17, Exhibit V, Supplemental Appendix).

30. Paragraph 30 of the Concise Statement of Plaintiff is disputed and is inconsistent with paragraph 29 of the Concise Statement which argues that "Mr. Beck clarifies this issue in several letters to Mr. Smith and Safeco… as well as in his deposition…" Also, the materiality of paragraph 29 is disputed. Also, Harold Beck testified about discussions with Paul Smith, including those on deposition pages 86, Line 17-25 and Page 80, Line 1-18, Exhibit V, Supplemental Appendix of Defendants).

31. Paragraph 31 of the Concise Statement of Plaintiff is disputed as misleading. While Harold Beck raises alleged confusion in his mind regarding brands of suppression systems as an excuse for his statement; the lack of a suppression system is confirmed by Plaintiff in the written Restaurant Supplement. (Affidavit of Marta McHale, Exhibit I). (Also, Letter of Paul Smith, 2-11-04, Exhibit C, Appendix of Defendants).

32. Paragraph 32 of the Concise Statement of Plaintiff is disputed. While Harold Beck argues he miscommunicated, Paul Smith confirmed the statement in his notes, Exhibit P, by letter to Harold Beck, Exhibit C, and in the deposition of Paul Smith, Mr. Smith confirmed that while miscommunications are possible, what he was told was clear to him that no fire system was at the restaurant on the fire loss date. (Deposition of Paul Smith page 86, Line 16-17, "I believe I heard him say he had the system removed." (Exhibit V, Supplemental Appendix). (Also, Affidavit of Marta McHale Exhibit I, Affidavit of James F. Valentine, Exhibit H, Affidavit of Brian and James Churchwell Exhibits F and G)

33. Paragraph 33 of the Concise Statement of Plaintiff contains various deposition excerpts, with the lead that Paul Smith, claim representative, may have used a term "Ansul" in speaking with Harold Beck. However, paragraph 33 must be disputed due to its attempt to raise unfounded inferences. Mr. Smith is clear that "I believe I heard him say he had the system removed". (Smith deposition, page 86, Lines 16-17, Exhibit V, Supplemental Appendix). The response at paragraph 34 is incorporated.

34. Paragraph 34 of the Concise Statement of Plaintiff is disputed. Despite Plaintiff's efforts to limit the requirements of the Protective Safeguards Endorsement and Plaintiff's responsibility under the policy, it is clear that Paul Smith in denying the claim relied upon the entire endorsement.

> Q. So Safeco's sole basis for denying the claim is that Safeco wasn't provided with an agreement showing that a system had been serviced in accordance with the agreement? In accordance with the policy? (Smith Deposition p. 60, Lines 21-25, Exhibit V).

> A. In accordance with the policy, yes.
> That there was a system, that it was in place,
> it was UL approved, that it was serviced
> semi-annually and cleaned quarterly by an
> independent contractor. And that was the basis
> of my denial. (Smith Deposition p. 61, Lines 2-7, exhibit V)

Mr. Smith, when asked if there was a system at the restaurant, stated "I don't know". (Smith Deposition p. 61, Exhibit V, Supplemental Appendix) He is obviously referring to the contradictions of Plaintiff. Harold Beck stated that the system was removed before the fire. (letter of February 11, 2004 denial of coverage, Exhibit C). This is what Harold Beck stated, not the personal knowledge of Mr. Smith. Paul Smith's testimony should also be put in context, which Plaintiff is not doing:

I can't speak for all of Safeco…Whether something was done further in underwriting, I can't say. (Smith Deposition p. 87, Exhibit V, Supplemental Appendix).

Also, the correspondence of 2-11-04, Exhibit C of Appendix, clearly advises that all rights are being reserved as are such other defenses as continuing investigation may reveal. (Exhibit C, Letter of 2-11-04, Appendix to Defendants' Motion for Summary Judgment).

35.     Paragraph 35 of the Concise Statement of Plaintiff is disputed as to materiality. When Mr. Smith was deposed, for the first time it appeared file notes may have been absent from earlier production. Within 30 days the documents were located and provided to Plaintiff. The 30 day period encompassed the Thanksgiving Holidays. In addition, Mr. Smith's deposition was left open pending Plaintiffs review of any document produced.

36.     Paragraph 36 of the Concise Statement of Plaintiff is undisputed.

37. Paragraph 37 of the Concise Statement of Plaintiff is disputed. (Affidavit of Marta McHale, Exhibit I, Affidavit of James F. Valentine, Exhibit H; Affidavit of Brian Churchwell and James Churchwell Exhibits F and G.) Paragraph 38 is incorporated herein.

