**ANSTANDIG, McDYER & YURCON, P.C.**
*Attorneys at Law*

*1300 Gulf Tower*
*707 Grant Street*
*Pittsburgh, PA 15219-1911*

Daniel P. McDyer*                                                              Facsimile: (412) 765-3730
Telephone: (412) 765-3700                                    e-mail: danmcdyer@ambylaw.com
*Admitted in Pennsylvania and West Virginia*

December 6, 2006

Richard T. Victoria, Esquire
Meyer, Unkovic & Scott, LLP
1300 Oliver Building
535 Smithfield Street
Pittsburgh, PA 15222

                 Re:     Walter Beck Corp. d/b/a The Rainbow Inn v.
                              Safeco Corp., American Economy Insurance, and
                              American States Insurance Company
                Our File:    1/21238

Dear Mr. Victoria:

Please allow this letter to serve as a response to your correspondence of November 8, 2006. In said correspondence, you maintain that it is the position of the Walter Beck Corporation that it complied with all contractual obligations for insurance coverage relative to the December 5, 2003 fire at the Rainbow Inn. I must respectfully disagree.

The Walter Beck Corporation has made claim for value of the real estate destroyed in the fire and submitted inventories of contents allegedly lost in the fire. I once again refer you to the Protective Safeguards Endorsement of the policy which states:

      1.      The following is added to the Commercial Property Conditions

"P-8" A U.L. listed automatic fire suppression system installed for the protection of cooking and ventilating equipment, including plenums, exhaust ducts and hood over cooking appliances. The suppression system must be serviced by an independent contractor on a SEMI ANNUALLY basis. The ventilating system, including plenums, exhaust ducts, roof vent and hood over cooking appliances must be cleaned by an independent contractor on a QUARTERLY basis.

* * *

         We will not pay for loss or damage caused by or resulting
         from fire if, prior to the fire, you:



DEFENDANT'S EXHIBIT 5

Re:        Walter Beck Corporation d/b/a The Rainbow Inn
           v. Safeco Corp., et al.
Page No.   Page 2 of 3
Date:      December 6, 2006

    a.  Knew of any suspension or impairment in any protective safeguard listed in the Schedule above and failed to notify us of that fact; or

    b.  Failed to maintain any protective safeguard listed in the Schedule above, and over which you had control, in complete working order.

After the fire, the information that American Economy Insurance Company received from the Walter Beck Corporation representative, Harold Beck, verbally, was that the fire suppression equipment had been removed from the Rainbow Inn well before the December 5, 2003 fire.

Subsequently, on February 11, 2004, a letter denying the claim was sent to the Walter Beck Corporation.

The Walter Beck Corporation contention is that a brother in law of its corporate officer was involved in servicing the fire suppression system, yet there was no disclosure of this contention prior to filing of the lawsuit against American Economy.

If, indeed, the Rainbow Inn had a fire suppression system, it was not serviced or maintained as required by the Protective Safeguards Endorsement. There is no original documentation to confirm compliance, such as invoices, maintenance records, or certifications.

Moreover, American Economy has obtained the statement and opinion of James F. Valentine, a professional in fire inspection, that what the Walter Beck Corporation contends was a fire suppression system, on December 5, 2003, would not have been U.L. listed. According to Mr. Valentine, Halon has never been U.L. listed for commercial cooking fire extinguishment.

After this fire, American Economy Insurance also received a copy of a form that had been prepared for another insurance company in 1996 by the Walter Beck Corporation which indicated that there was no maintenance agreement for the suppression equipment, if any such equipment existed at that time.

American Economy Insurance, after the fire, through investigation, obtained a copy of a Restaurant Supplement that was completed by the Walter Beck Corporation and clearly indicates that in 2003 the Rainbow Inn had no fire suppression system.

In addition, independent fire investigators, Brian Churchwell and James Churchwell were at the fire site. Examinations of the site failed to reveal a fire suppression system or the remains of one.

In addition, investigation disclosed a lease between the Walter Beck Corporation and Sharyn and Harold Beck. The deposition testimony of Sharyn Beck is that the Walter Beck Corporation did not own the real estate in which the Rainbow Inn was located. Without ownership or appropriate

Re:       Walter Beck Corporation d/b/a The Rainbow Inn
          v. Safeco Corp., et al.
Page No.  Page 3 of 3
Date:     December 6, 2006

documentation, payment of a claim for the value of any real estate to the Walter Beck Corporation, cannot be made.

Also, the recently obtained income tax returns of the Walter Beck Corporation for 2000, 2001 and 2002, when compared to the inventories for contents, beer and food, and liquor submitted by the Walter Beck Corporation as its basis for payment, reflect serious inconsistency between the tax records and the inventories.

Given the above, the claim of the Walter Beck Corporation continues to be denied.

We hope this is further assistance to you and the Walter Beck Corporation in understanding the position of American Economy Insurance Company.

Very truly yours,

ANSTANDIG, McDYER & YURCON, P.C.

BY:
DANIEL P. McDYER
DPM/jla

Enclosures