Case 1:04-cv-00348-MBC   Document 44-2   Filed 03/12/2007   Page 1 of 2

Walter Beck Corp v. Safeco, et al.                                    Page 1 of 2

### Richard T. Victoria

**From:** Poljak, Stephen J. [SJPoljak@MDWCG.com]
**Sent:** Tuesday, May 02, 2006 10:13 AM
**To:** Richard T. Victoria
**Subject:** RE: Walter Beck Corp v. Safeco, et al.

Rich:

Thanks for the message and the depo. notices. I hate to say this but unfortunately I have a jury trial in Warren Pa. on the 24th, 25th and 26th of this month. This is an insurance coverage matter and it will not settle prior to trial. Obviously, we will have to pick different dates for the depos. I propose we file a joint extension of the discovery deadline for another 90 days to the beginning of September. I don't think the judge will mind if we tell him the situation and that the parties are exploring the possibility of settlement. In the meantime, I will send the notices along to Kathy London and Paul Smith and get dates of their availability to them. I would appreciate if you could get dates from Mr. Beck and a representative of the corporation for their depos. Thanks a lot.

Steve

---

**From:** Richard T. Victoria [mailto:RTV@MUSLAW.com]
**Sent:** Monday, May 01, 2006 4:54 PM
**To:** Poljak, Stephen J.
**Cc:** Joshua R. Lorenz
**Subject:** Walter Beck Corp v. Safeco, et al.

Dear Steve,

Please find attached five notices of deposition (in a single pdf document): one for each of the three defendants in the above referenced case plus Paul Smith and Kathy London. Hard copies will follow in the mail as indicated on the Certificates of Service.

<<5 Deposition Notices.pdf>>

I recognize that we have not discussed available dates for this matter and am willing to attempt to accommodate your and your clients' schedules. However, with the discovery deadline only one month away, we wanted to get these noticed for obvious reasons. I also recognize that you may want to produce representative(s) from a single company on behalf of all of the defendants and I am willing to discuss this possibility with you. My concern, of course, is protecting my client's interests with respect to any claims in may have against any of the defendants.

Additionally, in your clients' discovery responses, they seem to indicate that they have no claims manuals/claims handling guidelines to produce in this case. Based upon my experience, this seems out of the ordinary. See Response to Plaintiff's Request for Documents #21. While I understand your objection to the lack of a specific time frame here, I think you and I both understand that what we are asking for are materials relevant to the review, investigation, handling, etc. of my client's claim. Please confirm that your client's possess no such materials. If they have any such documents, please produce them ASAP. Thank you.

Finally, I expect to have a settlement demand to you shortly. If there is any chance of settling this matter, we would like to attempt to do so before your and our clients run up their costs and fees in the matter.

Sincerely,

Richard T. Victoria
mailto:rtv@muslaw.com

**Exhibit A**

3/12/2007

Case 1:04-cv-00348-MBC   Document 44-2   Filed 03/12/2007   Page 2 of 2

Walter Beck Corp v. Safeco, et al.                                                   Page 2 of 2

Meyer, Unkovic & Scott LLP
1300 Oliver Building
Pittsburgh, PA 15222
(412) 456-2860
(412) 456-2864 (FAX)
http://www.muslaw.com

THIS MESSAGE IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED, AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED OR CONFIDENTIAL. IF THE READER OF THIS EMAIL IS NOT THE INTENDED RECIPIENT, OR THE EMPLOYEE OR AGENT RESPONSIBLE FOR DELIVERING THE MESSAGE TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY THE SENDER IMMEDIATELY BY TELEPHONE, AND RETURN THE ORIGINAL MESSAGE TO THE ABOVE EMAIL ADDRESS.

CIRCULAR 230 DISCLOSURE: TAX ADVICE, IF ANY, CONTAINED IN THIS COMMUNICATION (OR ANY ATTACHMENT) IS NOT INTENDED TO BE USED, AND CANNOT BE USED, BY THE RECIPIENT HEREOF (OR ANY OTHER TAXPAYER) TO (i) AVOID PENALTIES UNDER THE INTERNAL REVENUE CODE OF 1986, AS AMENDED, OR (ii) SUPPORT THE PROMOTION OR MARKETING OF ANY FEDERAL TAX TRANSACTION OR MATTER ADDRESSED HEREIN. THIS DISCLOSURE IS MADE FOR THE PURPOSE OF COMPLYING WITH THE RULES OF TREASURY DEPARTMENT CIRCULAR 230 GOVERNING STANDARDS OF PRACTICE BEFORE THE INTERNAL REVENUE SERVICE.