IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT
OF PENNSYLVANIA

| | |
|---|---|
| WALTER BECK CORPORATION d/b/a THE RAINBOW INN, | Civil Action No. 04-348-Erie |
| | Judge Maurice B. Cohill, Jr. |
| Plaintiff, | |
| vs. | |
| SAFECO CORPORATION, AMERICAN ECONOMY INSURANCE COMPANY, and AMERICAN STATES INSURANCE COMPANY, | |
| Defendants. | |

## SUR-REPLY TO PLAINTIFF'S MOTION FOR DISCOVERY SANCTIONS PURSUANT TO RULE 37

AND NOW come defendants, by their counsel Anstandig, McDyer & Yurcon, P.C. and file this Sur-Reply to Plaintiff's Motion for Discovery Sanctions Pursuant to Rule 37.

Plaintiff attempts by its Reply timeline to create the impression of multiple violations. There was a single instance of a Court Order directing Defendants' response to discovery. The response was timely made, which included the following:

> 9.  All claims files or documents concerning Beck, the Rainbow Inn and/or the fire.
> RESPONSE:
> Attached.

The response at No. 9 was served, and subsequently Defendants substituted their defense counsel.

- 1 -

If the claim file, including the 39 pages that claim representative, Smith electronically entered, were not "attached" at Request No. 9, it was an inadvertent matter. Having read the above response to request No. 9, present defense counsel believed that the claim file had been produced as "attached". The claim file confirms Mr. Smith's activity. It adds no new issue.

The person that knew the claim file was not attached, if it was not, was Plaintiff. As Plaintiff counsel stated at the Smith deposition:

> Mr. Victoria: I didn't see a single note or anything in the electronic file that was produced to me by Mr. Smith. <u>That seemed unusual to me.</u> (Smith deposition, November 7, 2006 p. 105-106) (emphasis added)

Knowing and believing the produced documents were "unusual" Plaintiff did not specifically express its belief that documents were still outstanding. Plaintiff quietly served a duplicate request upon substitute defense counsel and received the response from substitute defense counsel that the file had previously been produced. This would appear to be so according to the response at No. 9. Plaintiff remained silent. A phone call would have remedied the situation.

At claim representative Smith's deposition, knowing that in less than 30 days the next scheduled pretrial event was to be filing of Motions for Summary Judgment, Plaintiff counsel expressed no problem with receiving supplemental document production or taking an additional deposition. Plaintiff counsel expressed no specific deadline for supplemental production. Plaintiff counsel said: And we'll be in touch on whether we need to talk about a Kathy London deposition or any other witnesses. (Smith deposition, November 7, 2006, p. 114 attached to Response of Defendants to Motion as Exhibit Z).

Plaintiff anticipated additional documents, as it knew the lack thereof was "unusual". Plaintiff anticipated that it might take additional testimony. These anticipated procedures were acceptable to Plaintiff, and outlined by it, before Defendants filed for Summary Judgment.

If discovery were a genuine issue, the anticipated receipt of additional production would not have been satisfactory and acceptable on November 7, 2006. The Motion for Sanctions has nothing to do with discovery or the pace of discovery. The issue is that Defendants' Motion for Summary Judgment exposed the lack of merit in Plaintiff's Motion for Summary Judgment and in Plaintiff's lawsuit.

Plaintiff has filed 34 pages of allegations and argument on its Motion for Sanctions. Plaintiff's contention of prejudice by the supplemental production of the claim notes is not specifically defined in 34 pages. Plaintiff argues in conclusory terms about claim "analysis" or claim "strategy".

There was nothing new in Smith's entries into the claim file. Of the Smith entries, there were 39 pages, mostly just a few sentences per entry; of that, only 6 dealt with conversations with Harold Beck. Plaintiff has known, through Harold Beck, what Beck said. The claim notes record that Harold Beck said that there was no suppression system on the date of the fire; that it had been removed; that a survey form so confirming had been given to Plaintiff's insurance agency.

This is not new. Harold Beck later wrote by letter to Mr. Smith that it was all a misunderstanding.

The Plaintiff also implies that it did not delay 1 ½ years in scheduling depositions.