38. Paragraph 38 of the Concise Statement of Plaintiff is disputed. Subparts a-e are disputed by the admission of Harold Beck referred to earlier, and the admission of Plaintiff in the Restaurant Supplement:

**RESTAURANT SUPPLEMENT**

Applicant: Walter Beck Corporation DBA Rainbow Inn

22. Are all areas over ranges, grills, fryers, and all other cooking surfaces, and hoods and ducts protected by an automatic fire extinguishing system? __Yes _X_ No
    Is the extinguishing system UL 300 compliant? __Yes _X_ No
23. Is there a maintenance agreement to regularly inspect and service the system? __Yes _X_ No

(Appendix to Defendants Motion for Summary Judgment, Affidavit of Marta McHale, Exhibit I.)

**DENIAL LETTER**

Based on the fact that your restaurant facility did not have the required fire suppression system, we will be unable to cover your loss… You indicated to me this was removed in 1996 or 1997 and never replaced. (Exhibit C, Letter of 2-11-04, Appendix to Defendants' Motion for Summary Judgment).

**VALENTINE AFFIDAVIT**

The affidavit of James F. Valentine, a certified fire investigator provided a clear statement that the Plaintiff did not satisfy the Protective Safeguards Endorsement cited above. Mr. Valentine testifies in his affidavit that:

9. In my experience, and in my opinion, Halon is not, and never has been, an accepted commercial cooking fire suppression agent. Halon would not be considered an acceptable fire suppressant in commercial kitchens, nor has UL listed Halon for such use.

10.     If called as a witness, I could testify to the above based upon my personal knowledge, training and experience. (Defendants Appendix to Motion for Summary Judgment, Exhibit H.)

## McHALE AFFIDAVIT

Marta McHale's affidavit has a Selective Insurance application that fails to confirm the existence of an independent contractor maintenance agreement. The form was in that agency's 1997 file.

## CHURCHWELL AFFIDAVITS

Churchwell Fire Consultants, Inc., whose principals, Brian Churchwell and James Churchwell inspected the fire site testified by affidavit that:

11.     Throughout my examination of the fire site, I did not observe a fire suppression system or the noncombustible remnants of such a system which one would expect to survive a fire. My opinion is, therefore, that on December 5, 2003 a fire suppression system was not at the Rainbow Inn.

(Affidavit of Brian Churchwell, Exhibit F to Appendix of Defendants in Support of Defendant Motion for Summary Judgment and Affidavit of James Churchwell, Exhibit G)

Plaintiff has never produced any written certification regarding a fire suppression system.

39.     Paragraph 39 of the Concise Statement of Plaintiff is not disputed in that a letter of Robert J. Beck was part of the Rule 26 disclosures of Plaintiff, of June 25, 2005. The letter is dated February 20, 2005. The letter, however, is disputed and must be inaccurate as the dates in the body of the letter refer to 2004 servicing. The fire was December 5, 2003. The response at paragraph 38 is incorporated.

40.     Paragraph 40 of the Concise Statement of Plaintiff is not material. Paul Smith requested that Plaintiff provide the name of independent contractors so that Paul

Smith could contact the contractors. Plaintiff did not provide any contractor records or identity, but rather filed suit. The citations at Paragraph 40 are to Liquor Control Board Law and are not material.

41.    Paragraph 41 of the Concise Statement of Plaintiff is undisputed, however, not material. The nature of defense counsel's investigation for Defendants is not material.

42.    Paragraph 42 of the Concise Statement of Plaintiff is disputed. Plaintiffs provided no information regarding quarterly cleaning from the time of fire through deposition of Sharyn Beck. At the deposition of Sharyn Beck, Mrs. Beck claimed that she had someone named "Cocaine Katy" (Deposition of Sharon Beck, page 48, Lines 7-8, Exhibit W, Defendants Supplemental Appendix) do cleaning of the kitchen hood. However, this is inconsistent with the affidavit of Marta McHale, Exhibit I).

43.    Paragraph 43 of the Concise Statement of Plaintiff is responded to by stating that the cause of the fire was undetermined. However, compliance with the insurance policy terms and the Protective Safeguards Endorsement is at issue; Paragraph 43 is not material.

44.    Paragraph 44 of the Concise Statement of Plaintiff is disputed. (Affidavit of James F. Valentine, Exhibit H); (Record of Attempted Survey, Exhibit X, Supplemental Appendix of Defendants). Also, Deposition of Harold Beck, page 92, line 5 and lines 22-23 "Safeco, whoever. I don't know," demonstrated that the contention in Paragraph 44 is without support. (Harold Beck Deposition, Exhibit U, Defendants' Supplemental Appendix).

- 16 -

    45.    Paragraph 45 of the Concise Statement of Plaintiff is disputed as stated. The policy had it own requirements in the Protective Safeguards Endorsement with which Plaintiff failed to comply.

                Respectfully Submitted,

                Anstandig, McDyer & Yurcon, P.C.


                BY: s/ Daniel P. McDyer
                Daniel P. McDyer, Esquire
                Attorney for Defendants
                1300 Gulf Tower
                707 Grant Street
                Pittsburgh, PA 15219
                (412) 765-3700