In Plaintiff's Motion for Sanctions, paragraph 23 thereof, Plaintiff told the Court that "...discovery in this case formally ran from December 2, 2004…"

In Plaintiff's Motion for Sanctions, at paragraph 25, Plaintiff told this Court that Plaintiff "originally noticed depositions of Defendant for May 23, 2006 through May 25, 2006…"

The time between May 23, 2006 and December 2, 2004 computes to 1 ½ years.

Plaintiff notes that Defendant noticed the depositions of Harold Beck and Sharyn Beck for December 16, 2005. These never took place until November 11, 2006, when to finally obtain the depositions, Defendants took same in Florida where Harold Beck and Sharyn Beck reside.

Plaintiff implies that serving a subpoena for records upon Plaintiff's insurance agent or one of the government agencies investigating the fire was the fault of Defendants. It was not. Defendants subpoenaed the Plaintiff's insurance agency records also.

Defendants had to serve 2 subpoenas in New York State upon Plaintiff's tax accountant for financial records because Plaintiff would not produce them, nor sign authorizations to obtain same. The 2003 tax records still remain outstanding from Plaintiff's production.

In addition, the timeline in the Reply of Plaintiff shows that amendments to the pretrial schedule were sought periodically by all parties, either jointly or without opposition. If pretrial dates were enlarged in 2005 and 2006 by Plaintiff acting through joint stipulation or without giving opposition, it can not be heard to complain now about the course of litigation.

**II.**

In part II of the reply, Plaintiff argues that additional discovery as a remedy is ineffective. Yet, on November 7, 2006 at Mr. Smith's deposition, additional discovery was no problem. In fact, Plaintiff placed no deadline on the production of additional discovery and outlined further discovery that it would undertake. (Smith deposition, p. 114-115; attached to Defendant Response as Exhibit Z). An enlargement of time was implicit in Plaintiff's discovery plan.

Plaintiff argues that additional discovery can not undo costs of its investigation, discovery, research, or preparation of Summary Judgment Motion on incomplete facts. Plaintiff points to no supplemental production document that was case altering. Smith's electronic entries noting the contradictions by Harold Beck over the property's lack of a fire suppression system, was a known issue to Plaintiff. Also, Plaintiff engaging in investigation, discovery and research is not material to the Motion for Sanctions.

Plaintiff states that it might have taken the Plaintiff insurance agency's deposition. Plaintiff had the agency file by subpoena and could have scheduled same.

Plaintiff had routinely enlarged or ignored discovery deadlines throughout the history of this case. Now, suddenly discovery deadlines or pretrial enlargements are unthinkable. This is just not genuine.

**III.**

The Poulis factors should not favor Plaintiff.

A.    The Defendant parties had no responsibility in preparation of production material. The response to request No. 9 was that the documents were "attached". To substitute defense counsel the response to Request No. 9 appeared to satisfy discovery.

If not, it was inadvertence. The Defendants were not involved in preparation of production by substitute defense counsel.

As indicated in this Sur-Reply and the initial Defendant Response, Plaintiff delayed even noticing a deposition for 1 ½ years. Never made specific inquiry of counsel for claim file documents that it thought missing from production and unusual if not part of production. Plaintiff outlined a procedure for proceeding with discovery, before and after Mr. Smith's deposition. Yet, Plaintiff has not followed its own discovery procedure. Plaintiff could have readily requested Mr. Smith to reconvene for deposition, if it really felt that was necessary. Plaintiff has had the supplemental documents since December 5, 2006 and said nothing to accomplish the deposition that was left open by agreement. Any argument of Plaintiff to the contrary is incorrect. At the deposition of Mr. Smith, defense counsel on the record said that Plaintiff would not be held to any deadline by Defendants. (Smith deposition, p. 116, attached to Defendant Response as Exhibit Z). Plaintiff knows it has nothing to add to its Motion for Summary Judgment by questioning Mr. Smith and nothing to add from the documents themselves.

Plaintiff in the Reply indicated that they were not given the opportunity of additional discovery. At page 8 of the Reply, Plaintiff tells this Court that "… Beck Corp. was not given the opportunity to continue with [Smith's] deposition…" allegedly due to the timing of supplemental production. Yet, this is contradicted by the history of multiple enlargements of pretrial deadlines and by paragraph 34 of the Plaintiff's Motion for Sanctions which tells this Court that "…while Beck Corporation had desired to depose, at least, additional representative… Beck <u>chose</u> to proceed in accordance with the Court's Summary Judgment deadline…" (emphasis added) The second reason offered by

Plaintiff in paragraph 34 for proceeding was "…the dire financial condition of Beck Corp…"

  B. Prejudice.

There is no identifiable prejudice to Plaintiff. Plaintiff is purposely vague in both its Motion for Sanctions and its reply.

  C. History of Dilatoriness

There is no history of dilatoriness. There is a single Order compelling discovery. A single incident of supplementing production.

  D. Willfulness

The supplemental documents were thought to have been produced. As previously stated the response to the request for claim file documents was responded to as "attached". When it appeared to defense counsel at claim representative Smith's deposition, for the first time, that Plaintiff had no claim file entries by Mr. Smith, the entries were provided within 28 days even though, Defendants at their own expense had to prepare for the deposition of Harold Beck and Sharyn Beck in Florida and the Thanksgiving Holiday intervened.

Plaintiff counsel states that he did not know Mr. Smith's entries existed; yet Mr. Smith testified so on November 7, and counsel stated that to not have such entries would be "unusual".

  E. Effectiveness of Lesser Sanctions.

This is not a case for extreme sanctions, or any sanctions. Plaintiff requests the Court to enter extreme sanctions, based on generality and extremely vague contentions. Moreover, dismissal or entry of judgment is a sanction of last resort. <u>Poulis</u> at 869.

Alternatives are particularly appropriate when the party has not personally caused the delay. Poulis at 866.

      F.      Meritoriousness of the Claim.

Viewing the pleadings as including the Complaint and the Answer to it, merit is not clear and is contested. The denials and affirmative defenses, if accepted would bar the claim. The following are excerpts of paragraphs from the Defendants' Answer:

> 9. After a reasonable investigation, the Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 16. The same are therefore denied and strict proof thereof is demanded. <u>Further, the Defendant was advised by the Plaintiff that a fire suppression system had been removed and never reinstalled in the subject premises.</u> (emphasis added)
>
> 10. The averments set for in paragraph 18 are denied. <u>To the contrary the policy issued by Safeco required a specific fire suppression system in the subject premises for the purpose of insurance coverage.</u> (emphasis added)
>
> 16. The Plaintiff has failed to perform all of its obligations under the policy allegedly issued to it by the Defendants.
>
> 17. Plaintiff's claims are barred in whole or in part to the extent that the <u>Plaintiff negligently or intentionally failed to disclose, concealed or misrepresented facts, which were material and were known by the Plaintiff to be material to the risks allegedly undertaken</u> by the Defendants for the purpose of inducing the Defendants to issue the subject policy. (emphasis added)
>
> 18. Some of the Plaintiffs claims are barred in whole or in part by the terms and conditions, limitations and exclusions set forth in the policy allegedly issued by the Defendants to the Plaintiff.

Adding to the analysis the opposition of Defendants to Plaintiff's Motion for Summary Judgment and the Defendants Motion for Summary Judgment with related documents, the merit of the Plaintiff's claim is absent.

- 8 -

## **CONCLUSION**

Plaintiff states in its conclusion, that the weeks of work into preparing the Summary Judgment Motion of Plaintiff could have been avoided if it had complete discovery. There was nothing in the supplemental documents of assistance to Plaintiff. If there is, Plaintiff can supplement its Motion for Summary Judgment.

As to the remainder of Plaintiff's conclusion in the reply, Defendants have never recanted the procedure outlined and agreed upon in the Smith deposition. It has been Plaintiff that rejected its own discovery procedure as outlined by it in correspondence before the Smith deposition (Exhibit GG to Response to Motion for Sanctions) and on the record of Smith's deposition (Exhibit Z, attached to the Response to Motion for Sanctions) in favor of the present tactic.

The Motion for Sanctions should be denied.

Respectfully Submitted,

Anstandig, McDyer & Yurcon, P.C.

BY: s/ Daniel P. McDyer
Daniel P. McDyer, Esquire
Attorney for Defendants

1300 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219
(412) 765-3700